United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SATISH RAMACHANDRAN,

Plaintiff,

v.

CITY OF LOS ALTOS, et al.,

Defendants.

Case No.18-cv-01223-VKD

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; DENYING ANTI-SLAPP MOTION WITHOUT PREJUDICE**

Re: Dkt. Nos. 59, 60, 61, 62

Plaintiff Satish Ramachandran filed suit against defendants City of Los Altos ("Los Altos"), Kirk Ballard, Greg Anderson, and David Kornfield (collectively, "the original defendants") on February 25, 2018. Dkt. No. 1. On July 18, 2018, Mr. Ramachandran amended his complaint to name Zach Dahl, Jon Biggs, Chris Jordan, Garrett Jones, Jean Mordo, Sergeant Steve Spillman, Officer Eric Bardwell, Officer Jessica Vernon, and Does 9-25 as additional defendants.[1] Dkt. No. 34. The First Amended Complaint ("FAC") asserts the following claims: (1) claim 1 against the original defendants: violation of Mr. Ramachandran's First Amendment right to free speech; (2) claim 2 against all defendants except Messrs. Ballard and Jordan: violation of Mr. Ramachandran's Fourteenth Amendment rights to procedural and substantive due process and equal protection; (3) claim 3 against all defendants: "discrimination – State and Federal"; and (4) claim 4 against all defendants: intentional infliction of emotional distress under California state law. *Id.* This Court has federal question jurisdiction over Mr. Ramachandran's claims under 42 U.S.C. § 1983 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

Defendants filed the following motions: (1) motion to strike the FAC (Dkt. No. 59); (2)

---

[1] All named parties have consented to magistrate judge jurisdiction. Dkt. Nos. 11, 22, 78.

motion to dismiss, or in the alternative, motion for judgment on the pleadings (Dkt. No. 60); (3) request for judicial notice in support of the motion to dismiss (Dkt. No. 61); and (4) special motion to strike pursuant to California's Anti-Strategic Litigation Against Public Participation ("anti-SLAPP") statute, Cal. Civ. Proc. Code § 425.16 (Dkt. No. 62). The parties also filed a joint discovery letter brief (Dkt. No. 64), and defendants filed a motion to vacate or continue the trial dates and related dates in this case (Dkt. No. 67), both of which the Court will address by separate orders.

The Court heard oral argument on defendants' motions on January 22, 2019. Dkt. No. 79. Having considered the parties' briefs and arguments made at the hearing, the Court: (1) grants the motion to strike, (2) grants the motion to dismiss with leave to amend, (3) grants defendants' request for judicial notice, and (4) denies the anti-SLAPP motion without prejudice.

## I. BACKGROUND

### A. Factual Allegations

Mr. Ramachandran moved to the United States from India in 1986. Dkt. No. 34 ¶ 18. In 1993, he purchased a home in Los Altos, California where he lives today. *Id.* Defendants are the City of Los Altos and several of its employees. *Id.* ¶¶ 3-13. Messrs. Kornfield, Ballard, Anderson, and Jones are employees of the city's Community Development Department. *Id.* ¶¶ 20, 27-28. Sgt. Spillman and Officers Bardwell and Vernon are employees of the Los Altos Police Department. *Id.* ¶¶ 39-41, 48-49. Mr. Jordan appears to have been the Los Altos City Manager as of October 2017. Dkt. No. 61, Ex. B at 2.[2] The FAC does not state in what capacity Messrs. Dahl, Biggs, and Mordo are employed by Los Altos.

In 2013, Mr. Ramachandran sought to renovate the patio of his home, for which Messrs. Kornfield and Ballard initially informed him no permit was necessary for that project. *Id.* ¶ 20. However, after Mr. Ramachandran hired a contractor to demolish and replace the patio, Messrs. Kornfield and Ballard informed him that a permit was necessary after all. *Id.* ¶ 21. Mr. Ramachandran says that when he met with Messrs. Kornfield and Ballard to discuss the

---

[2] *See infra* Section III.B.1.

1   inconsistent direction they had given him, they became belligerent and hostile. *Id.* ¶ 22. Mr.

2   Ramachandran says he also discussed the permit requirement with Mr. Anderson, who made

3   discriminatory statements to Mr. Ramachandran, including telling him to "go back to India." *Id.* ¶

4   24. Mr. Ramachandran filed a formal complaint with Los Altos about Mr. Anderson's conduct,

5   but the city did not respond to his complaint. *Id.* ¶ 26.

6        Mr. Ramachandran alleges that between 2013 and 2014, the Los Altos Community

7   Development Department (including its employees Messrs. Kornfield, Ballard, Anderson, and

8   Jones) retaliated against him for complaining about Mr. Anderson's behavior. *Id.* ¶ 27. He says

9   they asked him to comply with permitting requirements with which other residents who had not

10  complained of discrimination were not asked to comply. He also says that Messrs. Ballard and

11  Jones repeatedly refused to accept his patio project plans and arbitrarily changed the project

12  requirements. *Id.* ¶ 28. Mr. Ramachandran's patio project was completed in late 2014 or early

13  2015. *Id.* ¶ 29.

14       In 2016, Mr. Ramachandran's neighbors, the Jacobses, sought to make substantial

15  additions to a storage shed located on the joint fence and property line between their property and

16  Mr. Ramachandran's. *Id.* ¶ 30. The Jacobses also contested the property line itself, claiming that

17  part of Mr. Ramachandran's property actually belonged to them instead. *Id.* Mr. Ramachandran

18  believed that the Jacobses' proposed shed addition did not comply with the city's building code,

19  and he contacted the Community Development Department to express his concerns. *Id.* ¶¶ 30-32.

20  He says Los Altos employees assured him that the city would not approve the Jacobses' project.

21  Despite these assurances, Mr. Kornfield approved the Jacobses' project and—without authority—

22  approved an increase in their lot size, thereby reducing the size of Mr. Ramachandran's lot. *Id.* ¶¶

23  35-36. Mr. Ramachandran says that similar projects for other non-white city residents were not

24  approved in the past, but that the Jacobses, who are white, received preferential treatment. *Id.* ¶

25  35. Mr. Ramachandran attempted to appeal Mr. Kornfield's approval decision, but Mr. Kornfield

26  told him that the decision was final and unappealable. *Id.* ¶ 37.

27       In June 2017, the Jacobses began demolishing the fence along the joint property line. *Id.*

28  ¶ 38. In anticipation of this event, Mr. Ramachandran spoke to unnamed individuals at the Los

Altos Police Department, who informed Mr. Ramachandran that the Jacobses could not enter his land or remove the fence without a court order. *Id.* When the Jacobses proceeded to do just that, Mr. Ramachandran called the police to the scene. *Id.* ¶ 39. Officer Bardwell and Sgt. Spillman refused to intervene and told Mr. Ramachandran not to interfere. *Id.* ¶¶ 39-40. They informed Mr. Ramachandran that if he wanted to stop the Jacobses, he would need a court order to do so. *Id.* ¶ 41.

The Jacobses proceeded to remove the fence, and at one point, Jim Jacobs entered Mr. Ramachandran's property and pushed him. *Id.* ¶ 43. Mr. Ramachandran called the police again, and Sgt. Spillman returned. *Id.* ¶ 44. Sgt. Spillman refused to believe Mr. Ramachandran's account and refused to review the video taken of the incident. *Id.* The police took no action against the Jacobses. *Id.* ¶ 46. Two days after the incident, Mr. Ramachandran went to the hospital for his injuries. *Id.* ¶ 47. A few days later, Officer Vernon contacted Mr. Ramachandran. *Id.* ¶ 48. Mr. Ramachandran provided her a copy of the medical records of his injuries to include in her report to the district attorney, but he says that she intentionally omitted these medical records from her report. *Id.* ¶¶ 48-49. Mr. Ramachandran alleges that Mr. Kornfield or his colleagues contacted the Los Altos Police Department before and after the incident with Mr. Jacobs in an attempt to influence the police department's investigation in retaliation for Mr. Ramachandran's 2013 complaint. *Id.* ¶ 50. He also contends that the officers' conduct contributed to the disparate treatment against Mr. Ramachandran in favor of his white neighbors. *Id.* Mr. Ramachandran says he continued to complain about this treatment, but Los Altos never investigated his complaints and took no action against any of its employees. *Id.* ¶ 51.

Following his dispute with the Jacobses, Mr. Ramachandran says that in September 2017, Mr. Ballard demanded entrance to inspect Mr. Ramachandran's home for violations of the city's building code, asserting that the city had received complaints about the violations. *Id.* ¶ 52. Mr. Ramachandran asked for copies of the alleged complaints, but Mr. Ballard never provided any, and a public records request yielded no such complaints. *Id.* ¶ 53. Mr. Ramachandran says that Mr. Ballard's surprise home inspection was intended to intimidate him and induce him to stop complaining about Los Altos's discrimination against him. *Id.* ¶ 54.

On August 1, 2017 and October 12, 2017, Mr. Ramachandran filed claims with the city invoking the Government Tort Claims Act against Los Altos. *Id.* ¶ 57. Los Altos did not respond to those claims. On October 11, 2017, Mr. Ramachandran also appealed Mr. Kornfield's approval of the Jacobses' permit, but the city did not respond to the appeal. *Id.* However, Mr. Ramachandran says that after he filed his October 2017 appeal, Messrs. Dahl and Biggs proposed to the Los Altos city council that the city eliminate the requirements that prohibited the Jacobses' project. *Id.* ¶ 58. Mr. Ramachandran says that this proposal reflects an effort by Mr. Dahl and his staff, including Messrs. Kornfield, Biggs, and Jordan, to have the city council alter the building code after the fact to justify their prior discrimination against Mr. Ramachandran in favor of the Jacobses. *Id.* ¶ 59.

### B. Procedural Background

Mr. Ramachandran filed this action on February 25, 2018 against Los Altos, and Messrs. Ballard, Anderson, and Kornfield. Dkt. No. 1. The original defendants filed an answer on April 26, 2018. Dkt. No. 12. The original defendants stipulated to Mr. Ramachandran filing a FAC on July 18, 2018, naming as additional defendants Messrs. Dahl, Biggs, Jordan, Jones, and Mordo, Sgt. Spillman, Officer Bardwell, and Officer Vernon (collectively, "the new defendants"). Dkt. Nos. 33, 34. Mr. Ramachandran did not serve the new defendants until November 14, 2018. *See* Dkt. No. 58.

## II. LEGAL STANDARD

### A. Motion to Strike

Before responding to a pleading, a party may move to strike any "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted). A matter is "impertinent" if it "do[es] not pertain, and [is] not necessary, to the issues in question." *Id.* (internal quotation marks omitted). Courts "will strike a claim as redundant when it essentially repeats another claim in the same complaint." *Lamke v. Sunstate Equipment Co., LLC*, 387 F. Supp. 2d 1044, 1047 (N.D. Cal. 2004).

5

1   "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and

2   money that must arise from litigating spurious issues by dispensing with those issues prior to trial

3   . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike

4   are generally disfavored and "should not be granted unless the matter to be stricken clearly could

5   have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352

6   F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). "A court must deny the motion to strike if there is any

7   doubt whether the allegations in the pleadings might be relevant in the action." *Oracle Am., Inc. v.

8   Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1132 (N.D. Cal. 2011). When ruling on a motion to

9   strike, the Court must accept the nonmoving party's allegations as true and liberally construe the

10   attacked pleading in the light most favorable to the nonmoving party. *Stearns v. Select Comfort

11   Retail Corp.*, 763 F. Supp. 2d 1128, 1140 (N.D. Cal. 2010).

12   **B.    Motion to Dismiss**

13   **1.    Rule 12(b)(6)**

14   "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

15   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation

16   Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

17   729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts

18   as true all well-pled factual allegations and construes them in the light most favorable to the

19   plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a

20   complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,

21   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

22   U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

23   facially plausible when it "allows the court to draw the reasonable inference that the defendant is

24   liable for the misconduct alleged." *Id.*

25   Documents appended to the complaint, incorporated by reference in the complaint, or

26   which properly are the subject of judicial notice may be considered along with the complaint when

27   deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 889 F.3d 988, 998 (9th Cir.

28   2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19

(9th Cir. 1990); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. If matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)). A court may take notice of public records, but not of disputed facts stated in public records. *Khoja*, 899 F.3d at 999 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

### 2. Rule 12(c)

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Judgment on the pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)).

The standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6) motion. *Id.* Thus, a court must presume all facts alleged in the complaint as true and determine whether the complaint demonstrates a plausible entitlement to a legal remedy. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007) (discussing the standard for dismissal under Rule 12(b)(6)). It may also consider materials subject to judicial notice without converting the motion into one for summary judgment. *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008).

### C. Anti-SLAPP Motion to Strike

"Anti-SLAPP statutes are designed to allow the early dismissal of meritless lawsuits aimed at chilling expression through costly, time-consuming litigation." *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009) (quotation marks and citation omitted). California's anti-SLAPP statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to

strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). A defendant in federal court may bring an anti-SLAPP motion with respect to California state law claims asserted under either diversity jurisdiction or supplemental jurisdiction. *Jen v. City & Cty. of San Francisco*, No. 15-CV-03834-HSG, 2016 WL 3669985, at *11 (N.D. Cal. July 11, 2016). The anti-SLAPP statute does not apply to claims asserted under federal law. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010).

"The analysis of an anti-SLAPP motion proceeds in two steps." *Barry v. State Bar of California*, 2 Cal. 5th 318, 321 (2017) (quotation marks and citation omitted). At step one, "the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Id.* (quotation marks and citation omitted). When a claim is mixed, meaning that it is based on allegations of both protected and unprotected activity, the unprotected activity is disregarded at the first step. *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016). Only if the Court determines that relief is sought based on protected activity does it reach the second step. *Id.*

At step two, "the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated." *Id.* at 396. The Court "will review anti-SLAPP motions to strike under different standards depending on the motion's basis." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018). "[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Id.* at 834. If the claim is not adequately stated in the operative complaint, the district court may defer consideration of the anti-SLAPP motion pending the filing of an amended complaint. *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091–92 (9th Cir. 2004) (holding that district court did not err in deferring consideration of Covad's anti-SLAPP motion pending receipt of Verizon's first amended complaint, and affirming denial of anti-SLAPP motion to strike first amended complaint).

"[W]hen an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply." *Planned Parenthood*, 890 F.3d at 834. Under that standard, "[t]he court, without resolving evidentiary conflicts, must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment." *Baral*, 1 Cal. 5th at 396. "[I]n such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." *Planned Parenthood*, 890 F.3d at 834.

If the plaintiff ultimately fails to meet its burden at the second step, the claim based on protected activity is stricken and "[a]llegations of protected activity supporting the stricken claim are eliminated from the complaint, unless they also support a distinct claim on which the plaintiff has shown a probability of prevailing." *Baral*, 1 Cal. 5th at 396.

## III.    DISCUSSION

### A.    Defendants' Motion to Strike

Defendants move to strike pursuant to Rule 12(f) Mr. Ramachandran's claim 3 for "federal discrimination" as redundant of his claim 2 for violation of his right to equal protection and due process under the Fourteenth Amendment. Dkt. No. 59. Specifically, defendants seek to strike "and Federal" from page 16, line 21 and "42 U.S.C. section 1983, and equal protection of the law as guaranteed by the United States Constitution" on page 18, lines 4-5 of the FAC. *Id.* at 1.

Mr. Ramachandran does not oppose defendants' motion to strike. Dkt. No. 71. Accordingly, the Court strikes "and Federal" from page 16, line 21 and "42 U.S.C. section 1983, and equal protection of the law as guaranteed by the United States Constitution" on page 18, lines 4-5 of the FAC.

### B.    Defendants' Motion to Dismiss

#### 1.    Request for Judicial Notice

Defendants ask that the Court take judicial notice of two documents: (1) a City of Los Altos Complaint Form that Mr. Ramachandran completed on August 1, 2017, and (2) an October 12, 2017 letter from Mr. Ramachandran purporting to give notice of a government claim pursuant to the Government Tort Claims Act, Cal. Gov't Code § 810 et seq. Dkt. No. 61. Mr.

United States District Court
Northern District of California

Ramachandran does not oppose defendants' request for judicial notice.

Both documents are discussed in the FAC but are not attached to it. Dkt. No. 34 ¶ 57 ("On August 1, 2017 and again on October 12, 2017, Plaintiff filed Government Tort Claims against LOS ALTOS for its actions."). The Court finds that these documents are appropriately noticed for the purpose of the Court's consideration of defendants' motion to dismiss. *See Khoja*, 889 F.3d at 998; *see also Kim v. City of Belmont*, No. 17-cv-02563-JST, 2018 WL 500269 (N.D. Cal. Jan. 22, 2018) (taking judicial notice of plaintiff's tort claim filed pursuant to Cal. Gov. Code §§ 910, 910.2 as referenced in complaint although not physically attached). The Court grants defendants' request for judicial notice.

### 2. Claims 1 and 2: 42 U.S.C. § 1983 Deprivation of First and Fourteenth Amendment Rights

Mr. Ramachandran asserts two claims under 42 U.S.C. § 1983 for deprivation of his constitutional rights. Claim 1 asserts a violation of his First Amendment rights against Los Altos and Messrs. Ballard, Anderson, Kornfield, and Jones.[3] Dkt. No. 34 at 13:19-20. Messrs. Anderson and Jones move to dismiss claim 1 against them based on the statute of limitations, and Los Altos moves to dismiss claim 1 against it for failure to plead sufficient facts to state a plausible claim for relief.

Claim 2 asserts a deprivation of Mr. Ramachandran's Fourteenth Amendment rights against all defendants, with the exception of Mr. Jordan. Dkt. No. 34 at 14:20-22. Messrs. Anderson, Jones, and Mordo move to dismiss claim 2 against them based on the statute of limitations. Los Altos and Messrs. Dahl, Biggs, and Mordo move to dismiss claim 2 against them for failure to plead sufficient facts to state a plausible claim for relief.[4]

---

[3] Los Altos and Messrs. Ballard, Anderson, and Kornfield have already answered Mr. Ramachandran's original complaint (Dkt. No. 12) and now move for judgment on the pleadings under Rule 12(c). Dkt. No. 60 at vi. Because the standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6) motion, this order proceeds in terms of a Rule 12(b)(6) analysis. *Chavez*, 683 F.3d at 1108.

[4] Defendants additionally argue that claim 2 violates Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." They cite to *O'Donnell v. Elgin, J. & E. Ry. Co.*, 338 U.S. 384 (1949) for the proposition that it is improper for Mr. Ramachandran to combine three theories in claim 2 and two theories in claim 3. That case is distinguishable. In *O'Donnell*, the Supreme Court faced two separate claims for relief, general

### a.     Statute of limitations as to Anderson, Jones, and Mordo

The statute of limitations for Mr. Ramachandran's claims under 42 U.S.C. § 1983 is two years. *See Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years.") (internal citations omitted).  Mr. Ramachandran initiated this action on February 25, 2018, rendering any claims for events occurring before February 25, 2016 unactionable (e.g., the events surrounding the patio project).

Defendants argue that the claims against Messrs. Anderson, Jones, and Mordo are time barred.  The only factual allegations in the FAC concerning Mr. Anderson relate to discriminatory statements made some time in 2013.  Dkt. No. 34 ¶¶ 20-27, 65.  Likewise, the only factual allegations involving Mr. Jones concern conduct occurring at the latest in 2014.  *Id.* ¶¶ 27-29, 65.  All of this alleged misconduct occurred more than two years before Mr. Ramachandran filed his complaint.  The FAC does not contain any facts concerning when any alleged wrongful conduct by Mr. Mordo took place.  *See id.* ¶ 70.

Mr. Ramachandran argues that the FAC pleads a continuing violation that renders his claims timely.  Dkt. No. 70 at 4.  To invoke the continuing violations doctrine, a plaintiff must plead the existence of "a systematic policy or practice of discrimination" before and during the statute of limitations period.  *Gutowsky v. Cnty. of Placer*, 108 F.3d 256, 259 (9th Cir. 1997) (quoting *Green v. Los Angeles Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1480 (9th Cir. 1989)); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).  "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) (applying the Supreme Court's *Morgan* decision to section 1983 cases).  Even where acts occur as part of an ongoing

---

negligence and violation of the Safety Appliance Act—not multiple theories supporting a single claim for relief.  338 U.S. at 393 ("[W]e think it almost indispensable to an intelligible charge to the jury that a clear separation of the two kinds of actions be observed and impressed.  The trial court in this case submitted the whole indiscriminately as a negligence case.").  The Court denies defendants' motion to dismiss claim 2 on this ground.

policy or practice, if the "heart of the plaintiffs' complaint does not stem from the policy . . . but rather from the individualized decisions that resulted from implementation of the policy, . . . [t]hese individualized decisions are best characterized as discrete acts, rather than as a pattern or practice of discrimination." *Bey v. City of Oakland*, No. 14-cv-01626-JSC, 2015 WL 8752762, at *6 (N.D. Cal. Dec. 15, 2015) (quoting *Cherosky v. Henderson*, 330 F.3d 1243, 1247–48 (9th Cir. 2003)) (internal quotations omitted). A plaintiff may nevertheless rely on evidence of time-barred acts to establish motive and provide context for acts falling within the statute of limitations period. *Carpinteria Valley*, 344 F.3d at 829 (citing *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002)).

Mr. Ramachandran does not plead any systematic policy or practice of discrimination. The FAC separately pleads distinct acts of alleged discrimination and retaliation over a four-year period and includes only a conclusory assertion that Los Altos and its Community Development Department employees have engaged in "continuing violations." Dkt. No. 34 ¶ 56. These allegations are insufficient to state claims for relief for "continuing" constitutional violations under 42 U.S.C. § 1983, and any claims based on conduct outside the two-year statute of limitations must be dismissed. However, as it does not appear that amendment of these claims would be futile, the Court will give Mr. Ramachandran an opportunity to amend claims 1 and 2 as to Messrs. Anderson, Jones, and Mordo to adequately plead continuing violations against these defendants.[5] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (holding that a court granting a motion to dismiss should permit leave to amend unless it would be clearly futile).

### b.   Failure to allege sufficient facts as to Los Altos, Dahl, Biggs, and Mordo

Defendants also argue that the FAC fails to state claims for violation of Mr. Ramachandran's constitutional rights because he relies impermissibly on a *respondeat superior*

---

[5] At the hearing on the motion to dismiss, Mr. Ramachandran advised the Court that he has identified additional facts and legal theories in support of claims 1 and 2. He did not include any of these new facts or theories in his opposition to defendants' motion. The Court strongly disapproves of such tactics.

theory of liability and does not allege sufficient facts concerning Los Altos's policy or practice of discrimination with respect to claim 1, and because he fails to allege sufficient facts concerning discriminatory acts attributable to Messrs. Dahl, Biggs, and Mordo with respect to claim 2.

To state a claim for relief against a government entity, Mr. Ramachandran must plead facts showing that a "person" acting under color of state law proximately caused a violation of his constitutional or other federal rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A "person" can be a municipality, county, or other local government unit, such as Los Altos. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Jackson v. Barnes*, 749 F.3d 755, 764 (9th Cir. 2015) ("[W]hen a California sheriff's department performs the function of conducting criminal investigations, it is a county actor subject to suit under § 1983."), *cert. denied*, 135 S. Ct. 980 (2015). A local government unit cannot be held responsible for the actions of its employees under a *respondeat superior* theory of liability. *See Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). Therefore, a plaintiff must demonstrate that the alleged constitutional violation was the result of a policy or custom of that local government unit. *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that to impose liability on a local government under section 1983, the plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury); *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1167–68 (9th Cir. 2014) (same).

In the FAC, Mr. Ramachandran appears to rely solely on the contention that Mr. Ballard acted as a "final policymaker" for the Los Altos Community Development Department, such that the city is liable for his conduct. Dkt. No. 34 ¶ 65. However, this claim appears to be based solely on the allegation that Mr. Ballard "led" the department. *Id.* ¶ 28. This pleading is insufficient to state a plausible claim for relief against Los Altos based on the alleged conduct of Mr. Ballard as a "final policymaker." The FAC is otherwise devoid of any facts concerning Los Altos's "official municipal policy," including "decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60–61. On that basis, the Court dismisses claim 1 as to Los Altos for failure to state a claim.

With respect to claim 2, Messrs. Dahl, Biggs, and Mordo contend that the FAC fails to allege that they engaged in any specific conduct that could support a claim for violation of Mr. Ramachandran's Fourteenth Amendment rights. This Court agrees. Mr. Ramachandran's allegations concerning Messrs. Dahl, Biggs, and Mordo are entirely conclusory. Dkt. No. 34 ¶ 70. The FAC alleges that Messrs. Dahl, Biggs, and Mordo acted as "final policymakers" for the Community Development Department, and that Messrs. Dahl and Biggs discriminated against Mr. Ramachandran by applying the Los Altos building code "in an arbitrary, irrational, malicious and capricious manner detrimental to [Mr. Ramachandran's] property rights vis-à-vis his white neighbors" and "selectively enforcing the Building Code with disparate effects on minority residents." *Id.* However, the only factual allegations supporting these assertions are that Messrs. Dahl and Biggs attempted to persuade the city council to amend the city building code, and that Mr. Mordo "aid[ed] and abett[ed] his staff in misleading and misrepresenting existing law to the City Council, Planning Commission, and city residents in order to cover up and justify their arbitrary and discriminatory past practices . . . ." *Id.* ¶¶ 58-60, 70. These conclusory allegations are insufficient to state a claim.

However, as it does not appear that amendment of claims 1 and 2 would be futile, the Court grants leave to amend these claims as to Los Altos and Messrs. Dahl, Biggs, and Mordo to adequately plead facts showing that these defendants acted under color of state law pursuant to the city's policy or practice. *Manzarek*, 519 F.3d at 1031.

### 3. Claim 3: Discrimination under California Constitution art. I, § 7

The Court has granted defendants' unopposed motion to strike a portion of claim 3. *See supra* Section III.A. In addition, defendants move to dismiss the remainder of claim 3 on the ground that article I, section 7 of the California Constitution may not be enforced through a private action for damages.

In *Katzenberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300 (2002), the California Supreme Court held that a private claimant may not sue for damages for violation of the liberty interest protected by article I, section 7, subdivision (a). At the hearing, defendants contended that *Katzenberg* is not limited to violations of a liberty interest, but also encompasses violations of a

14

property interest.  The law is not settled on this point.  *See Timphony v. City of Pasadena*, 669 F. App'x 484, 485 (9th Cir. 2016) (acknowledging California Supreme Court's decision not to recognize a private right of action for damages under state constitutional provision in *Katzenberg*); *Xue Lu v. Powell*, 621 F.3d 944, 951 (9th Cir. 2010) (affirming dismissal of claim for damages under article I, section 7 of California Constitution); *but see Walls v. Central Contra Costa Transit Auth.*, No. C 08-0224 PJH, 2012 WL 581362, at *3 (N.D. Cal. Feb. 22, 2012) ("As *Katzenberg* expressly notes, it is limited to the narrow issue of whether money damages are available in response to a claim for violation of the due process *liberty* interest.  It does not purport to pass on the issue here: whether . . .  money damages generally[] are permissible remedies for violation of the due process property interest.") (emphasis original; internal citation omitted).  The *Katzenberg* court engaged in an extensive analysis leading to its conclusion that no private right of action for damages exists for a violation of article I, section 7, subdivision (a)'s liberty interest, but the parties' briefing does not address that analysis or its relation to an alleged violation of the due process property interest.

It is clear from the FAC that Mr. Ramachandran purports to assert a claim for damages based on a violation of article I, section 7, but it is not clear whether he asserts a violation of a liberty interest or a property interest or both.  Claim 3 is dismissed with prejudice to the extent Mr. Ramachandran seeks damages for a violation of the liberty interest protected by this provision of the California Constitution.  Mr. Ramachandran may amend his complaint to attempt to plead a state law claim for violation of his state constitutional rights that does not suffer from this same defect.

### 4.  Claim 4: Intentional Infliction of Emotional Distress

Mr. Ramachandran asserts claim 4 for intentional infliction of emotional distress against all defendants.  Dkt. No. 34 at 18:13.  All defendants move to dismiss claim 4 on the ground that Mr. Ramachandran failed to comply with the notice requirements of the California Government Tort Claims Act ("GTCA")[6] that are a prerequisite to filing suit.  Additionally, Messrs. Biggs,

---

[6] Defendants refer to this statute in their briefs as the "California Government Claims Act."

Dahl, Jordan, and Mordo, Sgt. Spillman, and Officers Bardwell and Vernon move to dismiss claim 4 for failure to state a claim against them.

### a. California Government Tort Claims Act notice

When a plaintiff brings suit against a California public entity[7] for monetary damages, he or she must comply with the GTCA, Cal. Gov't Code § 810 et seq. With certain exceptions, the GTCA requires the presentation of "all claims for money or damages against local public entities" and public employees in their official capacity. Cal. Gov't Code § 905; *Massa v. Southern Cal. Rapid Transit Dist.*, 43 Cal. App. 4th 1217, 1221–22 (1996) (noting that Cal. Gov't Code § 950.6 "requires a written claim for money or damages for injury be presented to the employing public entity as a prerequisite to suing the agency or any of its employees who are claimed to have acted within their official capacity"). In general, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Cal. Gov't Code § 945.4. "[T]he California Government [Tort] Claims Act, Cal. [Gov't] Code §§ 905, 910, 945.4, as understood by the majority of California appellate courts, require[s a plaintiff to] present his claims for money damages to the City before filing suit." *Klein v. City of Laguna Beach*, 533 F. App'x 772, 774 (9th Cir. 2013); *see also Progressive Solutions, Inc. v. Stanley*, No. 16-cv-04805-SK, 2017 WL 8294287, at *5 (N.D. Cal. Dec. 12, 2017) ("The claims presentation requirement for a [GTCA] claim is a condition precedent to maintaining an action against local public entities, and failure to file a claim is fatal to the cause of action.") (quoting *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 454 (1974)) (internal quotations omitted).

A GTCA notice should:

---

[7] To the extent Mr. Ramachandran asserts claim 4 against defendants in their official capacities as employees of Los Altos, the city would be liable for their acts or omissions. Cal. Gov't Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. A claim need not contain the detail and specificity required of a pleading, but need only 'fairly describe what [the] entity is alleged to have done.' . . . The claim, however, need not specify each particular act or omission later proven to have caused the injury. A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an 'entirely different set of facts.' Only where there has been a 'complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim,' have courts generally found the complaint barred.

*Stockett v. Assoc. of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446–47 (2004). "[T]he factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; . . . the complaint is vulnerable to a [motion to dismiss] . . . if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Progressive Solutions*, 2017 WL 8294287, at *5 (quoting *Fall River Joint Unified Sch. Dist. v. Sup. Ct.*, 206 Cal. App. 3d 431 (1988)).

Mr. Ramachandran submitted a complaint form dated August 1, 2017 to the city.[8] Dkt. No. 61, Ex. A. On October 12, 2017, he followed up on that original complaint by emailing a letter of notice of filing of a government claim to city officials, including Mr. Jordan. *Id.*, Ex. B. That notice letter states that Mr. Ramachandran believed that his August 1 complaint form served as proper notice in compliance with Cal. Gov't Code § 910 and that the October 12 letter was intended to "update" the August 1 complaint or, alternatively, to serve as a standalone notice in itself. *Id.*

Defendants contend that the August 1 and October 12 notices do not provide sufficient notice of the facts that give rise to claim 4 against Los Altos and all other defendants sued in their official capacities. Dkt. No. 60 at 7–8, n.8. They argue that the notices do not list any facts that

---

[8] The complaint form is stamped as received by Los Altos on July 31, 2017, but for the purposes of this motion, the Court accepts the date of the complaint form as Mr. Ramachandran has pled it. Dkt. No. 34 ¶ 57.

could form the basis for a claim for emotional distress. For example, the notices do not mention Mr. Ramachandran's dispute with the city or its employees regarding his patio project, Mr. Anderson's discriminatory remarks, Mr. Ramachandran's other conflicts with the Community Development Department, the June 2017 incident involving the Jacobses, any interactions with Los Altos police officers, or defendants' attempts to persuade the city council to revise the Los Altos building code.

Mr. Ramachandran argues that his two claim notices are sufficient because they provide a general description of the conduct leading to his present claims. Specifically, Mr. Ramachandran cites the October 12 notice, which states: "Discrimination due to ethnic origin, bias, unequal treatment, retaliation, harassment, conspiracy and collusion to contravene the Code and/or apply or enforce it unequally, misconduct, abuse of office, all resulting in damage to my property and its value, my enjoyment of my property, physical & emotional & mental distress, other damages." Dkt. No. 61, Ex. B at 3. This is indeed a very general description of Mr. Ramachandran's claims—so general, in fact, that it fails to provide sufficient notice of bases for his emotional distress claim.

As defendants correctly observe, Mr. Ramachandran's notices do not describe any of the conduct on which he appears to base his claim, except for a discussion of how the Jacobses' project violates the city's building code. Although the notices mention "emotional and mental distress" such that Los Altos arguably was on notice that Mr. Ramachandran might contend it was responsible for that harm, the notices contain no information that would have permitted the city to investigate the bases for Mr. Ramachandran's claim for emotional distress.

Mr. Ramachandran contends that defendants waived any defense regarding the sufficiency of his notices to Los Altos. Specifically, Mr. Ramachandran relies on Cal. Gov't Code § 911, which provides that a public entity waives any defense as to the sufficiency of a claim based upon a defect or omission in the claim as presented if the entity fails to give the complainant notice of insufficiency as to that defect or omission. Section 911 concerns defects or omissions as provided in section 910.8, including a failure to comply with section 910's requirement that a complainant provide their name and address; address where notices should be sent; the date, place and other

18

circumstances of the occurrence giving rise to the claim; a general description of the injury or loss; the name(s) of the employee(s) causing the injury or loss; and the amount claimed if less than $10,000. Mr. Ramachandran's argument, however, misses the point. Because his GTCA claim notices failed to include the facts on which he now relies in support of his emotional distress claim, it is difficult to imagine how Los Altos could have given him notice of the need to include those facts, such that its failure to do so now amounts to a waiver of the notice requirement. *Progressive Solutions*, 2017 WL 8294287, at *9 ("[Plaintiff]'s pre-litigation communications with the City simply did not include the facts relevant to its misappropriation of trade secrets cause of action. Therefore, the City could not have known about its existence until PSI filed its complaint and could not have notified [plaintiff] about any deficiencies with respect to this theory."); *Donohue v. State of California*, 178 Cal. App. 3d 795, 805 (1986) (finding no waiver where "[t]he insufficiency of plaintiff's claim lies in its failure to set forth the factual basis for recovery alleged in the complaint; defendant could not have discovered such defect until plaintiff filed his complaint").

Mr. Ramachandran did not provide the requisite GTCA notice for his claim for intentional infliction of emotional distress. Accordingly, the Court dismisses claim 4. *Progressive Solutions*, 2017 WL 8294287, at *5–6; *Monroe v. City of Richmond*, No. 14-cv-00795-WHO, 2014 WL 2149642, at *3 (N.D. Cal. May 22, 2014) (finding GTCA claim that merely stated that two police officers beat plaintiff insufficient to provide notice of claims for false arrest, violence based on race, and interference with civil rights through threats).

At the hearing, Mr. Ramachandran contended for the first time that he is excused from compliance with the GTCA notice requirement, and he seeks leave to amend claim 4 to so plead. Although the Court is reluctant to credit this belated pitch for leave to amend, the Court cannot conclude on the current pleading that such amendment would be futile. For this reason, the Court grants leave to amend to plead "'facts demonstrating or excusing compliance with the claim presentation requirement.'" *Progressive Solutions*, 2017 WL 8294287, at *6 (quoting *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243 (2004)); *Manzarek*, 519 F.3d at 1031.

### b. Failure to plead sufficient facts as to Biggs, Dahl, Jordan, Mordo, Bardwell, Spillman, and Vernon

Defendants argue that Mr. Ramachandran has failed to state a claim for intentional infliction of emotional distress against Messrs. Biggs, Dahl, Jordan, and Mordo, Sgt. Bardwell, and Officers Spillman and Vernon. To state a claim for intentional infliction of emotional distress, a plaintiff must plausibly allege: "(1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress; (2) suffering of severe or extreme emotional distress by plaintiff; and (3) plaintiff's emotional distress is actually and proximately the result of defendant's outrageous conduct." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1053 (N.D. Cal. 2018) (quoting *Conley v. Roman Catholic Archbishop of San Francisco*, 85 Cal. App. 4th 1126, 1133 (2000)) (internal quotations omitted).

At best, Mr. Ramachandran has only pled the elements of emotional distress in a conclusory fashion. Dkt. No. 34 ¶¶ 79-86. The FAC does not explicitly plead facts showing that defendants intended to cause emotional distress or acted with reckless disregard of the possibility that Mr. Ramachandran might suffer emotional distress, that Mr. Ramachandran suffered any severe or extreme emotional distress, or that defendants' outrageous conduct caused Mr. Ramachandran any emotional distress.

The Court therefore grants Mr. Ramachandran leave to amend to add facts supporting his claim for emotional distress, so long as he possesses a Rule 11 basis for so claiming. He must plead those supporting facts on a defendant-by-defendant basis.

### c. Statute of limitations as to Anderson, Jones, and Mordo

Messrs. Anderson, Jones, and Mordo argue that the statute of limitations bars Mr. Ramachandran's intentional infliction of emotional distress claim as currently pled against them. Dkt. No. 60 at 10–11. Messrs. Anderson, Jones, and Mordo assert that Cal. Gov't Code § 911.2 provides the applicable statute of limitations of six months, which Mr. Ramachandran does not dispute.

Because the Court gives Mr. Ramachandran leave to amend to add facts supporting his claim for emotional distress on a defendant-by-defendant basis, the Court does not reach this argument at this time. The Court also notes that the continuing violations doctrine may also apply

to Mr. Ramachandran's common law claim for emotional distress. *See Murray v. Oceanside Unified School Dist.*, 79 Cal. App. 4th 1338, 1363 (2000).

Defendants may renew their motion to dismiss on statute of limitations grounds if Mr. Ramachandran chooses to amend his emotional distress claim.

### C.      Defendants' Anti-SLAPP Motion

Messrs. Dahl, Biggs, Jordan, and Mordo move to strike Mr. Ramachandran's state law claims (claims 3 and 4) pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, on the ground that those claims arise from acts taken in furtherance of their right of petition and free speech under the U.S. and California Constitutions. Dkt. No. 62. Although the Court dismisses Mr. Ramachandran's state law claims against these defendants on other grounds described above, that dismissal does not necessarily moot all aspects of these defendants' anti-SLAPP motion.

Although defendants sued in federal court may bring anti-SLAPP motions to strike state law claims asserted against them and may be entitled to attorneys' fees and costs when they prevail, the Ninth Circuit has cautioned that "[p]rocedural state laws are not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil Procedure." *Verizon*, 377 F.3d at 1091 (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845–46 (9th Cir. 2001)); *see also Art of Living Found. v. Does*, No. 10-CV-05022-LHK, 2011 WL 2441898, at *9 (N.D. Cal. June 15, 2011) (finding that striking plaintiff's initial complaint where leave to amend was not clearly futile would directly collide with Rule 15's liberal amendment policy). Specifically, the Ninth Circuit has held that "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *See Verizon*, 377 F.3d at 1091. Although Mr. Ramachandran has already amended his complaint once with defendants' consent, Dkt. No. 33, this is the first occasion on which the Court has been asked to adjudicate the sufficiency of his pleading. The Court therefore finds that striking claims 3 and 4 of the FAC without leave to amend as defendants advocate would "directly collide" with Rule 15's liberal amendment policy. *See id.*; *Art of Living*, 2011 WL 2441898, at *9.

In addition, the anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16. If a district court finally dismisses a claim without leave to amend, the court ordinarily must proceed to consider an anti-SLAPP defendant's claim for attorneys' fees. *See Collins v. Allstate Indemnity Co.*, 428 F. App'x 688, 690 (9th Cir. 2011) (finding district court erred in dismissing anti-SLAPP motion as moot after dismissing complaint under Rule 12(b)(6) without leave to amend); *ITN Flix, LLC v. Hinojosa*, 686 F. App'x 441, 445–46 (9th Cir. 2017) ("[I]f the district court grants the anti-SLAPP motion, it should consider whether attorney's fees are proper and it should do so even if it also grants a motion to dismiss."); *Robinson v. Alameda Cty.*, 875 F. Supp. 2d 1029, 1046 (N.D. Cal. 2012) (proceeding to anti-SLAPP analysis "[b]ecause the issue of attorney fees and costs is not rendered moot by a dismissal"). However, because the Court is affording Mr. Ramachandran leave to amend his state law claims as to these defendants, the Court will not decide whether defendants are entitled to attorneys' fees at this time, as an award of fees in this circumstance is likewise inconsistent with Rule 15's liberal amendment policy. *See Verizon*, 377 F.3d at 1091; *Art of Living*, 2011 WL 2441898, at *9.

Accordingly, the Court denies the anti-SLAPP motion and request for fees without prejudice at this time.[9] Defendants may renew their motion if Mr. Ramachandran includes amended state law claims in his second amended complaint. *See Verizon*, 377 F.3d at 1091 ("If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants."); *Version2 Tech., Inc. v. NeilMed Pharms., Inc.*, No. 16-cv-04720-LB, 2016 WL 6611015, at *8 (N.D. Cal. Nov. 9, 2016) (denying anti-SLAPP motion without prejudice to renewing it or to raise a new anti-SLAPP motion, depending on the content of the amended complaint); *Wynn v. Chanos*, 75 F. Supp. 3d 1228, 1231 n.1 (N.D. Cal. 2014) (declining to address merits of defendant's anti-SLAPP motion because complaint was dismissed with leave to amend, but permitting defendant to re-raise the motion after time for pleadings passed or if he otherwise

---

[9] The Court denies defendants' evidentiary objections to the declarations of Mr. Ramachandran and Paul Boethius submitted in support of Mr. Ramachandran's opposition to the anti-SLAPP motion. Dkt. Nos 74-2 and 74-3. Defendants filed their evidentiary objections separately instead of including them in their reply brief as Civil Local Rule 7-3(c) requires.

"prevail[ed]"); *Art of the Living Found.*, 2011 WL 2441898, at \*9 (declining to reach defendants' anti-SLAPP motion in light of dismissal with leave to amend, and permitted defendants to re-raise anti-SLAPP arguments in opposition to any amended complaint).

## IV. CONCLUSION

For the foregoing reasons, the Court (1) grants the motion to strike, (2) grants the motion to dismiss with leave to amend as detailed above, (3) grants defendants' request for judicial notice, and (4) denies the anti-SLAPP motion without prejudice. Mr. Ramachandran may file an amended complaint with respect to the matters on which the Court has given leave to amend. The amended pleading must be filed no later than **February 27, 2019**.

The Court will address the parties' joint discovery letter brief and defendants' motion to vacate or continue the trial dates and other related dates by separate orders.

**IT IS SO ORDERED.**

Dated: February 13, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge