UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SATISH RAMACHANDRAN,<br>Plaintiff,<br>v.<br>CITY OF LOS ALTOS, et al.,<br>Defendants. | Case No.18-cv-01223-VKD<br><br>**ORDER RE DECEMBER 11, 2018 JOINT DISCOVERY LETTER BRIEF**<br>Re: Dkt. No. 64 |

Plaintiff Satish Ramachandran filed suit against defendants City of Los Altos, Kirk Ballard, Greg Anderson, and David Kornfield (collectively, "the original defendants") on February 25, 2018. Dkt. No. 1. On July 18, 2018, Mr. Ramachandran amended his complaint to further name Zach Dahl, Jon Biggs, Chris Jordan, Garrett Jones, Jean Mordo, Sergeant Steve Spillman, Officer Eric Bardwell, Officer Jessica Vernon, and Does 9-25 as additional defendants. Dkt. No. 34.

On September 20, 2018, the original defendants served on Mr. Ramachandran requests for production of documents directed to the claims against them. Dkt. No. 64 at 1. Mr. Ramachandran's discovery responses were due 30 days thereafter, Fed. R. Civ. P. 34(b)(2)(A), but Mr. Ramachandran failed to serve his responses by that deadline. Dkt. No. 64 at 1–2. The parties agreed to an extension of the response and production deadline to November 16, 2018, but the original defendants did not receive any discovery responses on November 16. *Id.* On November 19, 2018, in response to defendants' counsel's inquiry, Mr. Ramachandran's counsel advised defendants' counsel that he had served the responses by mail on November 16 and would re-serve via email. *Id.*; Dkt. No. 75 at 2.

On November 30, 2018, Messrs. Dahl, Biggs, Jordan, and Mordo filed a special motion to

1    strike pursuant to California's Anti-Strategic Litigation Against Public Participation ("anti-

2    SLAPP") statute, Cal. Civ. Proc. Code § 425.16. Dkt. No. 62. That motion was directed solely to

3    the claims asserted against them in Mr. Ramachandran's amended complaint.

4        On December 11, 2018, the original defendants filed a unilateral discovery letter brief,

5    seeking to compel responses to their document requests. Dkt. No. 64. Mr. Ramachandran took

6    the position that he was not required to serve written responses to the original defendants'

7    discovery requests because all discovery was effectively stayed as of the filing of the anti-SLAPP

8    motion. Dkt. No. 66 (citing Cal. Civ. Proc. Code § 425.16(g)).

9        As of January 22, 2019, the original defendants still had not received Mr. Ramachandran's

10   responses by either mail or email. Dkt. No. 75 at 2–3; Dkt. No. 79.

11       The Court held a hearing on several of defendants' motions on January 22, 2019. At the

12   hearing, the Court ordered Mr. Ramachandran to serve his discovery responses to the original

13   defendants' document requests via email by the close of business that same day. Dkt. No. 79.

14   This order memorializes that direction and the reasons for the Court's decision.

15       The filing of Messrs. Dahl, Biggs, Jordan, and Mordo's anti-SLAPP motion to strike Mr.

16   Ramachandran's state law claims as to them does not excuse Mr. Ramachandran's failure to

17   provide timely responses to discovery directed to his federal claims and the original defendants.

18   *Breazeale v. Victim Servs., Inc.*, No. 14-cv-05266-VC, 2015 WL 13687730, at *1 (N.D. Cal. Sept.

19   14, 2015) (rejecting argument that anti-SLAPP automatic stay applies not only to state law claims,

20   but federal claims as well); *Tanedo v. East Baton Rouge Parish School Board*, No. LA CV10-

21   01172 JAK (MLGx), 2012 WL 12920642, at *2–4 (C.D. Cal. Mar. 30, 2012) (declining to apply

22   Cal. Civ. Proc. Code § 425.16(g)'s discovery stay to federal law claims and to claims against

23   defendants who did not file anti-SLAPP motion); *Hilton v. Hallmark Cards*, 599 F.3d 894, 901

24   (9th Cir. 2010) ("[T]he anti-SLAPP statute does not apply to federal causes of action."); *see*

25   *generally Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001) ("Procedural state

26   laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule

27   of Civil Procedure."). Moreover, in view of the Court's dismissal of Mr. Ramachandran's state

28   law claims with leave to amend and its denial without prejudice of the anti-SLAPP motion, Dkt.

No. 82, there is no justification for Mr. Ramachandran to withhold discovery on the grounds he has asserted. Cal. Civ. Proc. Code § 425.16(g) ("The stay of discovery shall remain in effect until notice of entry of the order ruling on the [anti-SLAPP] motion.").

Discovery in this case is not stayed.

Defendants' motion to compel is granted. Mr. Ramachandran has waived any objections to defendants' discovery requests that were not timely asserted; however, if any such waiver would implicate disclosure of attorney-client privilege or attorney work product, Mr. Ramachandran may seek a protective order as to such material from the Court, in accordance with the procedures set forth for discovery disputes in this Court's Standing Order for Civil Cases.

If they have not already done so, the parties shall confer concerning the discovery and production of electronically-stored information and a protocol for exchanging privilege logs.

**IT IS SO ORDERED.**

Dated: February 13, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge