UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SATISH RAMACHANDRAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ALTOS, et al.,<br><br>Defendants. | Case No.18-cv-01223-VKD<br><br>**ORDER CONDITIONALLY GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW; STAY OF ACTION**<br><br>Re: Dkt. No. 98 |

Counsel for plaintiff Satish Ramachandran, Fulvio Cajina, moves to withdraw from representation of Mr. Ramachandran pursuant to Civil Local Rule 11-5. Dkt. No. 98. Defendants do not oppose the motion. The Court heard oral argument on counsel's motion on August 13, 2019. Dkt. No. 101. At the hearing, Messrs. Cajina and Ramachandran disputed the bases for Mr. Cajina's withdrawal, and Mr. Ramachandran indicated that he does not wish Mr. Cajina to withdraw. The Court issued an interim order requiring Mr. Ramachandran and Mr. Cajina to confer about the bases for the motion to withdraw by August 20, 2019 and to submit a status report or reports for in camera review by August 23, 2019. Dkt. No. 103.

Mr. Cajina lodged a status report for in camera review on August 23, 2019.[1] Mr. Cajina's report indicates that Mr. Ramachandran did not cooperate in scheduling a meeting and that therefore Messrs. Cajina and Ramachandran still have not discussed the bases for the motion to withdraw as the Court ordered. Mr. Ramachandran did not submit his own report.

Having considered the parties' moving papers and subsequent in camera submissions, the

---

[1] Mr. Cajina subsequently provided a redacted version of the status report. The Court has reviewed and considered only the redacted version.

Court grants counsel's motion to withdraw, subject to certain conditions set forth below.

## I. LEGAL STANDARD

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Until the client obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the court and from the opposing parties. Civ. L.R. 11-5(b).

The California Rules of Professional Conduct govern withdrawal from representation. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908, 910 (E.D. Cal. 1997). Rule 1.16 describes the circumstances in which an attorney may withdraw from representation. These include situations where "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively" and where "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation." Cal. R. Prof'l Conduct 1.16(b)(4), (5).

Even where circumstances permit withdrawal, counsel may not "terminate a representation until [counsel] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . ." Cal. R. Prof'l Conduct 1.16(d). These steps include (1) giving the client sufficient notice to permit the client to retain other counsel; (2) at the client's request, promptly releasing the client's materials and property to the client; and (3) promptly refunding any part of a fee or expense paid in advance that the lawyer has not earned or incurred. Cal. R. Prof'l Conduct 1.16(d), (e).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL

3702459, at *2 (N.D. Cal. Sept. 15, 2010).

## II. DISCUSSION

Mr. Cajina seeks permission to withdraw from representation on the grounds that Mr. Ramachandran has breached the attorney-client fee agreement and that his conduct has rendered it unreasonably difficult for Mr. Cajina to carry out the representation effectively. Dkt. No. 98 at 4. The Court concludes that Mr. Cajina has provided adequate reasons for withdrawal from representation. Despite the late stage of proceedings in this matter, the Court further concludes that permitting counsel to withdraw will not prejudice the administration of justice, in view of the conditions on withdrawal the Court sets out below.

## III. CONCLUSION

The Court conditionally grants Mr. Cajina's motion and will permit him to withdraw from representation as follows:

(1) All proceedings in this action are STAYED through **September 25, 2019** to allow Mr. Ramachandran an opportunity to obtain new counsel.

(2) If Mr. Ramachandran obtains new counsel, that new counsel must file a notice of substitution by **September 25, 2019**, or Mr. Ramachandran must show good cause why additional time to obtain new counsel is required.

(3) Mr. Cajina shall continue to accept service of papers for the purpose of forwarding them to Mr. Ramachandran until Mr. Ramachandran obtains substitute counsel or until the Court orders otherwise.

(4) Mr. Cajina shall serve a copy of this order on Mr. Ramachandran no later than **August 28, 2019**.

(5) If Mr. Ramachandran does not obtain new counsel by the September 25 deadline, by **September 26, 2019** Mr. Cajina shall file a declaration that identifies Mr. Ramachandran's last known address and certifies that Mr. Cajina has complied with this order.

Upon the filing of a notice of substitution of counsel or receipt of Mr. Cajina's declaration, the Court intends to permit Mr. Cajina to withdraw from representation in this matter and will order

3

further proceedings as necessary.

The parties shall appear for a further case management conference on **October 22, 2019 at 1:30 p.m.**  The parties shall file an updated case management statement by **October 15, 2019**.

If Mr. Ramachandran intends to proceed pro se, the Court encourages him to seek out the assistance of the Federal Pro Se Program, which offers free legal information for pro se litigants. While the Program does not provide legal representation, a licensed attorney may assist Mr. Ramachandran in preparing for the case management conference scheduled for October 22, 2019. The Program's phone number is (408) 297-1480.  More information on the Program is available on the Court's website at https://cand.uscourts.gov/helpcentersj.

Mr. Ramachandran may also wish to consult a manual the Court has adopted to assist pro se litigants in presenting their case.  This manual, as well as other free information for pro se litigants, is available on the Court's website at https://cand.uscourts.gov/pro-se.

**IT IS SO ORDERED.**

Dated: August 26, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge