UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SATISH RAMACHANDRAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ALTOS, et al.,<br><br>Defendants. | Case No. 18-cv-01223-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO FILE FOURTH AMENDED AND SUPPLEMENTAL COMPLAINT**<br><br>Re: Dkt. No. 126 |

Plaintiff Satish Ramachandran sues defendants City of Los Altos ("Los Altos") and individual Los Altos employees for violation of his First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. Dkt. No. 92. Mr. Ramachandran now seeks leave to file a fourth amended and supplemental complaint. Dkt. No. 126. The Court heard oral argument on Mr. Ramachandran's motion on April 7, 2020. Dkt. No. 139.

All parties who have appeared have consented to magistrate judge jurisdiction. Dkt. Nos. 11, 22. Having considered the parties' briefs and the arguments made at the hearing, for the following reasons, the Court grants in part and denies in part Mr. Ramachandran's motion for leave to file a fourth amended and supplemental complaint.

I. **BACKGROUND**

A. **Procedural Background**

Mr. Ramachandran filed this action on February 25, 2018 against Los Altos and its employees Kirk Ballard, Greg Anderson, and David Kornfield. Dkt. No. 1. On July 18, 2018, the parties stipulated to Mr. Ramachandran filing a first amended complaint ("FAC") naming as additional defendants Zach Dahl, Jon Biggs, Christopher Jordan, Garrett Jones, Jean Mordo, Steve

Spillman, Eric Bardwell, and Jessica Vernon. Dkt. Nos. 33, 34. Defendants then moved to dismiss the FAC pursuant to Rule 12(b)(6) and to specially strike the FAC pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16. Dkt. Nos. 60, 62. The Court granted defendants' motion to dismiss with leave to amend and denied defendants' motion to strike without prejudice. Dkt. No. 82. Mr. Ramachandran filed a second amended complaint on February 27, 2019. Dkt. No. 86.

On March 18, 2019, pursuant to stipulation, Mr. Ramachandran filed a third amended complaint ("TAC") dropping some defendants and adding others. Dkt. No. 92. On January 24 and February 19, 2020, Mr. Ramachandran voluntarily dismissed several defendants from the action. Dkt. Nos. 123, 127. He later also dismissed his fourth and fifth state law claims. Dkt. No. 128. The remaining claims and defendants in the operative TAC are:

| Claim | Defendants |
| --- | --- |
| (1) Violation of Mr. Ramachandran's First Amendment rights under 42 U.S.C. § 1983 | Ballard, Kornfield |
| (2) Violation of Mr. Ramachandran's Fourteenth Amendment right to equal protection under 42 U.S.C. § 1983 | Ballard, Kornfield |
| (3) Municipal liability as to Los Altos under *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978) for violation of Mr. Ramachandran's Fourteenth Amendment rights under 42 U.S.C. § 1983 | Los Altos |

### B. Allegations of the Third Amended Complaint

Mr. Ramachandran moved to the United States from India in 1986. Dkt. No. 92 ¶ 18. He has owned a home in Los Altos, California since 1993. *Id*. Defendants are the City of Los Altos and Messrs. Kornfield and Ballard, who are employees of the Los Altos Community Development Department. *Id.* ¶¶ 2-13, 23, 28–29.

In 2013, Mr. Ramachandran erected a shed in his backyard for which he contends no permit from the city was required. *Id.* ¶¶ 25, 35. However, his neighbors, Pamela and James Jacobs, apparently complained to Los Altos officials about the shed. *Id.* ¶ 27. This prompted an unannounced visit to Mr. Ramachandran's home by Greg Anderson, an employee of the Los Altos Community Development Department. *Id.* ¶ 26. Mr. Ramachandran says Mr. Anderson used a

"hostile tone" and made derogatory remarks, including telling him to "go back to India." *Id.* ¶ 27. Mr. Ramachandran filed a formal complaint with Los Altos about Mr. Anderson's conduct, to which Los Altos never responded. *Id.* ¶ 28-29, 33-34.

According to Mr. Ramachandran, beginning after the incident with Mr. Anderson and continuing into 2017, Los Altos and its employees treated Mr. Ramachandran unfairly, made arbitrary and improper demands, and discriminated against him with respect to his attempts to make improvements on his property. The actions of which Mr. Ramachandran principally complains include:

- Making inconsistent and contradictory statements about whether permits were required for certain work on Mr. Ramachandran's property (*id.* ¶¶ 23-25, 31-32);

- Requiring or threatening to require Mr. Ramachandran to pay unnecessary fines (*id.* ¶¶ 31-32, 38-39);

- Requiring Mr. Ramachandran to do or undo certain improvements as a condition for obtaining permits for other unrelated improvements (*id.* ¶¶ 31-32, 35-37);

- Making arbitrary demands and changes to improvement projects, which caused his projects to be delayed (*id.* ¶¶ 41-42);

- Requiring Mr. Ramachandran to comply with permitting requirements with which white residents and others who had not complained of discrimination were not asked to comply (*id.* ¶¶ 44, 46);

- Using the existence of on-going improvement projects or false complaints as a pretext to conduct searches of Mr. Ramachandran's property for unrelated violations (*id.* ¶¶ 48, 83-88, 91-92, 104);

- Strictly enforcing the building code and other improvement requirements for non-white residents, but not white residents (including Mr. Ramachandran's white neighbors, the Jacobses) (*id.* ¶¶ 46, 52, 98-99); and

- Enlisting Los Altos police officers to favor the Jacobses over Mr. Ramachandran after he called for police assistance during a dispute with the Jacobses in June 2017 (*id.* ¶¶ 65-76, 107).

On August 1, 2017 and October 12, 2017, Mr. Ramachandran filed claims against Los Altos under the Government Tort Claims Act. *Id.* ¶¶ 87, 95. Los Altos did not respond to those

claims. *Id.* ¶ 95. On May 28, 2018, Mr. Ramachandran filed a code enforcement complaint concerning the numerous violations he believed existed at the Jacobses' property. *Id.* ¶¶ 98, 46. Los Altos dismissed his complaint, claiming that no violations existed. *Id.* ¶ 99.

The conduct of which Mr. Ramachandran complains continued even after he filed this action. In August 2018, just weeks after Mr. Ramachandran filed the FAC naming additional defendants in this action, Los Altos posted numerous nuisance notices on Mr. Ramachandran's property. *Id.* ¶ 101. On September 2, 2018, Los Altos obtained a search warrant to inspect Mr. Ramachandran's property based on a complaint from the Jacobses. *Id.* ¶ 104. During that inspection pursuant to the search warrant, Los Altos employees purportedly found violations concerning Mr. Ramachandran's kitchen, shed, and garage conversion, even though Los Altos had approved these very projects between 2013 and 2015. *Id.*

On September 7, 2018, Los Altos employees posted six sets of notices ordering Mr. Ramachandran's tenant, who occupied the converted garage, to vacate the property. *Id.* ¶ 105. The notices were signed by Mr. Ballard. *Id.* ¶ 106. Despite being aware that the tenant had already vacated and that no work was being done to Mr. Ramachandran's property, Los Altos employees continued to post notices on the property every day for the next week. *Id.* On September 11, 2018, Mr. Ramachandran removed one of the notices to provide to his attorney. *Id.* ¶ 107. He was immediately stopped by a police officer who had been watching the property. *Id.* The officer cited Mr. Ramachandran with a misdemeanor for removing the notice, despite the fact that five other notices remained posted. *Id.* Los Altos's counsel, Best Best & Krieger LLP, is prosecuting that misdemeanor case in state court. *Id.* ¶¶ 108.

Mr. Ramachandran asserts that Los Altos and its employees have a history, custom, and practice of treating white and non-white residents differently. *Id.* ¶¶ 109. He describes several examples of other residents of Asian or Indian descent who experienced difficulty dealing with Los Altos employees concerning improvements to their properties and who were treated differently than their white neighbors. *Id.* ¶¶ 110-119.

### C. Proposed Fourth Amended Complaint

On February 11, 2020, Mr. Ramachandran filed a motion for leave to file a fourth amended

and supplemental complaint ("proposed 4AC"). The proposed 4AC names five additional defendants: Los Altos City Manager Chris Jordan; Best Best & Krieger LLP ("BBK"), who is counsel to Los Altos and its employees in this action, and BKK attorneys Christopher Diaz and Christina Hickey (collectively, "the BBK defendants"); and Pamela Jacobs, Mr. Ramachandran's neighbor. Dkt. No. 126-1, Ex. B. In addition, the proposed 4AC breaks the *Monell* claim against Los Altos into two parts, adds a claim for conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all defendants, and adds a claim for intentional infliction of emotional distress against Ms. Jacobs. *Id.* ¶¶ 108-128. The claims and defendants in the proposed 4AC are as follows, with proposed amendments indicated in italics:

| Claim | Defendants |
|---|---|
| (1) Violation of Mr. Ramachandran's First Amendment rights under 42 U.S.C. § 1983 | Ballard, Kornfield, *Jordan, BBK, Diaz, Hickey, Jacobs* |
| (2) Violation of Mr. Ramachandran's Fourteenth Amendment right to equal protection under 42 U.S.C. § 1983 | Ballard, Kornfield, *Jordan, Jacobs* |
| (3) Municipal liability as to Los Altos under *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978) for violation of Mr. Ramachandran's Fourteenth Amendment rights under 42 U.S.C. § 1983, *based on a longstanding custom or practice* | Los Altos |
| (4) Municipal liability as to Los Altos under *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978) for violation of Mr. Ramachandran's Fourteenth Amendment rights under 42 U.S.C. § 1983, *based on defendants Ballard, Kornfield, and Jordan's final decision making or final policy making authority* | Los Altos |
| *(5) Conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)-(d)* | *Ballard, Kornfield, Jordan, BBK, Diaz, Hickey, and Jacobs* |
| *(6) Intentional infliction of emotional distress* | *Jacobs* |

The proposed 4AC also includes additional factual allegations. Some of these allegations describe new matters. For example, Mr. Ramachandran alleges that his home contractor, Adam Conchas (on whom Los Altos later relied to justify some of its actions), defrauded Mr. Ramachandran in 2013, conduct for which Mr. Conchas lost his contractor's license and had to

pay restitution. Dkt. No. 126-1, Ex. B ¶¶ 25-28, 90, Ex. A. The proposed 4AC also alleges that the Jacobses have installed 12 cameras pointed at Mr. Ramachandran's property. *Id.* ¶ 66.

Other allegations elaborate on allegations in the TAC. For example, the proposed 4AC includes the text of certain communications—between Mr. Ramachandran and Los Altos employees, between Los Altos employees and Ms. Jacobs, and amongst Los Altos employees themselves—that were described in a more general manner in the TAC. *Id.* ¶¶ 33, 52, 61, 65, 69-73, 79. Mr. Ramachandran says that these communications show a coordinated effort to harm him and reflect the participants' reliance on statements they knew were false.

The proposed 4AC further details coordinated actions taken by Ms. Jacobs, Mr. Ballard, Mr. Diaz, and Ms. Hickey to file and prosecute a formal complaint against Mr. Ramachandran and to obtain a warrant to search his property. Mr. Ramachandran alleges that the Jacobses' attorney mailed a letter on July 3, 2018 to Mr. Diaz, a BBK lawyer representing Los Altos, demanding that Los Altos search Mr. Ramachandran's property based on a list of violations that Mr. Ramachandran says Ms. Jacobs knew did not exist. *Id.* ¶¶ 75, 83-84, Ex. B. Based on that complaint, Mr. Ramachandran says that Mr. Jordan made the final decision to seek a search warrant after consulting with Messrs. Ballard, Biggs, and Diaz as a pretext to search Mr. Ramachandran's property and falsely claim violations to harm Mr. Ramachandran. *Id.* ¶¶ 80, 87. Mr. Ramachandran further alleges that Ms. Hickey, a BBK lawyer representing Los Altos, submitted an ex parte application for a search warrant and supporting memorandum of points and authorities, with an accompanying declaration from Mr. Ballard which both Ms. Hickey and Mr. Ballard knew included false information and omitted material facts. *Id.* ¶¶ 87-88, 89-90. Once Los Altos obtained the warrant and executed the search, Mr. Ballard signed a report identifying purported code violations on Mr. Ramachandran's property that Mr. Ramachandran says did not exist. *Id.* ¶¶ 91-92.

The proposed 4AC also includes additional details concerning Los Altos's posting of notices on Mr. Ramachandran's property and prosecuting him for a misdemeanor for removing one of the notices. Mr. Ramachandran now identifies by name the officer who cited him and says that the officer insisted that replacing the removed notice would not absolve Mr. Ramachandran of

1  the alleged offense. *Id.* ¶ 95. Immediately after issuing the citation, the officer spoke to an
2  unidentified male over the radio, stating, "I on-viewed one, is that good enough?" *Id.* The
3  unidentified male responded, "Exactly. That's all we needed." *Id.* The proposed 4AC also
4  specifies that Ms. Hickey is responsible for prosecuting Mr. Ramachandran's misdemeanor case
5  on behalf of Los Altos. *Id.*

6  Finally, the proposed 4AC includes detailed allegations concerning the other non-white
7  families who experienced discriminatory treatment from Los Altos with respect to developing and
8  renting their properties. *Id.* ¶¶ 99-101.

9  Mr. Ramachandran asserts that the communications, actions taken in connection with the
10 search warrant, and criminal prosecution described above constitute predicate offenses of mail
11 fraud, wire fraud, and obstruction of justice under 18 U.S.C. §§ 1341, 1343, and 1512 in
12 furtherance of a RICO enterprise designed to damage non-white homeowners and unjustly enrich
13 white homeowners. *Id.* ¶¶ 21, 29, 32, 84, 96-97. He also relies on these allegations for his
14 separate state law claim against Ms. Jacobs.

## II.  LEGAL STANDARDS

Mr. Ramachandran principally moves for relief under Rule 15(d) of the Federal Rules of Civil Procedure, which governs supplemental pleadings. The Court may permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). While leave to permit supplemental pleading is favored, such pleading cannot be used to introduce an unrelated claim for relief. *See Planned Parenthood of So. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claims set forth in the existing pleading. *See Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988). Leave to file a supplemental pleading therefore may not be granted where the supplemental pleading involves a new and distinct claim that should be the subject of a separate suit. *See Planned Parenthood*, 130 F.3d at 402 (abuse of discretion to allow plaintiffs to supplement complaint after final judgment to attack newly amended statute); *cf. Griffin v. County Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 226 (1964) (supplemental pleading proper where new transactions not new cause of action, but

merely part of "same old cause of action" originally raised).

Mr. Ramachandran also invokes Rule 15(b) to support his motion to amend. Rule 15(b) permits amendments made to the complaint during and after trial. In particular, Rule 15(b)(2) permits a party to move "to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." Fed. R. Civ. P. 15(b)(2). Rule 15(b) "allows the pleadings to be amended to reflect the actual issues upon which a case was tried." *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1012 (9th Cir. 2004).

Defendants contend that Mr. Ramachandran's motion should be construed as a motion for leave to amend under Rule 15(a). Although Rule 15(a) instructs that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the decision whether to grant leave to amend is committed to the discretion of the district court. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981). Leave need not be granted where the amendment would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### III. DISCUSSION

#### A. Amendment under Rule 15(b) and 15(d)

With respect to Mr. Ramachandran's request to amend to conform to proof under Rule 15(b), defendants object to permitting Mr. Ramachandran to amend on this basis, as trial has not yet occurred. Defendants' objection is well-taken. *Prieto*, 354 F.3d at 1012 ("[Rule 15(b)] "allows the pleadings to be amended to reflect the actual issues *upon which a case was tried*.") (emphasis added). Mr. Ramachandran's motion for leave to amend is not properly brought under Rule 15(b) and is therefore denied on that basis.

With respect to Mr. Ramachandran's request to supplement the operative complaint pursuant to Rule 15(d), defendants do not address that argument directly. The Court observes that "[a] Rule 15(d) motion is meant to allow a plaintiff to include new claims that arose after the filing of the operative [complaint]." *Carlson v. U.S. Postal Serv.*, No. 13-CV-06017-JSC, 2015 WL

1    3902227, at *3 (N.D. Cal. June 24, 2015). The allegations in the proposed 4AC do not concern

2    any events post-dating the TAC filed on March 18, 2019, a point Mr. Ramachandran does not

3    dispute. Dkt. No. 146 at 3:16–4:24; *see generally* Dkt. No. 126-1, Ex. B. Accordingly, Rule

4    15(d) does not apply, and Mr. Ramachandran's motion to supplement is denied on that basis also.

### B. Amendment with Leave of Court under Rule 15(a)(2)

This leaves Mr. Ramachandran's motion under Rule 15(a). Defendants argue that the proposed amendments should not be permitted because Mr. Ramachandran unduly delayed in seeking leave, the amendments would cause undue delay in the case, the amendments would prejudice all defendants, at least some of the amendments are futile, and the motion is brought in bad faith to the extent the amendments name counsel for Los Altos as defendants. Dkt. No. 129 at 9–16. Mr. Ramachandran does not address any of these Rule 15(a) considerations in his opening motion but responds to defendants' arguments in his reply. *See* Dkt. No. 132 at 5–8.

#### 1. Undue delay

Rule 15(a) requires the Court to consider a party's delay in seeking leave to amend, as well as potential delay of proceedings if amendment is allowed. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("A second factor in determining whether the district court properly denied the motion for leave to amend is whether appellants unduly delayed in filing their motion."); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187–88 (9th Cir. 1987); *Avago Techs. U.S. Inc. v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, 2014 WL 12650655, at *7 (N.D. Cal. Dec. 10, 2014). Here, defendants argue the Mr. Ramachandran unduly delayed in seeking leave to amend and that the proposed amendments will unduly delay trial of this case. The Court considers both species of alleged delay.

Defendants correctly observe that Mr. Ramachandran's motion to amend was filed after the close of fact discovery. Moreover, they point out that he was well aware of the facts that form the basis of his new claims and also was well aware of the role of each of the new defendants as early as March 2019, when he filed the TAC. Mr. Ramachandran responds that he had not fully developed the evidence on which his amendments rely until he took the depositions of Mr. Ballard and Ms. Hickey in January 2019.

The Court has closely examined the allegations of the operative TAC as well as defendants' recital of the dates on which Mr. Ramachandran obtained certain documents and other information, none of which Mr. Ramachandran disputes. With limited exceptions, it appears that the facts underlying Mr. Ramachandran's proposed amendments were known to him as of the date he filed the TAC, and that he delayed for nearly a year thereafter to further amend his complaint. There is no justification for this prolonged delay. *Rich v. Shrader*, 823 F.3d 1205, 1209–10 (9th Cir. 2016) (affirming district court's denial of leave to amend complaint for the third time because, among other reasons, plaintiff "has known all of the underlying facts and theories he now wishes to allege since the commencement of the litigation"); *see also Jackson*, 902 F.2d at 1388 ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). The fact that Mr. Ramachandran switched counsel in October 2019 does not excuse his delay. *See Quan v. San Francisco Police Dep't*, No. C 10–01835 MEJ, 2011 WL 2470477, at *4–5 (N.D. Cal. June 21, 2011) ("While Plaintiffs' current counsel may disagree with the pleading his predecessor drafted and filed on behalf of Plaintiffs, a change in representation does not excuse the delay of over a year in seeking to amend the Complaint.").

Defendants also correctly observe that the trial date for this action has been continued twice already, and that Mr. Ramachandran's amendments adding new parties and new claims will require time for additional discovery and a continuance of the trial date. Dkt. No. 129 at 9–10. However, in response to questioning from the Court, defendants conceded that an amendment merely splitting the *Monell* claim into two parts and adding Mr. Jordan as a defendant would not require any additional discovery or a continuance of the trial date. Defendants point out that the BBK defendants and Ms. Jacobs—who have not appeared and were not represented at the hearing—would need an opportunity to challenge the proposed claims against them, and if those challenges were not sustained, they would require an opportunity to take discovery. Mr. Ramachandran acknowledges that, while *he* does not require additional discovery of any defendant, both the existing and new defendants will require an opportunity for additional discovery if all his amendments are adopted, which will in turn require a continuance of the trial

10

1 date.

2 The Court agrees with the parties that the proposed amendments adding claims for
3 conspiracy and intentional infliction of emotional distress and defendants who are not employees
4 of Los Altos will necessarily require, at a minimum, an extension of the schedule to permit
5 additional fact discovery and a continuance of the trial date.  *See, e.g.*, *Zivkovic v. S. Cal. Edison*
6 *Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion for leave to add additional
7 claims filed five days before close of fact discovery and three months before trial because the
8 "requirement of additional discovery would have prejudiced [the defendant] and delayed the
9 proceedings").  In these circumstances, the Court finds that permitting Mr. Ramachandran to add a
10 RICO claim, a claim for intentional infliction of emotional distress, and new defendants who are
11 not Los Altos officials or employees would substantially delay resolution of this case.

12 "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to
13 amend."  *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).  Denying leave to amend on
14 the basis of undue delay is disfavored "[w]here there is a lack of prejudice to the opposing party
15 and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad
16 faith."  *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991)
17 (quoting *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973)).  Accordingly, while
18 Mr. Ramachandran's delay in seeking leave to amend and the delay his amendments would cause
19 if permitted both weigh against permitting the amendments, the Court may not deny relief unless it
20 also finds that defendants would be prejudiced by the amendments, that they would be futile, or
21 that they are sought in bad faith.  *Webb*, 655 F.2d at 980.

### 2. Prejudice

23 Defendants argue that the burden and expense associated with the need for additional
24 discovery and other proceedings if the proposed amendments were allowed, together with a further
25 extension of the trial date, unfairly prejudices them.  Dkt. No. 129 at 14–16.  Mr. Ramachandran
26 responds that whatever prejudice may flow from his proposed amendments results from
27 defendants' own misconduct as alleged in the proposed 4AC, and may not be attributed to him.
28 Dkt. No. 132 at 5–6.

11

The Court has already concluded that Mr. Ramachandran unduly delayed in seeking leave to amend, so his sole argument against a finding of prejudice is unpersuasive. However, a finding of delay does not compel a finding of prejudice. Defendants must explain *why* the delay is prejudicial. *DCD Programs*, 833 F.2d at 187 (party opposing delay has burden of showing prejudice); *Allen v. Bayshore Mall*, No. 12-cv-02368-JST, 2013 WL 6441504, at *4–5 (N.D. Cal. Dec. 9, 2013) (rejecting defendants' assertion of prejudice based on insufficiently specified claim that amendment after close of discovery would prevent them from retaining expert witnesses). At the hearing, defendants principally focused on the need for timely resolution of a case that has been pending for more than two years and their concern about the many amendments Mr. Ramachandran has made over that period. Defendants contend that several witnesses' depositions will likely need to be reopened to permit further examination by the existing defendants and/or the new defendants. These include the depositions of Mr. Ramachandran and members of the alleged conspiracy—Mr. Ballard, Mr. Biggs, Mr. Kornfield, Mr. Jordan, and Ms. Hickey—each of whom has already been deposed based on the claims asserted in the TAC.

At the hearing, defendants conceded that splitting the *Monell* claim into two parts and adding Mr. Jordan as a defendant would not require any further discovery from any party or otherwise disrupt the trial schedule. Dkt. No. 139. The Court agrees. Accordingly, the Court finds no prejudice would result from granting Mr. Ramachandran leave to amend to include the proposed 4AC's two *Monell* claims and Mr. Jordan as a defendant. This absence of prejudice weighs in favor of permitting this amendment.

However, the same cannot be said for Mr. Ramachandran's RICO and emotional distress claims or his request to name BBK, its attorneys, and Ms. Jacobs as defendants. First, these new defendants would be entitled to challenge the claims asserted against them and to conduct their own discovery, which would require reopening depositions and other discovery that have already been completed, and yet another continuance of the trial date. Dkt. No. 117. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Juarez v. Jani-King of Cal., Inc.*, No. 09-cv-03495-YGR, 2019 WL

2548691, at *5–7 (N.D. Cal. June 20, 2019) (denying leave to amend to add two new defendants where at least some new discovery would be required in action that had been pending for over 10 years and where discovery had closed for the second time); *Amiri v. Bay Harbour Care Home*, No. 15-cv-03994-JSC, 2018 WL 783929, at *6 (N.D. Cal. Feb. 7, 2018) (denying leave to amend where plaintiff sought to add new claims seven months after close of fact discovery and two months before trial); *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008) ("Because the originally named defendants could be prejudiced by yet another delay and because of the length of time this case has been pending, the court exercises its discretion in denying plaintiff's motion to add defendants or a separate claim.").

Second, the RICO and emotional distress claims are distinct from the existing claims, even if they rely on some of the same facts. Mr. Ramachandran's proposed RICO claim asserts violations of 18 U.S.C. § 1962(c) and (d). Section 1962(d) prohibits a conspiracy in furtherance of § 1962(c). 18 U.S.C. § 1962(d). A claim under § 1962(c) requires that a defendant participate in the conduct of an enterprise that affects interstate commerce through a pattern of racketeering activity or collection of unlawful debt. *Id.* § 1962(c); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). The misconduct must be the proximate cause of harm to the victim. *Eclectic Props.*, 751 F.3d at 997. The racketeering activity requires predicate acts, which Mr. Ramachandran alleges to be mail and wire fraud under 18 U.S.C. §§ 1341 and 1343 and obstruction of justice under 18 U.S.C. § 1512(c)(2). *Id.*; Dkt. No. 126-1 ¶¶ 21, 29, 32, 84, 96-97. The mail and wire fraud statutes are identical except for the particular method used to disseminate the fraud, and contain three elements: (1) the formation of a scheme to defraud, (2) the use of the mails or wires in furtherance of that scheme, and (3) the specific intent to defraud. *Eclectic Props.*, 751 F.3d at 997 (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir. 1986)). The obstruction of justice statute prohibits the corrupt obstruction, influence, or impeding of any official proceeding or an attempt to do so. 18 U.S.C. § 1512(c)(2). The RICO claim thus shifts the focus of the dispute to the alleged predicate acts and would require specific discovery as to predicate acts not previously at issue in the case.

Similarly, Mr. Ramachandran's intentional infliction of emotional distress claim against

Ms. Jacobs requires him to demonstrate "(1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress; (2) suffering of severe or extreme emotional distress by plaintiff; and (3) plaintiff's emotional distress is actually and proximately the result of defendant's outrageous conduct." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1053 (N.D. Cal. 2018) (quoting *Conley v. Roman Catholic Archbishop of San Francisco*, 85 Cal. App. 4th 1126, 1133 (2000)) (internal quotations omitted). This claim likewise shifts the focus of the dispute from Los Altos and its employees to the individual conduct of an entirely new defendant who is not affiliated with the city.

A district court's discretion to deny leave to amend is "'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). Mr. Ramachandran has already amended his complaint several times. In these circumstances, the combination of delay of the proceedings, the need to reopen discovery, and the proposed addition of new claims that are distinct from the existing claims weighs against permitting Mr. Ramachandran to amend his complaint to add the RICO and emotional distress claims as well as the BBK defendants and Ms. Jacobs. *Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming district court's denial of leave to amend where plaintiff sought to add an unfair business practices claim two weeks before close of discovery, doing so would have required reopening discovery and delaying the action); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding no abuse of discretion in denying leave to amend where the amendment to add RICO claim would "radically shift" the nature of the case and "would have required defendants to have undertaken, at a late hour, an entirely new course of defense," coupled with the fact that the added claim was "tenuous" and plaintiff was guilty of "inordinate delay" in waiting nearly two years to move to amend after action commenced).[1]

---

[1] Defendants also argue that they will be prejudiced if the law firm representing them in this case and its lawyers are named as defendants because such amendment will create a conflict of interest that will require counsel's disqualification. Dkt. No. 129 at 1, 14. This point is not well developed in the record. However, the Court observes that, even without amendment, the factual allegations of the TAC concerning the conduct of BBK and its lawyers are sufficient to require defendants' counsel to carefully examine the ethical duties and responsibilities that arise when a

14

Mr. Ramachandran asserts that if the Court denies his motion to amend, he will simply file a separate action asserting the new claims against the new defendants and then move to consolidate that new action with this one. Dkt. No. 126 at 2. Mr. Ramachandran's proposed separate action has no bearing on the Court's resolution of the pending motion, as its filing would in no way mitigate the prejudice to defendants described above, nor would the Court be required to consolidate a separate action with this one if a separate action were filed.

The Court finds that defendants have not demonstrated any substantial prejudice that would weigh against permitting amendment with respect to Mr. Ramachandran's *Monell* claims and the addition of Mr. Jordan as a defendant. However, the Court is persuaded that defendants have demonstrated they would be prejudiced by the belated addition of the RICO and emotional distress claims and the BBK defendants and Ms. Jacobs as defendants, and this finding weighs against permitting such amendment.

### 3. Futility

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 219 (N.D. Cal. 2012) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). "[D]enial [of a motion to amend] on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Defendants conceded at the hearing that they do not have a basis to claim that the proposed amendments would be futile, although they point out that the new defendants may have grounds to move to dismiss if the amendments are permitted. Based on the record before the Court at this

---

lawyer from counsel's firm is a witness in a case that counsel is defending or when a lawyer's interests potentially become adverse to the client's. *See, e.g.*, Cal. R. Prof. Conduct 1.7, 1.11, 3.7. In any event, the additional prejudice to defendants that may flow from permitting an amendment naming defense counsel's law firm and its lawyers as co-defendants is not the kind of prejudice that would preclude amendment, as such prejudice flows directly from the alleged misconduct rather than from any act or omission by Mr. Ramachandran.

time, the Court concludes that defendants have not shown that any of the proposed amendments would be futile. This consideration weighs in favor of permitting amendment.

### 4. Bad faith

In the context of a motion to amend under Rule 15(a), "bad faith" generally refers to efforts to amend the pleadings late in the litigation in order to obtain an unfair tactical advantage. *E.g.*, *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) (bad faith shown where petitioner sought leave to amend late in the litigation after suffering an adverse ruling); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (amendment disallowed where the delay in amendment was a tactical choice brought specifically to avoid the possibility of an adverse summary judgment ruling).

Here, defendants contend that Mr. Ramachandran acted in bad faith by first raising the issue of amendment (including the possibility of naming defense counsel as parties) "on the eve of a settlement conference" scheduled for February 25, 2020 and after close of fact discovery. Dkt. No. 129 at 13–14. The Court has considered the nature and timing of Mr. Ramachandran's communications with defendants regarding the proposed amendments and does not find that Mr. Ramachandran seeks leave to amend in bad faith. Rather, the record reflects that Mr. Ramachandran's present counsel belatedly identified potential claims and additional defendants that prior counsel had not identified, and sought to include them in the case. While the Court concludes that Mr. Ramachandran's delay is not excused, such delay is not the same as bad faith. This consideration weighs in favor of permitting amendment.

\* \* \*

In sum, the Court concludes that Mr. Ramachandran may amend his complaint to include the two *Monell* claims in the proposed 4AC and to add Mr. Jordan as a defendant. However, the Court concludes that permitting Mr. Ramachandran to belatedly add a civil RICO claim, a state law claim for intentional infliction of emotional distress, and four other defendants would unduly prejudice the existing defendants, and the Court denies the motion as to these claims and defendants.

## IV. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Mr. Ramachandran's leave to file a fourth amended complaint. Mr. Ramachandran may file a fourth amended complaint that includes the two *Monell* claims included in his proposed 4AC and adds Mr. Jordan as a defendant as to the § 1983 claims. He may include the factual allegations in the proposed 4AC to the extent those allegations relate to the permitted claims. Mr. Ramachandran must file the fourth amended complaint by **April 27, 2020**. He may not include any of the other proposed claims or defendants.

Defendants shall respond to the fourth amended complaint no later than 14 days after being served. Fed. R. Civ. P. 15(a)(3).

**IT IS SO ORDERED.**

Dated: April 20, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

17