SCOTT W. DITFURTH, Bar No. 238127
scott.ditfurth@bbklaw.com
CHRISTOPHER M. MOFFITT, Bar No. 255599
chris.moffitt@bbklaw.com
SUNNY H. HUYNH, Bar No. 318012
sunny.huynh@bbklaw.com
BEST BEST & KRIEGER LLP
3390 University Avenue
5th Floor
P.O. Box 1028
Riverside, California  92502
Telephone:     (951) 686-1450
Facsimile:     (951) 686-3083

Attorneys for Defendants
CITY OF LOS ALTOS; KIRK BALLARD;
DAVID KORNFIELD; and CHRISTOPHER
JORDAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATISH RAMACHANDRAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ALTOS, et al.<br><br>Defendants. | Case No.  5:18-cv-01223-VKD<br>Assigned to: Hon. Virginia K. DeMarchi<br><br>**DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY OF GEORGE WOODS, JR., M.D., L.F.A.P.A.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Declaration of Christopher Moffitt*]<br><br>[Fed. R. Evid. 702, 403]<br><br>Hearing<br>Date:      July 14, 2020<br>Time:      10:00 a.m.<br>Ctrm.:      2 |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

1

## NOTICE OF MOTION AND MOTION

2

PLEASE TAKE NOTICE that on July 14, 2020, at 10:00 a.m., in Courtroom 2 of the

3 above-entitled court, Defendants City of Los Altos, Kirk Ballard, David Kornfield, and

4 Christopher Jordan (collectively, "Defendants") will move this Court for an evidentiary ruling

5 regarding the admissibility of any testimony from Plaintiff Satish Ramachandran's ("Plaintiff")

6 purported expert witness George Woods ("Dr. Woods") because: his opinion does not advance "a

7 material aspect of the proposing party's case."

8

This motion is based on Federal Rules of Evidence 702, 403, *Daubert v. Merrell Dow*

9 *Pharmaceuticals* and its progeny, this notice, the accompanying Memorandum of Points and

10 Authorities, the Declaration of Christopher Moffitt and exhibits thereto, papers and records on file

11 in this action, and any further matters presented at the hearing on this motion.

12

13 Dated: June 9, 2020                        BEST BEST & KRIEGER LLP

14

15                                          By: /s/  Christopher M. Moffitt
                                               SCOTT W. DITFURTH
16                                             CHRISTOPHER M. MOFFITT
                                               SUNNY H. HUYNH
17                                             Attorneys for Defendants
                                               CITY OF LOS ALTOS; KIRK
18                                             BALLARD; DAVID KORNFIELD; and
                                               CHRISTOPHER JORDAN
19

20

21

22

23

24

25

26

27

28

1

## I.     **INTRODUCTION**

2       On February 19, 2020, Plaintiff Satish Ramachandran ("Plaintiff") designated George

3   Woods, Jr., M.D., L.F.A.P.A. ("Dr. Woods"), as an expert in this matter.  Included in Plaintiff's

4   disclosure is Dr. Woods' expert report containing his assignment and opinions on this case.  Dr.

5   Woods generally opines that Plaintiff suffers from a stress disorder as the result of cameras and

6   floodlights installed on the property of his neighbors, the Jacobses, and as a result of litigation

7   and his perception that neighbors and the City of Los Altos are mistreating him as a result of his

8   ethnicity and national origin.

9       Defendants City of Los Altos, Kirk Ballard, David Kornfield, and Christopher Jordan

10  (collectively, "Defendants") took Dr. Woods' deposition on May 20, 2020 largely to ascertain

11  how Dr. Woods concluded that Plaintiff's mental condition is attributable to Defendants' actions.

12  In sum, he could not even confirm that Plaintiff's mental condition is grounded in reality, stating:

13          Mr. Ramachandran certainly in his perception has developed a body
            of knowledge that he believes supports him and consequently that
14          could lead itself to the psychological impairment that I see.  Is it
            accurate in the most fact based sense?  Perhaps not.  You know, I
15          can't say, but it's not as though Mr. Ramachandran has just thought
            about it and has said, well, I just feel – I just feel like if this is the
16          way it is and that's how it is.

17          I mean he has – my understanding is that he has talked to other
            nonwhite homeowners in Los Altos.  He's been to their home either
18          by – you know, he's developed a body of knowledge that he
            strongly believes in and that can lend itself to psychiatric disruption
19          even if it's not true.

20      Moreover, Dr. Woods attributes Plaintiff's mental condition to issues not alleged in this

21  lawsuit: cameras on the Jacobses' property, lights shining from the Jacobses' property, and, rather

22  recursively, Plaintiff's filing of this very lawsuit.

23      As a result of Dr. Woods' confounding of issues alleged in this case with those not and his

24  inability to determine whether Mr. Ramachandran's mental condition is the result of Defendants'

25  actions—or is indeed even grounded in reality—Dr. Woods' testimony should be precluded from

26  the trial in this matter.

27  ## II.     **LEGAL STANDARD**

28      The standard for admissibility of expert testimony under Rule 702 of the Federal Rules of

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

DEFENDANTS' MOTION TO PRECLUDE
EXPERT TESTIMONY OF WOODS
5:18-CV-01223-VKD

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

Evidence, announced in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), is an "exacting" standard.  *See Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000).  *Daubert* and Rule 702 establish "a 'gatekeeper' role for the trial court to act as the preliminary adjudicator of whether...the proffered expert evidence [is] admissible."  *DSU Med. Corp. v. JMS Co.*, 296 F. Supp. 2d 1140, 1146 (N.D. Cal. 2003) (quoting *Daubert*, 509 U.S. at 592-593).  "The proponents of the evidence have the burden of proving that their expert witness testimony is admissible pursuant to Rule 702 and the *Daubert* standards."  *Grant v. Bristol-Myers Squibb*, 97 F. Supp. 2d 986, 989 (D. Ariz. 2000) (citing *Daubert v. Merrell Dow Pharms.*, Inc., 43 F.3d 1311, 1316 (9th Cir. 1995) ("*Daubert II*").  The proponent must prove the admissibility of expert testimony by a preponderance of the evidence.  *DSU Med. Corp.*, *supra*, 296 F. Supp. 2d at 1146.

Per Rule 702, an expert may testify if all of the following requirements are met:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.  FED. R. EVID. 702

As the Ninth Circuit has noted, the Supreme Court's *Daubert* decision creates a two-part test.  First, it requires the court to determine if proposed expert testimony reflects "scientific knowledge"—or, as the Ninth Circuit has put it, whether such testimony amounts to "good science."  *Daubert II*, *supra*, 43 F.3d at 1315.  Second, the court must determine if the testimony is "relevant to the task at hand," advancing "a material aspect of the proposing party's case."  *Id.*  The court referred to this latter standard as the "'fit' requirement."  *Id.*

The fit requirement seeks to establish a determination of the proposed testimony's relevance.  The test for relevance under Rule 702 is "higher than bare relevance."  *In Re Paoli R.R Yard PCB Litigation*, 35 F.3d 717, 747 (3rd Cir. 1994); *Daubert II*, *supra*, 43 F.3d at 1321 n17 (explaining that Rule 702's "relevance" requirement is not "merely a reiteration of the general relevancy requirement of Rule 402.")  Accordingly, *Daubert* requires that an expert's

DEFENDANTS' MOTION TO PRECLUDE
EXPERT TESTIMONY OF WOODS
5:18-CV-01223-VKD

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

testimony "fit" such that the opinion is sufficiently tied to the facts of the case so that it will aid the jury in resolving a factual dispute. *Daubert II*, *supra*, 43 F.3d at 1321, n.7; *Daubert*, *supra*, 509 U.S. at 591.

The first requirement, in contrast, is much more involved. Determining what is "good science" is a matter that has received considerable attention and elaboration since *Daubert* was decided. In applying this first requirement, courts have identified several factors for assessing the reliability of scientific testimony. While courts are not confined to applying only such factors, the most familiar are still those that the Supreme Court originally identified in *Daubert*. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). These are: (1) whether the technique underlying the proposed testimony has been tested; (2) whether it has been subject to peer review and publication; (3) whether a rate of error and governing standards have been established for the technique; and (4) whether the technique has been accepted within the relevant scientific community. *Daubert*, 509 U.S. at 512-14. *See*, *e.g.*, *Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017), cert. denied sub nom. *Teva Pharm. USA, Inc. v. Wendell*, 138 S. Ct. 1283, 200 L. Ed. 2d 470 (2018) (articulating these factors, although noting they are not necessarily exclusive).

An expert's opinion should be excluded when it is not based upon sufficient facts or data and is entirely speculative. *See Hilderman v. Enea TekSci, Inc.*, 2010 WL 546140 (S.D. Cal. Feb. 10, 2010) (expert opinion as to plaintiff's unjust enrichment damages excluded by motion in limine because opinion was "not based on sufficient facts or data and is entirely speculative"). Expert testimony must be based on reliable processes or techniques. *In Re Paoli R.R Yard PCB Litigation*, 35 F.3d 717, 742 (3rd Cir. 1994). The expert's opinion must be "based on the methods or procedures of science" rather than on "subjective belief or unsupported speculation." *Daubert*, *supra*, 509 U.S. at 590.

## III.   LEGAL ARGUMENT

Plaintiff's expert witness Dr. Woods should be precluded from offering each of his expert opinions because his opinions do not advance "a material aspect of the proposing party's case."

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

## A.   Dr. Woods' Testimony Is Not a Good "Fit" for This Case

There is no doubt that Dr. Woods is a skilled and capable psychiatrist who has taken some time to evaluate Plaintiff and consider any mental conditions Plaintiff suffers.  At the end of the day, though, Dr. Woods was asked by Plaintiff to opine on two matters, both stated on page 2 of his expert report, attached as Exhibit "A" to the Declaration of Christopher Moffitt ("Moffitt Decl.").  His first task was to determine to a "reasonable degree of scientific certainty whether Mr. Ramachandran has suffered injuries and damage to his physical and mental health and his quality of life as a direct result of the actions of the City of Los Altos *and* Pamela Jacobs…." (*Id.* [emphasis added].)  Thus, an obvious initial problem with Dr. Woods' testimony is that the Jacobses are not parties to this lawsuit.  His second task was to describe the nature, extent, duration, and severity of Plaintiff's damage and injuries.  (*Id.*)

As to the second task, Dr. Woods has opined that Plaintiff has an adjustment disorder resulting in stress, loss of sleep, and other psychological and behavioral symptoms.  However, such a finding completely lacks relevance absent some causal connection between it and the acts or omissions of Defendants.  *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992) ["proper analysis requires us to separate two different issues when a § 1983 claim is asserted against a municipality: (1) whether plaintiff's harm *was caused by a constitutional violation*, and (2) if so, whether the city is responsible for that violation" (emphasis added)]; *see also Ward v. City of San Jose*, 737 F.Supp. 1502 (N.D. Cal. 1990) ["For defendants to be liable under 42 U.S.C. § 1983, there must be proof of an "affirmative link" between the constitutional violation and the injury sustained…."].

As pertains to the necessary causal link between Plaintiff's alleged injuries and Defendants' alleged actions, Dr. Woods is unable to state the existence of such a link.  Broadly speaking, Dr. Woods cannot distinguish the cause of Plaintiff's alleged injuries as between the actions of the City of Los Altos and its employees on the one hand and the actions of Plaintiff's neighbors, who are not defendants in this matter, on the other hand.  (Exhibit "B" to Moffitt Decl., at 87:15-24.)  Indeed, in his report, Dr. Woods specifically indicates that the stress Plaintiff experiences is the result of a "combination of an ongoing legal pressure, exerted by the

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

acrimonious relationship he has with his next door neighbors, the Jacobs, and, *in Mr. Ramachandran's opinion*, the City of Los Altos."  (Exhibit "A" to Moffitt Decl., at p. 64 [emphasis added].)  When asked for clarification about what Dr. woods meant about the stressor being "Mr. Ramachandran's opinion" of his relationship with the City of Los Altos, Dr. Woods stated that he believed "that it is Mr. Ramachandran's belief that the City of Los Altos is the – is one of the causes of his stressor.  For me to come to a conclusion would be for me to weigh the factors and I don't think that's my role.  I think my role is to determine what he sees and how he sees it."  (Exhibit "B" to Moffitt Decl., at 112:16-113:5.)

Moreover, Dr. Woods cannot distinguish the cause of Plaintiff's alleged injuries as between those issues alleged in the operative complaint (i.e., a "real estate dispute with the City") and those issues not alleged in the operative complaint (i.e., cameras and lights on the Jacobses' property).  (*See generally* "Forensic Conclusion" section of Dr. Woods' report, Exhibit "A" to Moffitt Decl., at pp. 67-68.)  Consequently, having considered several facets of the Jacobses' actions in forming his opinion, Dr. Woods is unable to provide any opinion as to Mr. Ramachandran's alleged injury based on the allegations in the operative complaint, which never mentions cameras or privacy, nor lists the Jacobses as defendants.

Most troubling, however, is the fact that Dr. Woods cannot even distinguish the cause of Plaintiff's alleged injuries as between the real and the fictional, stating:

> Mr. Ramachandran certainly in his perception has developed a body of knowledge that he believes supports him and consequently that could lead itself to the psychological impairment that I see.  Is it accurate in the most fact based sense?  Perhaps not.  You know, I can't say, but it's not as though Mr. Ramachandran has just thought about it and has said, well, I just feel – I just feel like if this is the way it is and that's how it is.
>
> I mean he has – my understanding is that he has talked to other nonwhite homeowners in Los Altos.  He's been to their home either by – you know, he's developed a body of knowledge that he strongly believes in and that can lend itself to psychiatric disruption even if it's not true.  (Exhibit "B" to Moffitt Decl., at 86:25-87:14.)

Dr. Woods, in sum, cannot attribute Plaintiff's alleged injuries to acts or omission of the City of Los Altos or its employees; rather—and this is almost certainly a result of the overly broad and inappropriately conflated assignment with which he was tasked—he was able only to

1    determine that Mr. Ramachandran suffers from a mental illness whose causes are myriad.

2    **IV.**    **CONCLUSION**

3        As a result of Dr. Woods' inability to determine to a reasonable degree of certainty that

4    Plaintiff's alleged injuries are the result of Defendants' acts and not, say, the acts of Plaintiff's

5    neighbors or indeed occurrences which actually exist in reality, his opinion does not advance

6    Plaintiff's case, but rather would lead to a confounded trier of fact, ultimately prejudicing

7    Defendants.  For this reason, Dr. Woods' testimony should be precluded.

8

9    Dated: June 9, 2020                              BEST BEST & KRIEGER LLP

10

11                                               By: /s/  Christopher M. Moffitt
                                                     SCOTT W. DITFURTH
12                                                   CHRISTOPHER M. MOFFITT
                                                     SUNNY H. HUYNH
13                                                   Attorneys for Defendants
                                                     CITY OF LOS ALTOS; KIRK
14                                                   BALLARD; DAVID KORNFIELD; and
                                                     CHRISTOPHER JORDAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3390 UNIVERSITY AVENUE, 5TH FLOOR
P.O. BOX 1028
RIVERSIDE, CA 92502

38082.00202\33007550.1                    - 8 -    DEFENDANTS' MOTION TO PRECLUDE
EXPERT TESTIMONY OF WOODS
5:18-CV-01223-VKD