1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8    SATISH RAMACHANDRAN,

Plaintiff,

9

v.

10

11   CITY OF LOS ALTOS, et al.,

Defendants.

12

13

Case No.  18-cv-01223-VKD

**ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS
PURSUANT TO 28 U.S.C. § 1927**

Re: Dkt. No. 185

14        Defendants City of Los Altos and Los Altos employees Kirk Ballard, David Kornfield, and

15   Christopher Jordan move for sanctions against counsel for plaintiff Satish Ramachandran pursuant

16   to 28 U.S.C. § 1927.  Dkt. No. 185.  Having considered the parties' briefs and the arguments made

17   at the hearing, the Court denies defendants' motion.

18   **I.    BACKGROUND**

19        Mr. Ramachandran filed this action against Los Altos and its employees for violation of his

20   First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 in February 2018.  Dkt. No.

21   1.  On October 29, 2019, the Court issued an amended scheduling order setting the deadline for

22   opening expert witness disclosures under Federal Rule of Civil Procedure 26(a)(2) for February

23   19, 2020 and the deadline for rebuttal expert witness disclosures for March 11, 2020.  Dkt. No.

24   117 at 1.

25        On February 11, 2020, Mr. Ramachandran moved for leave to file a fourth amended

26   complaint.[1]  Dkt. No. 126.  In the proposed fourth amended complaint, Mr. Ramachandran sought

27   _____

28   [1] The third amended complaint, which was the operative pleading at the time, asserted three
     claims: (1) violation of Mr. Ramachandran's First Amendment rights under 42 U.S.C. § 1983

*United States District Court
Northern District of California*

United States District Court
Northern District of California

1    permission to (1) name new defendants, including Pamela Jacobs, Mr. Ramachandran's neighbor

2    whom he alleged conspired with Los Altos and its employees to harm him, and (2) add an

3    additional claim for conspiracy in violation of the Racketeer Influenced and Corrupt Organizations

4    Act ("RICO") against all defendants and a claim for intentional infliction of emotional distress

5    against Ms. Jacobs.  Dkt. No. 126-1.

6         On February 19, 2020, Mr. Ramachandran disclosed two experts pursuant to Rule 26(a)(2):

7    Nina Daruwalla and George W. Woods, Jr. and served their opening reports on defendants.  Dkt.

8    No. 185-1, Ex. B.  Ms. Daruwalla, a realtor, provided an opinion on the value of Mr.

9    Ramachandran's property.  *Id.*, Ex. B at Ex. A.  Dr. Woods provided an opinion on Mr.

10   Ramachandran's mental condition.  *Id.*, Ex. B at Ex. B.  On March 11, 2020, defendants disclosed

11   one expert witness to rebut Ms. Daruwalla's opinion, Bradford Thompson.  *Id.*, Ex. F.

12        On April 20, 2020, the Court granted in part and denied in part Mr. Ramachandran's

13   motion to for leave to file the fourth amended complaint.  Dkt. No. 147.  The Court found that

14   permitting the addition of new defendants (except for Mr. Jordan) and the RICO and emotional

15   distress claims would require re-opening discovery, resulting in substantial delay in the resolution

16   of this action.  *Id.* at 9–15.  Thereafter, the Court granted the parties' stipulation to extend the close

17   of expert discovery and the deadline for hearing *Daubert* motions.  Dkt. No. 152.

18        Defendants deposed Ms. Daruwalla on May 15, 2020 and Dr. Woods on May 19, 2020.

19   Dkt. No. 185-1, Ex. H.  Mr. Ramachandran did not depose defendants' expert, Mr. Thompson.  *Id.*

20   ¶ 8.

21        On June 3, 2020, Mr. Ramachandran filed a new action asserting the RICO and emotional

22   distress claims and naming the defendants the Court did not permit him to add by amendment in

23   this action.  *Ramachandran v. Best Best & Krieger LLP*, Case No. 20-cv-03693 NC (N.D. Cal.)

24   ("the RICO action").  Mr. Ramachandran moved to relate the RICO action to this one.  Dkt. No.

25

26   _____

27   against Messrs. Ballard and Kornfield, (2) violation of Mr. Fourteenth Amendment rights under 42
     U.S.C. § 1983 against Messrs. Ballard and Kornfield, and (3) municipal liability as to Los Altos
     under *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978) for violation

28   of Mr. Ramachandran's Fourteenth Amendment rights under 42 U.S.C. § 1983.  Dkt. No. 92; *see
     also* Dkt. Nos. 123, 127, 128.

1   179.  The Court ultimately denied that motion because, among other reasons, Mr. Ramachandran

2   declined magistrate judge jurisdiction in the RICO action.  Dkt. No. 183.

3          On June 9, 2020, defendants filed motions in limine to exclude the expert opinions of Ms.

4   Daruwalla and Dr. Woods from evidence at trial.  Dkt. Nos.  174, 175.  On June 17, 2020, Mr.

5   Ramachandran's counsel emailed defense counsel requesting that defendants withdraw their

6   motions in limine.  Counsel explained the reason for the request as follows:

7                  Both Dr. Woods and Ms. Daruwalla were retained as experts for the
                   conspiracy case, which we sought to include in this case, i.e. 5:18-
8                  cv-01223-VKD.  You successfully opposed our motion.
                   Consequently, Plaintiff hereby notifies you that he is withdrawing
9                  both Dr. Woods and Ms. Daruwalla as expert witnesses in this case.

10  Dkt. No. 188-5 at 1.  Based on this representation, defendants withdrew their motions in limine.

11  *Id.*; Dkt. Nos. 177.  However, defendants demanded that Mr. Ramachandran's counsel reimburse

12  them for "all costs and fees associated with Defendants' review of Plaintiff's expert reports, the

13  retention of Defendants' rebuttal expert, Defendants' preparation for and taking of the depositions

14  of Plaintiff's experts, and the research and drafting of Defendants' *Daubert* motions," which

15  defendants had incurred unnecessarily.  Defendants advised that they intended to seek sanctions

16  pursuant to 28 U.S.C. § 1927 if they were not reimbursed for these expenses.  Dkt. No. 188-1, Ex.

17  I at 5–6.

18         Mr. Ramachandran's counsel declined to reimburse defendants for their expenses and

19  disputed the assertion that sanctions were warranted.  *Id.*, Ex. J at 3–4.  This motion followed.

20  Dkt. No. 185.

21  **II.      LEGAL STANDARD**

22          "Any attorney or other person admitted to conduct cases in any court of the United States

23  or any Territory thereof who so multiplies the proceedings in any case unreasonably and

24  vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

25  attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  A finding of

26  unreasonable and vexatious conduct may be premised on a showing of recklessness or bad faith,

27  but bad faith is not required.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002)

28  (citing *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001)).  The statute does not authorize

United States District Court
Northern District of California

1    sanctions against a party.[2]

2    **III.    DISCUSSION**

3             Defendants seek sanctions against Mr. Ramachandran's counsel for (1) disclosing Ms.

4    Daruwalla and Dr. Woods as expert witnesses on February 19, 2020, before Mr. Ramachandran

5    had obtained leave to amend his complaint, and (2) not immediately withdrawing these expert

6    witnesses once the Court denied Mr. Ramachandran's motion to amend the complaint.  Dkt. No.

7    185 at 5–6.  Defendants say that this conduct unreasonably and vexatiously multiplied the

8    proceedings in this action, causing them to incur unnecessary expenses of $39,400.23 for expert

9    deposition costs, expert fees for defendants' rebuttal expert, and attorneys' fees associated with

10   expert depositions, a rebuttal expert report, and preparation of motions in limine.  *Id.* at 10.

11   Defendants seek an additional $3,800 in expert fees incurred in connection with the depositions of

12   Mr. Ramachandran's experts ($875 for Ms. Daruwalla and $2,925 for Dr. Woods).  *Id.*

13            The Court first considers defendants' argument that Mr. Ramachandran should never have

14   disclosed Ms. Daruwalla and Dr. Woods as expert witnesses in the first place.  Defendants argue

15   that if these experts were engaged solely to support Mr. Ramachandran's RICO conspiracy claim,

16   their disclosure was entirely speculative and based on the unwarranted assumption that the Court

17   would permit an amendment adding the RICO claim to the case.  *Id.* at 5.  Mr. Ramachandran's

18   counsel responds that, given the case management schedule, Mr. Ramachandran was required to

19   disclose his experts before the Court decided his motion for leave to amend the complaint.  Dkt.

20   No. 188 at 4.

21            Given the case management schedule, the Court agrees it was not unreasonable for Mr.

22   Ramachandran to disclose Ms. Daruwalla and Dr. Woods in the hope that he would be successful

23   in amending his complaint.  Preferably, Mr. Ramachandran's counsel would have been transparent

24   with defendants that these experts were expected to provide testimony solely for a claim that was

25

26   _____

27   [2] Defendants argue for the first time in their reply brief that the Court also should award sanctions
     under its inherent authority.  *Compare* Dkt. No. 185 *with* Dkt. No. 189 at 2.  The Court will not
     consider arguments raised for the first time on reply.  *See, e.g.*, *United States v. Romm*, 455 F.3d

28   990, 997 (9th Cir. 2006) (declining to consider an issue first raised on reply because "'arguments
     not raised by a party in its opening brief are deemed waived'").

1   not yet part of the case, but this lack of professional courtesy does not rise to the level of bad faith

2   or recklessness.

3       The Court next considers defendants' argument that Mr. Ramachandran's counsel behaved

4   recklessly or in bad faith when they failed to withdraw Ms. Daruwalla and Dr. Woods as experts

5   once the Court denied Mr. Ramachandran's motion for leave to amend the complaint and declined

6   to relate this action to the RICO action.  Defendants argue that it should have been apparent as of

7   April 20, 2020 (the date of the Court's decision denying the motion to amend), that these two

8   experts were no longer needed.  Dkt. No. 185 at 6.  According to defendants, they incurred

9   approximately $18,464.73 in fees and costs after that date[3] that could have been avoided, but for

10   Mr. Ramachandran's counsel's misconduct.  *See id.* at 10.  Mr. Ramachandran's counsel responds

11   that the experts' testimony "did not become irrelevant by virtue of the decision to deny plaintiff's

12   motion to amend this complaint to add a RICO claim" because the testimony could have been

13   used to support Mr. Ramachandran's damages claim.  Dkt. No. 188 at 9–10.  Counsel asserts that

14   Mr. Ramachandran ultimately chose to withdraw these experts because when faced with

15   defendants' motion in limine, they concluded that it would be impossible to apportion damages

16   between Los Altos and its employees on the one hand, and Ms. Jacobs on the other.  *Id.*; Dkt. No.

17   188-1 ¶ 5.

18       Mr. Ramachandran's counsel's conduct here is more troubling.  Their present explanation

19   for the timing of the withdrawal of the experts is inconsistent with their June 17, 2020

20   communication to defense counsel stating that the experts were retained for the RICO conspiracy

21   claim only.  Dkt. No. 188-5 at 1; *see also* Dkt. No. 188-1 ¶ 4 ("I retained Ms. Daruwalla

22   anticipating that the motion to amend the complaint to add Pamela Jacobs would be granted or,

23   alternatively, a new Section 1983 action would be filed naming Ms. Jacobs as a co-conspirator

24   with City actors - Kirk Ballard, David Kornfield and Chris Jordan."); Dkt. No. 188-2 ¶ ("I retained

25   the services of Dr. George W. Woods, Jr. as a forensic neuropsychiatrist to undertake an expert's

26

27   _____

     [3] Defendants disclosed Mr. Thompson as a rebuttal expert witness to Ms. Daruwalla and served
28   Mr. Thompson's rebuttal report on March 11, 2020.  Dkt. No. 185 at 2.  Mr. Thompson's expert
     fees were therefore incurred well before April 20, 2020.

United States District Court
Northern District of California

evaluation of Mr. Ramachandran's situation and condition because I believe I had a professional obligation to do so.").  Giving Mr. Ramachandran's counsel the benefit of the doubt, it appears to the Court that they were not completely forthcoming with defense counsel about the reason for withdrawing these experts—namely, they realized upon review of defendants' motion in limine that Mr. Ramachandran could not prevail on the merits of that motion but wished not to acknowledge it.  If so, such conduct also does not meet the Court's expectations of how counsel should comport themselves with respect to communications with opposing counsel.  *See* Northern District of California Guidelines for Professional Conduct[4] No. 18.b ("A lawyer should not make statements which are false, misleading, or which exaggerate . . . .").  However, the Court also finds that this course of conduct does not rise to the level of bad faith or recklessness.  In fact, Mr. Ramachandran's capitulation on the motion in limine likely saved defendants considerable expense: they succeeded in eliminating two of Mr. Ramachandran's experts on the strength of their motion, without having to prepare for and participate in a hearing.  Concession in the face of a meritorious motion is to be encouraged, not sanctioned.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies defendants' motion for sanctions.

**IT IS SO ORDERED.**

Dated: December 30, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge

_____

[4] Available on the Court's website at https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/.

United States District Court
Northern District of California

6