UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SATISH RAMACHANDRAN,

Plaintiff,

v.

CITY OF LOS ALTOS, et al.,

Defendants.

Case No.  18-cv-01223-VKD

**ORDER CONDITIONALLY GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**

Re: Dkt. No. 234

Counsel for plaintiff Satish Ramachandran move to withdraw from representation of plaintiff pursuant to Civil Local Rule 11-5.  Dkt. No. 234.  Defendants do not oppose the motion but do object to any continuance of the trial date.  Dkt. Nos. 237, 244.   At the request of all parties and given the proximity of trial, the Court held a case management conference and hearing regarding plaintiff's counsel's motion on expedited basis on August 26, 2021.  Dkt. No. 238.  Mr. Ramachandran personally attended the conference and advised the Court that he does not oppose his counsel's withdrawal.  *Id.*

Having considered the parties' submissions and arguments, the Court grants counsel's motion to withdraw, subject to certain conditions set forth below.

I.      **BACKGROUND**

Mr. Ramachandran filed this action on February 25, 2018; the operative fourth amended complaint was filed on April 27, 2020.  Dkt. Nos. 1, 153.  On January 1, 2021, the Court granted in part and denied in part defendants' motion for summary judgment.  Dkt. No. 199.  The only claims remaining are Mr. Ramachandran's first and fourth claims for violation of his First Amendment rights against defendants Ballard, Jordan, and the City of Los Altos.  *Id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

1         Plaintiff's counsel have represented Mr. Ramachandran since about October 2019.  Dkt.

2    No. 233-1 ¶ 2.  Mr. John Houston Scott states that during the course of representation, Mr.

3    Ramachandran's conduct has made it "unreasonably difficult" for him and his co-counsel to

4    represent Mr. Ramachandran effectively, and that "[t]he frequency and degree of difficulty has

5    increased dramatically over the past three months."  *Id.* ¶ 3.  According to Mr. Scott, "[t]he

6    difficulties culminated on August 2, 2021," at which time he advised Mr. Ramachandran of his

7    and co-counsel's intent to withdraw.  *Id.* ¶ 4.  Mr. Scott advises that Mr. Ramachandran has asked

8    Mr. Scott to stop communicating with Mr. Ramachandran.  *Id.* ¶ 6.  At the Court's request,

9    plaintiff's counsel made a further submission in support of their motion to withdraw.  Dkt. No.

10   243.

11        At the hearing, Mr. Ramachandran advised the Court that he believes that he no longer has

12   an effective relationship with his counsel and he does not wish for them to represent him in this

13   action.  He stated that he is attempting to obtain new counsel, but given the timing of his counsel's

14   motion to withdraw, he does not have time to obtain counsel before October 18, 2021, the date

15   trial is set to commence.  Mr. Ramachandran was permitted to submit his own written statement to

16   the Court following the August 26, 2021 hearing, so long as he did not discuss the merits of the

17   case or reveal any attorney-client privileged communications.  Dkt. Nos. 239, 240.  Mr.

18   Ramachandran made a submission on September 3, 2021.  A cursory glance at the submission

19   revealed that it did not comply with the Court's order.  For this reason, the Court has not reviewed

20   Mr. Ramachandran's submission and will not consider it.[1]

21        Citing the fact that proceedings, including trial, have been delayed on prior occasions,

22   defendants strenuously object to any further delay of trial but do not otherwise object to plaintiff's

23   counsel's withdrawal.  Dkt. Nos. 237, 244.

24   **II.      LEGAL STANDARD**

25        Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved

26   by order of Court after written notice has been given reasonably in advance to the client and to all

27

28   _____

[1] The submission has been sealed such that no party may view the documents within.

United States District Court
Northern District of California

1   other parties who have appeared in the case."  Until the client obtains other representation,

2   motions to withdraw as counsel may be granted on the condition that current counsel continue to

3   serve on the client all papers from the court and from the opposing parties. Civ. L.R. 11-5(b).

4       The California Rules of Professional Conduct govern withdrawal from representation.

5   *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional

6   Conduct to attorney withdrawal); *see also Dieter v. Regents of Univ. of Cal.*, 963 F. Supp. 908,

7   910 (E.D. Cal. 1997).  Rule 1.16[2] describes the circumstances in which an attorney may withdraw

8   from representation, including where "the client . . .  renders it unreasonably difficult for the

9   lawyer to carry out the representation effectively."  Cal. R. Prof'l Conduct 1.16(b)(4).

10      Even where circumstances permit withdrawal, counsel may not "terminate a representation

11   until [counsel] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of

12   the client . . . ."  Cal. R. Prof'l Conduct 1.16(d).  These steps include (1) giving the client

13   sufficient notice to permit the client to retain other counsel; (2) at the client's request, promptly

14   releasing the client's materials and property to the client; and (3) promptly refunding any part of a

15   fee or expense paid in advance that the lawyer has not earned or incurred.  Cal. R. Prof'l Conduct

16   1.16(d), (e).

17      The decision to permit counsel to withdraw is within the sound discretion of the trial court.

18   *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  Courts consider several factors

19   when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2)

20   the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal

21   might cause to the administration of justice; and (4) the extent to which withdrawal will delay

22   resolution of the case."  *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL

23   3702459, at *2 (N.D. Cal. Sept. 15, 2010).

24   **III.     DISCUSSION**

25      The Court is persuaded that plaintiff's counsel can no longer fairly, effectively, and

26

27   ───────────────
[2] Formerly Rule 3-700.  *See* http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-

28   of-Professional-Conduct (noting that new Rules of Professional Conduct became effective
November 1, 2018).

1    ethically represent Mr. Ramachandran in this matter.  However, plaintiff's counsel did not give

2    Mr. Ramachandran adequate notice of their intent to withdraw.  Counsel advised Mr.

3    Ramachandran of their intent to withdraw on August 2, 2021, less than a week after the parties'

4    most recent efforts to settle the case proved unsuccessful, and filed their motion only 17 days later,

5    a few days before the parties were to begin exchanging pretrial materials.  This timing is highly

6    prejudicial to Mr. Ramachandran.

7        Defendants' objections regarding delay are well taken.  The timing of plaintiff's counsel's

8    request to withdraw will require the Court to continue the trial yet again.  If the Court were

9    persuaded that Mr. Ramachandran had engineered a disruption in the relationship with his current

10   counsel in order to delay trial of this matter, the Court would not countenance any further delay.

11   However, the Court is not so persuaded.  Indeed, plaintiff's counsel's most recent submission

12   confirms the Court's assessment that Mr. Ramachandran is not solely responsible for the apparent

13   breakdown in his relationship with counsel.  That submission, which attempts to relitigate the

14   merits of the summary judgment motion and disparages opposing counsel (and the Court), is both

15   unhelpful and unprofessional.  While defendants' desire to "close the books on this protracted

16   litigation" is understandable, the prejudice to defendants from a further delay of trial does not

17   carry as much weight as the prejudice to Mr. Ramachandran if he does not have an adequate

18   opportunity to obtain substitute counsel before trial.

19       The Court concludes that plaintiff's counsel must be permitted to withdraw, and that the

20   Court must continue the trial of this matter to avoid leaving Mr. Ramachandran unrepresented on

21   the eve of trial.

22   **IV.    CONCLUSION**

23       The Court conditionally grants plaintiff's counsel's motion and intends to permit counsel

24   to withdraw from representation as follows:

25       (1) All proceedings in this action are stayed until **September 27, 2021**.

26       (2) Substitute counsel for plaintiff shall enter an appearance no later than **September 27,**

27       **2021**.

28       (3) Plaintiff's counsel shall continue to accept service of papers for the purpose of

United States District Court
Northern District of California

forwarding them to plaintiff until plaintiff obtains substitute counsel or until the Court orders otherwise.

(4) Plaintiff's counsel shall serve a copy of this order on plaintiff no later than **September 9, 2021**.

(5) If plaintiff does not obtain new counsel by **September 27, 2021**, Mr. Scott shall file a declaration that identifies the last known address for plaintiff and certifies that he has complied with this order.

Upon the filing of a notice of substitution of counsel or receipt of Mr. Scott's declaration, the Court intends to permit plaintiff's counsel to withdraw from representation in this matter and will order further proceedings as necessary.  The Court expects to continue the trial of this matter to **December 13-19, 2021**; the parties shall plan accordingly.

The parties shall appear for a further case management conference on **September 28, 2021 at 1:30 p.m.**

**IT IS SO ORDERED.**

Dated: September 7, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge