UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SATISH RAMACHANDRAN,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF LOS ALTOS, et al.,<br><br>   Defendants. | Case No. 18-cv-01223-VKD<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AND SETTING FURTHER PROCEEDINGS**<br><br>Re: Dkt. No. 254 |

Counsel for plaintiff Satish Ramachandran moves to withdraw from representation of plaintiff pursuant to Civil Local Rule 11-5. Dkt. No. 254. Defendants do not oppose the motion but do object to another delay of the trial date. Dkt. No. 257. Plaintiff's counsel filed a reply to defendants' response. Dkt. No. 258. The Court held a hearing on the motion to withdraw on November 9, 2021. Dkt. No. 259. Mr. Ramachandran attended the hearing. *Id.*

Having considered the parties' submissions and arguments, the Court grants counsel's motion to withdraw. The Court continues the trial date and sets further proceedings, as noted below.

**I.     BACKGROUND**

Mr. Ramachandran filed this action on February 25, 2018; the operative fourth amended complaint was filed on April 27, 2020. Dkt. Nos. 1, 153. On January 1, 2021, the Court granted in part and denied in part defendants' motion for summary judgment. Dkt. No. 199. The only remaining claims are Mr. Ramachandran's first and fourth claims for violation of his First Amendment rights against defendants Ballard, Jordan, and the City of Los Altos. *Id.*

On July 22, 2019, Mr. Ramachandran's first counsel asked for permission to withdraw

from representation. Dkt. No. 98. The Court permitted counsel to withdraw on the grounds that Mr. Ramachandran had breached his agreement with counsel and had engaged in conduct that rendered it unreasonably difficult for counsel to effectively represent him. Dkt. Nos. 104, 108. The Court continued the trial date, and new counsel appeared in the action in October 2019. Dkt. Nos. 116, 117.

On August 19, 2021, Mr. Ramachandran's second counsel moved to withdraw from representation. Dkt. No. 233. On September 7, 2021, this Court conditionally granted the motion. Dkt. No. 246. For reasons stated in that order, the Court was persuaded the plaintiff's counsel could no longer fairly, effectively, and ethically represent Mr. Ramachandran. *Id.* at 3–4. New counsel appeared in the action on September 27, 2021, and the Court again continued the trial date. Dkt. Nos. 248, 250.

Plaintiff's third counsel, Subodh Chandra, now asks to withdraw from representation, citing an irreparable breakdown in the attorney-client relationship between counsel and Mr. Ramachandran, and counsel's inability to comply with his professional obligations to ethically litigate plaintiff's claims in this case, in view of the course of action demanded by Mr. Ramachandran. Dkt. No. 254. Mr. Chandra advises that, at Mr. Ramachandran's request, he has already taken steps to send the case file and trial preparation materials to Mr. Ramachandran. Dkt. No. 259.

At the hearing, Mr. Ramachandran advised the Court that while he does not necessarily agree with Mr. Chandra's description of the matters cited in support of the motion to withdraw, he does agree that the representation cannot continue and that Mr. Chandra should be permitted to withdraw. Dkt. No. 259.

## II.     LEGAL STANDARD

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Until the client obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the court and from opposing parties. Civ. L.R. 11-5(b).

The California Rules of Professional Conduct govern withdrawal from representation. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also Dieter v. Regents v. Univ. of Cal.*, 963 F. Supp. 908, 910 (E.D. Cal. 1997). Rule 1.16(b)[1] describes the circumstances in which an attorney may withdraw from representation, including where "the client insists on presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law," Cal. R. Prof'l Conduct 1.16(b)(1), and where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively," Cal. R. Prof'l Conduct 1.16(b)(4). Rule 1.16(a) further provides that a lawyer "shall withdraw from the representation of a client if "the lawyer knows[] or reasonably should know[] that the representation will result in a violation of these rules or of the State Bar Act." Cal. R. Prof'l Conduct 1.16(a)(2).

Even where circumstances permit withdrawal, counsel may not "terminate a representation until [counsel] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . ." Cal. R. Prof'l Conduct 1.16(d). These steps include (1) giving the client sufficient notice to permit the client to retain other counsel; (2) at the client's request, promptly releasing the client's materials and property to the client; and (3) promptly refunding any part of a fee or expense paid in advance that the lawyer has not earned or incurred. Cal. R. Prof'l Conduct 1.16(d), (e).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay

---

[1] Rule 1.16 was formerly Rule 3-700. *See* http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct (noting that new Rules of Professional Conduct became effective November 1, 2018).

1 resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL
2 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

### III. DISCUSSION

The Court is persuaded that the relationship between Mr. Ramachandran and his counsel has broken down and is beyond repair. The Court also finds that Mr. Ramachandran bears significant responsibility for the disintegration of this attorney-client relationship and that his conduct has rendered it unreasonably difficult for counsel to effectively represent him while continuing to comply with counsel's ethical obligations. For this reason, the Court will permit plaintiff's counsel to withdraw from representation.

Mr. Ramachandran advises that he has not retained new counsel, and that he is not prepared to proceed with trial of this matter on December 13, 2021. In addition, Mr. Ramachandran says that the matter is too complex for him to effectively proceed pro se. He asks that the Court afford him an opportunity to obtain new counsel and set a case management conference for mid-February 2021 to discuss a new trial date. Defendants oppose this request.

The Court is sympathetic to the difficulties Mr. Ramachandran will likely face if he represents himself at trial. Indeed, it is for this reason that the Court has on several prior occasions accommodated Mr. Ramachandran, over defendants' strenuous objections, by extending the case deadlines and continuing the trial date to permit Mr. Ramachandran to obtain adequate representation. However, the difficulties Mr. Ramachandran now faces are substantially of his own making. A party who requires or desires the assistance of counsel must be prepared to cooperate with counsel and follow counsel's advice. This case has been pending for more than three and a half years. The Court is unwilling to delay setting this matter for trial yet again so that Mr. Ramachandran might persuade yet another counsel to represent him, only to have these same circumstances repeat themselves in a few weeks or months. Instead, the Court will vacate the current pretrial conference and trial dates and set this matter for trial on February 22, 2021, which is the earliest trial date available on the Court's calendar. Mr. Ramachandran may retain counsel if he wishes, but the Court will not adjust the trial date to accommodate that effort or new counsel's schedule. Mr. Ramachandran must prepare to proceed with or without counsel.

To assist Mr. Ramachandran, the Court will require current counsel, as a condition of withdrawal, to provide some limited pre-trial assistance to Mr. Ramachandran within the next 30 days, and will also require current counsel to facilitate service and receipt of papers and court orders unless and until new counsel appears for Mr. Ramachandran or he registers as an Electronic Case Filing user. If Mr. Ramachandran obtains new counsel, current counsel will be relieved of all obligations as of the date of new counsel's appearance, except to the extent that it may be reasonably necessary for current counsel to respond to requests for information from new counsel in order to transition the matter.

## IV. CONCLUSION AND FURTHER PROCEEDINGS

The Court grants plaintiff's counsel's motion to withdraw from representation under the following conditions:

(1) Plaintiff's current counsel shall provide Mr. Ramachandran with forms, templates, and exemplars (if appropriate) of the materials required to be exchanged and/or filed by plaintiff as described in the Court's Standing Order re Pretrial Preparation, a copy of which is appended to this order. These materials shall be provided to Mr. Ramachandran no later than **December 10, 2021**; provided that current counsel shall have no obligation to provide these materials if new counsel appears in the action before that date or if Mr. Ramachandran indicates in writing that he does not wish to receive the materials.

(2) Unless Mr. Ramachandran obtains new counsel by **December 6, 2021**, plaintiff's current counsel shall assist Mr. Ramachandran in registering as an Electronic Case Filing user so that he may file documents in the case and receive documents filed in the case. Once Mr. Ramachandran has registered as an Electronic Case Filing user or obtains new counsel, current counsel will have no obligation to assist Mr. Ramachandran with the filing of documents or the receipt of e-filed documents.

(3) Plaintiff's current counsel shall continue to accept service of papers for the purpose of forwarding them to Mr. Ramachandran until Mr. Ramachandran obtains new counsel or until **December 10, 2021**, whichever comes first.

5

(4) If Mr. Ramachandran does not obtain new counsel by **December 6, 2021**, plaintiff's current counsel shall file a declaration that identifies the address at which Mr. Ramachandran will receive service of papers.

The Court vacates the December 13, 2021 trial date and the November 29, 2021 pretrial conference.

Trial of this action will begin, in person, on **February 22, 2022** at **9:00 a.m.** in Courtroom 2, 5th floor, in the San Jose Courthouse, 280 South First Street, San Jose, CA 95113.

The pretrial conference will be held in person on **January 27, 2022** at **10:00 a.m.** in Courtroom 2, 5th floor, in the San Jose Courthouse, 280 South First Street, San Jose, CA 95113. If Mr. Ramachandran has a conflict with this date or time, he shall advise the Court of the conflict no later than **November 16, 2021** and propose an alternative date or time.

**IT IS SO ORDERED.**

Dated: November 9, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

Enclosure:  Standing Order re Pretrial Preparation

6