United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SATISH RAMACHANDRAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ALTOS, et al.,<br><br>Defendants. | Case No. 18-cv-01223-VKD<br><br>**ORDER DENYING MOTION TO CONTINUE TRIAL DATE AND RELATED DATES**<br><br>Re: Dkt. No. 266 |

Before the Court is plaintiff Satish Ramachandran's motion to continue the trial date and related dates, which the Court treats as a motion for administrative relief under Civil Local Rule 7-11. Dkt. No. 266. Defendants oppose this motion. Dkt. No. 268.

This case was filed on February 25, 2018 and has been pending now for nearly four years. Dkt. No. 1. After two continuances, the period for fact discovery closed on January 29, 2020. Dkt. Nos. 30, 88, 117. All that remains for trial are Mr. Ramachandran's claims against defendants Mr. Ballard, Mr. Jordan, and the City of Los Altos for violation of his First Amendment rights under 42 U.S.C. § 1983. *See* Dkt. No. 199 at 31.

In January 2021, the Court set trial to start on October 18, 2021. Dkt. No. 206. In August 2021, Mr. Ramachandran's then-counsel moved to withdraw, citing difficulties in representing him. Dkt. No. 233. The Court granted counsel's motion and continued the trial date to December 2021. Dkt. No. 246. Less than two months later, Mr. Ramachandran's new counsel also moved to withdraw, also citing difficulties in representing him. Dkt. No. 254. The Court granted counsel's motion to withdraw and continued the trial to February 22, 2022. Dkt. No. 260. In so doing, the Court stated:

> The Court is unwilling to delay setting this matter for trial yet again so that Mr. Ramachandran might persuade yet another counsel to represent him, only to have these same circumstances repeat themselves in a few weeks or months. Instead, the Court will vacate the current pretrial conference and trial dates and set this matter for trial on February 22, 2021, which is the earliest trial date available on the Court's calendar. Mr. Ramachandran may retain counsel if he wishes, but the Court will not adjust the trial date to accommodate that effort or new counsel's schedule. Mr. Ramachandran must prepare to proceed with or without counsel.

Dkt. No. 260 at 4.

The Court denies Mr. Ramachandran's present motion to continue the trial date and related dates because he has failed to demonstrate good cause for the requested continuance. "A schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).

Mr. Ramachandran has failed to demonstrate good cause for continuance of the trial date to accommodate his new counsel's schedule. First, Mr. Ramachandran's request ignores the Court's admonition that it would not "adjust the trial date to accommodate [the retention of new counsel] or new counsel's schedule." Dkt. No. 260 at 4. Second, new counsel accepted this representation with the knowledge that trial was scheduled for February 2022 and that this Court had indicated that there would be no further delays. Dkt. No. 260. Third, all that remains for trial is the single issue of whether Mr. Ramachandran's First Amendment rights were violated, undermining Mr. Ramachandran's arguments about the need for extensive preparation. *See* Dkt. No. 199 at 19–20, 30–31. Finally, the extended history of this case, included repeated delays occasioned by Mr. Ramachandran's own conduct, indicates a lack of diligence on his part in attempting to meet the scheduled deadlines.[1]

Accordingly, the Court denies Mr. Ramachandran's motion to continue the trial date and related dates. Trial will proceed on February 22, 2022, as previously scheduled. *See* Dkt. No.

---

[1] The case has been pending nearly four years, significantly longer than the three-year period of time by which United States district courts are encouraged to ensure timely termination of cases. *See* Civil Justice Reform Act of 1990, 28 U.S.C. § 476(a)(3).

260. The pretrial conference remains set for January 27, 2022 at 10:00 a.m.  *See also* Judge DeMarchi's Standing Order re Pretrial Preparation.

**IT IS SO ORDERED.**

Dated: December 22, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge
