UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SATISH RAMACHANDRAN,

    Plaintiff,

v.

CITY OF LOS ALTOS, et al.,

    Defendants.

Case No. 18-cv-01223-VKD

**ORDER RE MOTIONS IN LIMINE**

Re: Dkt. Nos. 270, 271, 272, 273, 274, 275, 276, 277, 278, 279

The Court held a pretrial conference in this matter on January 27, 2022. Dkt. No. 297. This order resolves defendants' motions in limine. Dkt. Nos. 270, 271, 272, 273, 274, 275, 276, 277, 278, 279.[1]

## I. DEFENDANTS' MOTIONS IN LIMINE

### A. Motion in Limine No. 1 (Racial Discrimination or Disparate Treatment)

Defendants move to exclude any evidence or argument about racial discrimination or disparate treatment. Defendants argue that Mr. Ramachandran's remaining claims are premised on the allegation that he was retaliated against for engaging in activity protected by the First Amendment, and not because of his race or national origin. Dkt. No. 270. Defendants argue further that the Court granted summary judgment in their favor on Mr. Ramachandran's equal protection claims, which were based on allegations of discrimination and disparate treatment. Mr. Ramachandran opposes this motion, contending that evidence of racial discrimination or disparate treatment is relevant because the protected activity at issue includes "a history of complaints

---

[1] Plaintiff filed no motions in limine.

against disparate treatment, including on the basis of race." Dkt. No. 285.

The motion is granted.

To prevail on his First Amendment retaliation claims, Mr. Ramachandran must prove: (1) that he engaged in a constitutionally protected activity; (2) that defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) that the protected activity was a substantial or motivating factor in the defendants' alleged retaliatory conduct. *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016). The protected activity is the filing and prosecution of the complaint in this action. *See* Dkt. No. 1; Trial Ex. 123. That complaint was filed on February 25, 2018, and the alleged retaliation occurred only after that date. The fact that the complaint includes allegations of discrimination based on race does not make *evidence* of such discrimination relevant to any of the remaining claims in the case. At the same time, Mr. Ramachandran must be permitted to present and talk about his complaint—*i.e.*, the protected activity—to the jury.[2] However, he will not be permitted to present *evidence* or *argument* in support of the discrimination allegations in the complaint or his equal protection claims, nor will he be permitted to present *evidence* or *argument* in support of the allegations underlying his "history of complaints" to the City of Los Altos. Mr. Ramachandran's presentation at trial must be limited to evidence supporting his claim of retaliation for engaging in the protected activity at issue.

To the extent Mr. Ramachandran asks the Court to reconsider its prior decision that the "continuing violations" theory does not apply to his First Amendment retaliation claims (*see* Dkt. No. 285 at 5), the Court declines to revisit its prior decision. *See* Dkt. No. 199 at 14.

**B.    Motion in Limine No. 2 (Third-Party Contractor Adam Conchas)**

Defendants move to preclude Mr. Ramachandran from presenting (1) evidence that he hired third-party contractor Adam Conchas to obtain permits for his home renovations in 2013; and (2) evidence that Mr. Conchas perpetrated a fraud against him and was disciplined by the State Licensing Board. Dkt. No. 271. Defendants argue that evidence of Mr. Conchas's role in

---

[2] The Court will consider whether a limiting instruction or some other explanation should be given to the jury regarding the allegations in the complaint.

2

Mr. Ramachandran's efforts to develop his property and Mr. Ramachandran's fraud allegations against Mr. Conchas are not relevant to the remaining claims. Mr. Ramachandran opposes the motion on the ground that Mr. Conchas's complaint to the City of Los Altos triggered defendants' investigation of Mr. Ramachandran's property improvements and "speaks to plaintiff's intention to abide by the City's Municipal Code and his desire to engage in a course of action that is proper and legally required for rendering home improvements." Dkt. No. 286 at 3–4.

The motion is granted.

The parties appear not to dispute that Mr. Conchas's complaint to the City of Los Altos triggered defendants' investigation of Mr. Ramachandran's property improvements, but no one contends that defendants relied on Mr. Conchas's complaint for any other purpose, such as to determine whether the structures on Mr. Ramachandran's complied with the relevant code provisions. Mr. Conchas's character, motivations, and conduct are not at issue. Likewise, Mr. Ramachandran's intentions with respect to his hiring of Mr. Conchas, or the fact that he may have been defrauded by Mr. Conchas, are not at issue here.

**C.   Motion in Limine No. 3 (Pre-September 2018 Damages Incurred by Plaintiff)**

Defendants move to preclude Mr. Ramachandran from presenting evidence of damages for harm he contends he suffered before September 1, 2018. Dkt. No. 272. Plaintiff opposes the motion, arguing that "the actionable conduct has a contextual history and that history is germane to the determination of retaliatory motive." Dkt. No. 287 at 4.

The motion is granted.

Mr. Ramachandran seeks damages for harm caused by defendants' alleged retaliation. As noted, the protected activity at issue is the filing of the complaint on February 25, 2018. Mr. Ramachandran alleges that the first act of retaliation was the preparation and filing of an application for an inspection warrant on his property, which was executed on September 1, 2018. Other acts of alleged retaliation followed. The Court agrees with defendants that, given these allegations, Mr. Ramachandran cannot have suffered any damages attributable to defendants' retaliation before September 1, 2018.

### D. Motion in Limine No. 4 (Lost Rental Income and Diminished Property Value)

Defendants move to exclude any evidence or argument that defendants' alleged retaliation caused Mr. Ramachandran to lose rental income and diminished the value of his property. Dkt. No. 273. Defendants say that Mr. Ramachandran may not recover damages for these losses because he was never legally entitled to use or rent his garage as a dwelling unit. Mr. Ramachandran opposes the motion, arguing that he should be permitted to offer evidence at trial that he "possessed the correct permits," or in the alternative, that if he did not have the correct permits, it was because he had been "misled or misinformed by City employees." Dkt. No. 288 at 2.

The motion is granted in part and denied in part.

If Mr. Ramachandran contends that he had a permit for a structure that could be legally inhabited by a person as dwelling, then he may offer that evidence at trial in support of a damages theory that defendants' retaliatory conduct deprived him of rental income and/or diminished the value of his property by preventing him from renting that dwelling to a tenant. "Where … an occupancy violates a zoning or building code enacted for the benefit of the general public, the use itself is illegal, and the defect is thus uncorrectable, the lease agreement is held to be void and unenforceable by either party. The landlord is not entitled to back rent, and the tenant is not entitled to possession." *Salazar v. Maradeaga*, 10 Cal. App. 4th Supp. 1 (1992); *see also Carter v. Cohen*, 188 Cal. App. 4th 1038, 1047 (2010) ("Rental agreements involving units that were constructed without building permits or lack a certificate of occupancy are ordinarily regarded as unlawful and void."). However, if Mr. Ramachandran intends to offer evidence and argument that he did not have a permit because he was misled by statements made to him by City employees or others in 2013 and 2014 (many years before the alleged protective activity or the alleged retaliation) about the need for such a permit, he may not do so. Such evidence or argument is entirely irrelevant to a theory of damages caused by the alleged retaliation.

During the hearing on this motion, defendants referred to an Administrative Hearing decision (OAH No. 2018110904) and suggested that the decision includes findings of fact and conclusions of law that are dispositive regarding whether Mr. Ramachandran was permitted to

4

have a tenant occupy the structure at issue. *See* Trial Ex. 697. Mr. Ramachandran contends that the decision is being challenged on appeal and is not yet final. It is not clear to the Court whether the hearing decision, or any of its contents, is admissible evidence for any purpose, or whether admissibility depends in any way on whether the decision is final. Resolution of this question is not necessary to a decision of Motion in Limine No. 4; however, if defendants intend to offer Trial Ex. 697 or its contents in evidence, the Court requires further briefing on admissibility.

### E. Motion in Limine No. 5 (Evidence Pre-Dating February 25, 2016)

Defendants move to exclude evidence or testimony that "conflicts with the Court's ruling on the statute of limitations." Dkt. No. 274. Specifically, defendants seek to exclude evidence of a retaliatory intent by former defendant David Kornfield or any other City employee that pre-dates February 25, 2016. *Id.* Plaintiff opposes this motion, arguing again that "the actionable conduct has a contextual history … germane to the determination of the retaliatory motive." Dkt. No. 289 at 5.

The motion is granted in part and denied in part.

Mr. Ramachandran may not present any evidence of retaliatory motive or intent attributable to persons other than defendants Mr. Ballard and Mr. Jordan, as such evidence is irrelevant to Mr. Ramachandran's claims in this case. However, Mr. Ramachandran may have evidence that supports his contentions regarding Mr. Ballard's or Mr. Jordan's alleged retaliatory motive that pre-dates February 25, 2016. *See, e.g., Lyons v. England*, 307 F.3d 1092, 1109–11 (9th Cir. 2002) (in case alleging disparate treatment based on race, discussing admissibility of otherwise time-barred background evidence of discriminatory intent). It is not clear what evidence Mr. Ramachandran intends to introduce on this point. At a minimum, however, such evidence must be limited to the named defendants' motive and the retaliatory conduct at issue and may not include evidence of other people's motives and other conduct that is not at issue, such as discrimination based on race.

### F. Motion in Limine No. 6 (Scheme or Conspiracy by Defendants)

Defendants move to preclude Mr. Ramachandran from presenting evidence of or making references to defendants' engaging in a "conspiracy," "scheme," or plot to "defraud" him,

5

including a conspiracy with a third party. Dkt. No. 275. Mr. Ramachandran opposes the motion, arguing that evidence of such a conspiracy has a "common nucleus of operative fact" with Mr. Ramachandran's First Amendment retaliation claim.

The motion is granted.

The Court has already rejected Mr. Ramachandran's attempt to plead a claim against defendants and others for a violation of the civil RICO statute. Dkt. No. 147 at 12–15, 17. The Court will not revisit that order or permit Mr. Ramachandran to present evidence in support of such a claim, whether he refers to it as a RICO violation or something else. Similarly, Mr. Ramachandran has not pled any claim for "fraud" and the Court will not permit him to present evidence or argument regarding any alleged scheme to "defraud" him by defendants or others.

Mr. Ramachandran's desire to use words like "conspiracy," "scheme," and "defraud" for rhetorical purposes presents a somewhat different question. Having considered the parties' presentation at the hearing on this motion, the Court concludes that Mr. Ramachandran's use of these terms for rhetorical purposes is likely to confuse or mislead the jury. Fed. R. Evid. 403. The use of such terms has no probative value in the case, and the Court is persuaded that these terms suggest not only criminal conduct but also theories of civil liability that are not at issue in the case. *See Oracle USA, Inc. v. Rimini Street, Inc.*, No. 2:10-CV-00106-LRH-PAL, 2015 WL 5089779, at *2 (D. Nev. Aug. 27, 2015) (granting defendants' motion in limine to preclude plaintiff from using inflammatory rhetoric by referring to defendants as "thieves" or arguing that defendants "stole" or "ripped off" plaintiff's work). Mr. Ramachandran may not use the terms "conspiracy," "scheme," and "defraud" or similar terms to describe defendants' conduct or his theory of the case.

### G.  Motion in Limine No. 7 (Other Property Owners' Compliance or Lack Thereof with the Los Altos Municipal Code)

Defendants move to exclude (1) general evidence regarding how the City enforced or investigated other properties in Los Altos for compliance with the municipal code; (2) evidence relating to the alleged "illegality" of the accessory structure on James and Pamela Jacobs' property at 885 Santa Rita Avenue, and the propriety of the City's issuance of a permit to the Jacobses; and (3) damages that flow from any improvements the Jacobses made on their property. Dkt. No. 276

at 1–2. Defendants argue that such evidence is irrelevant to Mr. Ramachandran's retaliation claim, and, in the alternative, should be excluded because Mr. Ramachandran failed to exhaust his administrative remedies before now challenging the legality of his neighbors' properties. *Id.* at 3. Mr. Ramachandran opposes the motion, arguing that this evidence is relevant to his claim that he suffered disparate treatment.

The motion is granted in part and denied in part.

While the City of Los Altos's enforcement or investigation of other properties for compliance with the municipal code is not directly at issue, it is possible that evidence of defendants' pattern and practice with respect to similarly situated properties or homeowners is relevant to the question of whether Mr. Ballard or Mr. Jordan had a retaliatory motive. For example, the Court understands that Mr. Ramachandran intends to offer evidence that seeking an inspection warrant and criminally prosecuting a homeowner for taking down a posted "notice to vacate" are highly unusual actions, and that this supports his claim that defendants took or authorized these actions in retaliation for his filing of a complaint. Mr. Ramachandran will be permitted to offer such evidence at trial. However, he may not offer evidence of alleged discrimination or disparate treatment based on race, as these matters are not at issue.

Further, Mr. Ramachandran may not offer evidence relating to the alleged illegality of the accessory structure on the Jacobses property or the propriety of the City's issuance of a permit to the Jacobses, and he may not offer evidence of damages that flow from improvements the Jacobses made on their property. Those matters appear to have nothing to do with Mr. Ramachandran's claim of retaliation or damages for the alleged retaliatory conduct.

### H.     Motion in Limine No. 8 (Retaliatory Intent by Non-Parties, such as Law Enforcement Officers)

Defendants move to exclude evidence of retaliatory intent by non-parties, such as certain activities and statements made by law enforcement officers, arguing that such evidence is irrelevant and highly prejudicial. Dkt. No. 277. Mr. Ramachandran opposes the motion, arguing that the actions of law enforcement officers are probative of defendants' intent, "especially where

7

said officers worked in collaboration with Defendant Jordan and/or Defendant Ballard."[3] Dkt. No. 292 at 2.

The motion is granted in part and denied in part.

Mr. Ramachandran may present evidence of each act of alleged retaliatory conduct, including evidence that an officer of the Los Altos police department observed Mr. Ramachandran's residence and issued him a citation for taking down a posted "notice to vacate," for which he was later prosecuted. In addition, Mr. Ramachandran may offer evidence (in admissible form) of what the officer said, to him or to someone else, at the time of that incident.

However, the only retaliatory motive that matters here is Mr. Ballard's and Mr. Jordan's. Evidence of the remarks or conduct of others, including Los Altos police officers, is not relevant to the issue of retaliatory motive in this case *unless* Mr. Ramachandran can establish a plausible connection to Mr. Ballard's or Mr. Jordan's motive. The fact that Mr. Ballard and Mr. Jordan were both employed by the City of Los Altos is not sufficient. Given the potential for unfair prejudice to defendants, the Court will require Mr. Ramachandran to make an offer of proof outside the presence of the jury before attempting to offer or elicit evidence of others' intent.

I. **Motion in Limine No. 9 (Argument that Individual Defendants Were Terminated by the City)**

Defendants move to exclude any evidence or argument that Mr. Ballard, Mr. Jordan, or Mr. Kornfield were terminated by the City because of the alleged retaliatory conduct. Dkt. No. 278. Defendants assert that the evidence is undisputed that all three men left their employment voluntarily or retired, and Mr. Ramachandran should not be permitted to suggest otherwise through questioning or argument. Mr. Ramachandran opposes the motion, arguing that the reasons for defendants' departures are relevant, because if the defendants were terminated because of their role in the events of 2018, retaliatory motive might be inferred. Mr. Ramachandran further argues that the jury is entitled to examine the demeanor of the witnesses when questioned about why their employment ended.

---

[3] Defendants argue that if Mr. Ramachandran contends that retaliatory intent of the officers or others tends to show intent of the individual defendants, the Court should require him to make an offer of proof on that point. Dkt. No. 277 at 3 n.3.

The motion is granted in part and denied in part.

Mere questioning about the circumstances of a witness's leaving the City's employment is not prejudicial. However, Mr. Ramachandran may not question the witness in a manner that unfairly suggests or implies to the jury that the witness's employment was terminated due to Mr. Ramachandran's allegations of retaliation, particularly where Mr. Ramachandran apparently has no basis for making such an assertion as to Mr. Ballard, Mr. Jordan, or Mr. Kornfield.

### J. Motion in Limine No. 10 (Lay Witness Testimony Regarding Emotional Distress)

Defendants move to exclude lay witness testimony by Mr. Ramachandran or any other lay witness regarding the causes of Mr. Ramachandran's medical or mental conditions or diagnoses. Dkt. No. 279. Mr. Ramachandran opposes the motion, but also says that he has no intention of offering such evidence. Dkt. No. 294 at 2.

The motion is granted.

Rule 701 of the Federal Rules of Evidence permits a lay witness to provide testimony where it is "(a) rationally based on the perception of the witness, (b) helpful to clear understanding of [the witness's] testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "Opinion testimony of lay witnesses must be predicated upon concrete facts within their own observation and recollection—that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." *U.S. v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006). A lay witness may not provide opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c).

Mr. Ramachandran and other lay witnesses may testify regarding their observations of Mr. Ramachandran's physical and mental symptoms and the timing of onset of any such symptoms, but they may not testify that the alleged retaliatory conduct caused particular symptoms. *See Boren v. Harrah's Entertainment Inc.*, No. 2:08-cv-00215-GMN-LRL, 2010 WL 4340641, at *2 (D. Nev. Oct. 26, 2010) (lay witness's opinion regarding causation "may properly be excluded," but plaintiff may still testify from "[his own] personal knowledge about the emotional distress, the

9

time of its onset, and its symptoms, which may be used by the finder of fact to find the requisite causation, if it exists."); *Burke v. City of Santa Monica*, No. CV 09-02259 MMM (Lax), 2011 WL 13213593, at *20 (C.D. Cal. Jan. 10, 2011) (where plaintiff brought claim for intentional infliction of emotional distress, permitting plaintiff's sister-in-law to testify as a lay witness to her observations of the changes in plaintiff's demeanor). Mr. Ramachandran and other lay witnesses also may not testify regarding any diagnoses he has received. "[L]ay witness testimony is 'incompetent' when it consists of a medical diagnosis, because 'medical diagnoses are beyond the competence of lay witnesses' to make." *Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)).

**IT IS SO ORDERED.**

Dated: February 2, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge