UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| SATISH RAMACHANDRAN,<br><br>  Plaintiff,<br><br> v.<br><br>CITY OF LOS ALTOS, et al.,<br><br>  Defendants. | Case No. 18-cv-01223-VKD<br><br>**ORDER STAYING CASE AND VACATING TRIAL DATES**<br><br>Re: Dkt. No. 318 |

Plaintiff Satish Ramachandran filed this action on February 25, 2018. Dkt. No. 1. After four amendments to the complaint (Dkt. Nos. 34, 86, 92, 153), the Court heard arguments on defendants' motion for summary judgment on June 9, 2020. Dkt. No. 173. The Court granted in part and denied in part defendants' motion, leaving only Mr. Ramachandran's claims against defendants Mr. Ballard, Mr. Jordan, and the City of Los Altos for retaliation in violation of his First Amendment rights under 42 U.S.C. § 1983. *See* Dkt. No. 199 at 31.

In January 2021, the Court set trial to start on October 18, 2021. Dkt. No. 206. In August 2021, Mr. Ramachandran's then-counsel moved to withdraw. Dkt. No. 233. The Court granted counsel's motion and continued the trial date to December 2021 to accommodate Mr. Ramachandran's efforts to obtain new counsel. Dkt. No. 246. Mr. Ramachandran obtained new counsel, but within two months, that counsel also moved to withdraw. Dkt. No. 254. The Court granted counsel's motion to withdraw and continued the trial to February 22, 2022, again to accommodate Mr. Ramachandran's efforts to obtain new counsel. Dkt. No 260. In early February 2022, after considering how trial might proceed in view of then-current federal and local guidance regarding the COVID-19 pandemic, the parties stipulated to continue the trial to its presently

scheduled dates of August 8–12, 2022.  Dkt. Nos. 307, 311.

Defendants now move to stay proceedings in this case and to vacate the trial pending resolution of a state court proceeding.  Dkt. No. 318.  Mr. Ramachandran opposes the motion.  Dkt. No. 322.  For the reasons discussed below the Court grants defendants' motion to stay proceedings in this case and to vacate the August trial dates.

**I.  BACKGROUND**

Mr. Ramachandran's First Amendment retaliation claims require him to demonstrate that (1) he engaged in a constitutionally protected activity, (2) defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in defendants' conduct.  *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016).  If he makes this showing, the burden then shifts to defendants to show that they "would have taken the same action even in the absence of the protected conduct." *O'Brien*, 818. F.3d at 932 (internal quotation marks omitted).

The parties do not dispute that Mr. Ramachandran's filing of this action in February 2018 and his continued prosecution of his claims constitute protected activity.  Dkt. No. 165 at 19–20; Dkt. No. 298 at 1.  The issues remaining for trial are whether defendants' conduct was retaliatory, whether they would have engaged in the same conduct even in the absence of the protected activity, and whether the individual defendants acted as final decision makers on behalf of the City.  Dkt. No. 298. at 2.  On the issue of retaliation, Mr. Ramachandran says that defendants retaliated against him in four ways: (1) Mr. Ballard and Mr. Jordan planned an inspection warrant application and Mr. Ballard submitted a declaration in support of this application for Mr. Ramachandran's property that contained false and misleading statements; (2) Mr. Ballard made false claims of purported code violations supposedly discovered during the inspection; (3) Mr. Ballard caused numerous redundant notices of those non-existent violations to be posted on Mr. Ramachandran's property; and (4) after Mr. Ramachandran removed one of those notices, the City initiated a criminal prosecution against him.  *See* Dkt. No. 165 at 19–20, 21.

After the allegedly retaliatory inspection of Mr. Ramachandran's home in September 2018, the City issued Mr. Ramachandran an "Order or Notice to Repair or Abate Substandard Building

and Public Nuisance." Dkt. No. 318-8 at 2. On September 16, 2018, Mr. Ramachandran submitted an administrative appeal from the order. *Id.* at 3. After several delays an administrative hearing was held nearly three years later, on August 16, 2021. Dkt. No. 318 at 5. A final administrative decision ("OAH Decision") (Dkt No. 318-3) was issued on August 30, 2021. This decision included several findings adverse to Mr. Ramachandran, including that the former garage and the main dwelling unit on his property had conditions that violated the Los Altos Municipal Code ("LAMC") and could not be occupied as Mr. Ramachandran intended, as well as some findings adverse to the City, including that the storage shed on the property did not violate the LAMC.[1] *Id.*

On September 15, 2021, Mr. Ramachandran filed a "Notice of Administrative Appeal" in the Superior Court for Santa Clara County. Dkt. No. 318-8 at 3. After questioning the procedural posture of the filing, that court construed the appeal as a petition for writ of administrative mandate under California Code of Civil Procedure sections 1094.5 and 1094.6 and reclassified the case as "unlimited civil." *Id.* at 5–6. Mr. Ramachandran was then allowed to amend his pleadings, and that case remains pending. Mr. Ramachandran says that his state court petition "detail[s] numerous discrepancies concerning City's records and uncontradicted yet perjurious testimonies upon which the OAH had relied" as well as "falsified evidence" supplied by the City and its agents. Dkt. No. 322 at 9. The petition asks the state court to "dismiss [the] OAH decision and findings against [him] and his property." *Id*. at 60.

## II. LEGAL STANDARDS

A district court has inherent authority and discretion to stay proceedings in the interest of the conservation of resources "for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In appropriate circumstances, a court may stay an action "pending resolution of independent proceedings which bear upon the case . . . whether the separate proceedings are judicial, administrative, or arbitral in character." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Resolution of the separate proceedings need not

---

[1] The LAMC apparently incorporates provisions of the state housing and building codes.

3

be controlling of the action before the court. *Id.*

When a court exercises its discretion to grant or deny a stay it must weigh competing interests including: (1) "the possible damage which may result from the granting of stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and, (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Id.* (quoting *Landis,* 299 U.S. at 255). Moreover, "being required to defend a suit [if the stay is vacated], does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. And, generally, stays should not be granted "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

### III.  DISCUSSION

Defendants argue that this case should not proceed to trial until Mr. Ramachandran's challenges to the OAH Decision are finally resolved by the California state court. In addressing defendants' motion, the Court considers each of the *Landis* factors.

#### A.  Possible Damage Which May Result from Granting a Stay

The first *Landis* factor requires a court to consider the possible damage which may result from granting the requested stay.

As defendants acknowledge, they have not specified a definite duration for the requested stay. Dkt. No. 318 at 9, 12. Rather, they request a stay that extends for as long as it takes the California state court proceedings addressing Mr. Ramachandran's challenges to the OAH Decision to conclude. *Id.* The Court understands that the state court proceedings include not only

4

the petition for writ of mandate pending before the superior court, but also may include an appeal to the California Court of Appeal. *See* Dkt. No. 318 at 8-9 & n.3. Mr. Ramachandran argues that he "would be severely prejudiced by an indefinite stay of the proceedings . . . ." Dkt. No. 322 at 2. He says that "having detrimentally relied upon the August 2022 trial date," he would be harmed by any "further delay." *Id.* at 12.

While a stay of indefinite duration would indeed be difficult to justify, the Court understands that the duration of the stay is not truly indefinite; it will be defined by the duration of the state court proceedings presently under way, even if the exact date on which those proceedings will conclude is not yet known. Mr. Ramachandran does not dispute this point. The Court notes that dispositive state court proceedings are already calendared for August 2022.[2]

As for Mr. Ramachandran's claims of prejudice, his assertions are conclusory and unsupported. He does not explain how he will be harmed if the trial date is vacated or how his reliance on that date has been detrimental to him.[3] His assertions are also implausible given his own repeated requests that the Court continue the trial date to accommodate his interests.[4] Moreover, the relief Mr. Ramachandran seeks in this action is limited to damages, attorneys' fees, costs, and prejudgment interest. *See* Dkt. No. 153. At most, a further delay of the trial will mean that Mr. Ramachandran must wait longer to receive a potential monetary award. However, as prejudgment interest will continue to accrue notwithstanding such delay, this harm may be easily remedied. *See Lockyer*, 398 F.3d at 1110 ("Delay of [plaintiff's] suit would result, at worst, in a

---

[2] Defendants point out that, should an appeal follow from the superior court's decision, an expedited appeal may be sought under California Rules of Court Rule 8.240. The Court otherwise notes that the statewide median duration of a civil appeal is approximately eighteen months. *See* 2022 Court Statistics Report, Judicial Council of California (2022), https://www.courts.ca.gov/documents/2022-Court-Statistics-Report.pdf.

[3] On June 30, 2022, Mr. Ramachandran filed several "errata" without leave of the Court, including a new declaration. Dkt. No. 323 at 20. These submissions are untimely and will not be considered. However, even if the Court were to consider Mr. Ramachandran's belated declaration, it is as conclusory as his briefing and therefore not helpful. The Court asked for briefing regarding the admissibility of the OAH Decision but did not issue any order regarding that matter after the trial was continued to August 2022.

[4] To the extent that Mr. Ramachandran asserts that the Court has already "rejected" defendants' arguments regarding the potentially preclusive effect of the OAH Decision, he is incorrect. *See* Dkt. No. 322 at 11.

delay in its monetary recovery.") (describing *CMAX, Inc.*, 300 F.2d 265).

This factor favors granting the requested stay.

### B.   Hardship or Inequity a Party May Suffer If Required to Proceed

The second *Landis* factor requires a court to consider the hardship or inequity a party may suffer if a stay is not granted and the party is required to proceed.

Defendants argue that the findings in the OAH Decision directly bear on whether they were motivated by non-pretextual reasons in taking the allegedly retaliatory actions against Mr. Ramachandran.  Specifically, defendants argue that the findings in the OAH Decision support their contentions that an inspection of Mr. Ramachandran's property was warranted, that the code violations identified were not false, and that they would have taken the same actions in the absence of Mr. Ramachandran's protected activity.  Dkt. No. 318 at 10.  In addition, defendants argue that if Mr. Ramachandran could not legally allow a tenant to live in his detached former garage or in the partitioned portion of the main dwelling unit, as the OAH Decision found, he will have no claim for damages based on lost rental income.  *Id.*  According to defendants, once it is final, the state court's decision will be preclusive with respect to these issues of fact.  *Id.* at 10–11 (citing *Ollie v. Riggin*, 848 F.2d 1016, 1017 (9th Cir. 1988)).  They say that a failure to stay this action will create a risk of inconsistent findings and require them to litigate the same factual issues in two different forums at the same time.  *Id.* at 4–5, 10.  They further note that because Mr. Ramachandran seeks punitive damages against individual defendants Messrs. Ballard and Jordan, failure to stay this action would be especially prejudicial to them.  Dkt. No. 335 at 5.

In opposing defendants' motion to stay, Mr. Ramachandran does not respond to these arguments.  *See* Dkt. No. 322.  However, he does not dispute that the jury in this action will be asked to consider and decide many of the same factual matters that are the subject of his petition for writ of mandate in the state court proceeding, and he does not dispute that the OAH Decision may have a preclusive effect in this action.  *See* Dkt. No. 322 at 56 ¶¶ 14, 16, 18, 19 (plaintiff's challenges to the OAH Decision findings).[5]  In these circumstances, the Court concludes that it

---

[5] Earlier, Mr. Ramachandran opposed admission of the OAH Decision as evidence only on the grounds that it was not yet final.  *See* Dkt. No. 304 at 4–5; Dkt. No. 310 at 2; Dkt. No. 322 at 10–

would be unfair to require defendants to proceed to trial without the benefit of a final decision from the state court regarding Mr. Ramachandran's challenges to the OAH Decision.

This factor favors granting the requested stay.

### C. Simplification of Issues and Evidence

The third *Landis* factor requires a court to consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." This factor specifically focuses on neither the moving nor the opposing party, and instead counsels in favor of a stay where a state court proceeding provides "a means of developing comprehensive evidence bearing upon . . . questions which are likely to arise in the district court case." *Lockyer*, 398 F.3d at 1110.

In addition to the matters discussed above with respect to the second *Landis* factor, defendants argue that disputes about compliance with state and local housing and building codes should be resolved in the first instance by the state court rather than by a jury as part of a federal civil rights action. Dkt. No. 318 at 11–12. Mr. Ramachandran does not respond to this argument. *See* Dkt. No. 322.

While resolution of the state court proceeding will not dispose of Mr. Ramachandran's claims in this action, it will undoubtedly simplify the presentation of evidence in this case. As explained above, the OAH Decision includes findings that directly concern three of the four allegedly retaliatory acts on which Mr. Ramachandran bases his First Amendment retaliation claims against the City and the individual defendants. If the superior court does not issue the writ of mandate Mr. Ramachandran seeks and if that decision is affirmed on appeal, the OAH Decision and its findings will become final. Conversely, if the superior court issues the writ, the appellate court may conclude the OAH abused its discretion in finding that code violations existed on Mr. Ramachandran's property. Either way, defendants contend that the jury will then not need to make any factual findings regarding the matters that are finally resolved by the state court. *See* Dkt. No. 11 & n.6.

The Court need not resolve at this time whether or to what extent resolution of the state court proceeding will have a preclusive effect on matters that will be tried to the jury in this action.

7

*See San Remo Hotel L.P. v. S.F. City & Cty.*, 364 F.3d 1088, 1096 (9th Cir. 2004) (district court looks to state law to determine whether preclusion follows from state court decision).  However, the Court agrees with defendants that the state court is well-suited to decide questions of compliance with state and local housing and building codes and the state court matter has substantially progressed towards completion.  At the very least, resolution of the state court proceeding will inform the Court's determination of the parties' dispute over admissibility of the OAH Decision, which defendants assert is critical to their defense to Mr. Ramachandran's claims. *See* Dkt. Nos. 306, 318, 335.

This factor favors granting the requested stay.

## IV.  CONCLUSION

For the reasons explained above, the Court vacates the August 2022 trial dates.  As the case is otherwise ready for trial, the Court stays proceedings in this action pending resolution of the state court proceedings regarding Mr. Ramachandran's challenge to the OAH Decision.

The parties shall jointly provide a status update on the state court proceedings to this Court every 60-days, with the first update due no later than **September 9, 2022**.

**IT IS SO ORDERED.**

Dated: July 6, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge