UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SATISH RAMACHANDRAN,

    Plaintiff,

v.

CITY OF LOS ALTOS, et al.,

    Defendants.

Case No. 18-cv-01223-VKD

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. No. 368

Defendants City of Los Altos, Kirk Ballard, and Chris Jordan move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as to plaintiff Satish Ramachandran's First Amendment retaliation claim under 42 U.S.C. § 1983. Dkt. No. 368. They argue that a final judgment against Mr. Ramachandran in a state court action bars his retaliation claim under the doctrine of claim preclusion or res judicata. *Id.* Mr. Ramachandran opposes this motion, arguing that the state court judgment concerns a different cause of action and was obtained by fraud. Dkt. No. 371. In support of their motion, defendants ask the Court to take judicial notice of documents from Mr. Ramachandran's state court case, *see* Dkt. No. 368-2, and both parties raise objections to evidence and argument submitted by the other in support of their respective positions, *see* Dkt. Nos. 376-2, 377, 384.[1]

The Court heard a hearing on the motion on June 4, 2024. Dkt. No. 387. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the

---

[1] All named parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 11, 22, 78, 114.

Court grants defendants' motion for judgment on the pleadings.

## I. BACKGROUND

The Court has described the facts of this case in many prior orders. *See, e.g.*, Dkt. Nos. 82, 199, 336. Here, it recounts only the factual allegations and procedural history that bear on the present motion.

Mr. Ramachandran filed this lawsuit on February 25, 2018, alleging that the City and several of its employees discriminated against him on the basis of race and national origin in its building permitting process and retaliated against him after he complained about this discrimination. *See* Dkt. No. 1. Mr. Ramachandran amended his pleadings several times. *See* Dkt. Nos. 1, 34, 86, 92, 153.

Defendants moved for summary judgment on Mr. Ramachandran's fourth amended complaint on April 28, 2020. Dkt. No. 154. On January 11, 2021, the Court denied summary judgment with respect to Mr. Ramachandran's First Amendment retaliation claim against Mr. Ballard, Mr. Jordan, and the City, and granted summary judgment on the remainder of Mr. Ramachandran's claims. *See* Dkt. No. 199.

The First Amendment retaliation claim is Mr. Ramachandran's sole remaining claim in this action. It rests on Mr. Ramachandran's allegations that, in August and September of 2018, defendants took the following actions against him in retaliation for filing this lawsuit: "(1) Mr. Ballard and Mr. Jordan planned an inspection warrant application and Mr. Ballard submitted a declaration in support of this application for Mr. Ramachandran's property that contained false and misleading statements; (2) Mr. Ballard made false claims of purported code violations supposedly discovered during the inspection; (3) Mr. Ballard caused numerous redundant notices of those non-existent violations to be posted on Mr. Ramachandran's property; and (4) after Mr. Ramachandran removed one of those notices, the City initiated a criminal prosecution against him."[2] Dkt. No. 336 at 2; Dkt. No. 199 at 4-6; *see also* Dkt. No. 153 ¶¶ 68-76, 86-91, 98-99.

---

[2] Mr. Ramachandran's *Monell* claim against the City is based on allegations that Mr. Ballard and Mr. Jordan are final policymakers. *See* Dkt. No. 199 at 28-30.

On November 24, 2021, Mr. Ramachandran, represented by the same counsel who represents him in this case, filed another action in Santa Clara County Superior Court. Dkt. No. 368-1 at ECF 66-104 (Ex. 3) (complaint); *see also Ramachandran v. City of Los Altos*, No. 21CV391414 (Santa Clara Super. Ct.). In the state court action, Mr. Ramachandran asserted claims for (1) malicious prosecution; (2) violation of the Bane Act, California Civil Code § 52.1; and (3) violation of the Unruh Act, California Civil Code §§ 51, 52, against the City of Los Altos, Mr. Ballard, and Mr. Jordan, among other defendants. *See* Dkt. No. 368-1 at ECF 66-104. In this complaint, Mr. Ramachandran alleged that "the City of Los Altos and several individual co-conspirators" "subjected Plaintiff to a pervasive and pernicious pattern of disparate treatment [in the enforcement of municipal housing codes,]" "prosecuted Plaintiff without probable cause[,] interfered with Plaintiff's exercise of certain civil rights, by means of threats, intimidation and coercion," and "subjected Plaintiff to malicious prosecution and took assorted actions in violation of Plaintiff's rights, pursuant to the Unruh and Bane Civil Rights Acts." *Id.* at ECF 66 (¶ 1).

Defendants responded to the state court complaint by filing an anti-SLAPP motion—i.e., a special motion to strike pursuant to California Code of Civil Procedure ("CCP") § 425.16—on February 23, 2022. Dkt. No. 368-1 at ECF 106-25 (Ex. 4). Mr. Ramachandran did not file an opposition to the motion and did not appear at a June 9, 2022 motion hearing. *Id.* at ECF 145 (Ex. 8) (minute order). The state court granted defendants' anti-SLAPP motion, concluding that "defendant[s] ha[d] met [their] initial burden of proof and plaintiff failed to file and serve [an] opposition to the special motion to strike." *Id.* at ECF 145 (Ex. 8). It confirmed this conclusion in a written order filed on June 21, 2022. *Id.* at ECF 6-7 (Ex. 1). Defendants then moved for, and were awarded, awarded attorneys' fees under CCP § 425.16. *See* Dkt. No. 368-1 at ECF 157-166 (Ex. 9). Mr. Ramachandran separately appealed the attorneys' fees order on February 6, 2023. *Id.* at ECF 154; *Ramachandran v. City of Los Altos*, No. H050773 (Cal. App. 6th Dist.). Public court records, of which the Court takes judicial notice, indicate that this appeal was dismissed on May 20, 2024, after Mr. Ramachandran failed to file an opening brief.

Mr. Ramachandran did not appeal directly from the state court's order granting the anti-SLAPP motion. Instead, on December 23, 2022, he filed a motion to vacate that judgment

3

1  pursuant to CCP § 473(b), which allows a party to be relieved from "a judgment, dismissal, order,
2  or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or
3  excusable neglect." *See id.* at ECF 157 (Ex. 9) (docket).  The state court denied this motion on
4  May 4, 2023, concluding that it was untimely and that Mr. Ramachandran unreasonably delayed in
5  filing it.  *Id.* at ECF 181-82 (Ex. 10); *see also* CCP § 473(b) ("Application for this relief . . . shall
6  be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal,
7  order, or proceeding was taken.").

8        Mr. Ramachandran filed a notice of appeal of the May 4, 2023 order on July 5, 2023.  *Id.*
9  at ECF 150 (Ex. 9); *see also Ramachandran v. City of Los Altos*, No. H051230 (Cal. App. 6th
10 Dist.).  Defendants moved to dismiss this appeal, arguing that it too was untimely.  Dkt. No. 368-1
11 at ECF 189-204 (Ex. 12); *see also* Cal. R. Ct. 8.104 (describing time to appeal).  Mr.
12 Ramachandran opposed this motion.  Dkt. No. 368-1 at ECF 318-338 (Ex. 13).  The appellate
13 court granted defendants' motion and dismissed the appeal on March 14, 2024.  *Id.* at ECF 343
14 (Ex. 14) ("The court has considered appellant's opposition, although not timely filed. . . .  The
15 respondent's motion to dismiss is granted.  Appeal number H051230, filed on July 5, 2023, is
16 dismissed as not timely filed.").

17       On April 24, 2024, after defendants filed their motion for judgment on the pleadings here,
18 Mr. Ramachandran petitioned the California Supreme Court for review of the appellate court's
19 dismissal order.  *See Ramachandran v. City of Los Altos*, No. S284723 (Cal.).  The petition for
20 review was denied on May 29, 2024.  *Id.*

21 **II.  LEGAL STANDARD**

22       A motion for judgment on the pleadings may be brought "[a]fter the pleadings are
23 closed—but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  Rule 12(c) motions test the
24 legal sufficiency of a claim.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  Such
25 motions are "functionally identical" to those brought pursuant to Rule 12(b)(6), and "the same
26 standard of review applies to motions brought under either rule."  *Cafasso v. Gen. Dynamics C4*
27 *Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (cleaned up).  Questions of claim preclusion or
28 res judicata may properly be considered in a Rule 12(c) motion.  *See, e.g.*, *Daewoo Elecs. Am. Inc.*

United States District Court
Northern District of California

1    *v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017); *Harris v. Cnty. of Orange*, 682 F.3d 1126 (9th
2    Cir. 2012).
3        When deciding a Rule 12(c) motion, the Court may consider materials subject to judicial
4    notice without converting the motion into one for summary judgment. *United States v. 14.02*
5    *Acres*, 547 F.3d 943, 955 (9th Cir. 2008); *see also Khoja v. Orexigen Therapeutics*, 899 F.3d 988,
6    998 (9th Cir. 2018) (stating that a court may consider documents appended to or incorporated into
7    the complaint or documents which properly are the subject of judicial notice at the pleadings
8    stage). A court may take judicial notice of facts that are "not subject to reasonable dispute"
9    because they are "generally known" or "can be accurately and readily determined from sources
10   whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d
11   at 999. Thus, a court properly may take judicial notice of matters of public record, but cannot take
12   judicial notice of disputed facts contained within such records. *Khoja*, 899 F.3d at 999 (citing *Lee*
13   *v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

**III.   DISCUSSION**

   **A.   Request for Judicial Notice and Evidentiary Objections**

   Defendants ask that the Court take judicial notice of certain records from Mr.
Ramachandran's state court litigation. Dkt. No. 368-2. Mr. Ramachandran does not object to this
request and refers to state court filings in his opposition papers. *See* Dkt. No. 374. The
documents that are the subject of defendants' request are matters of public record that "can be
accurately and readily determined from sources whose accuracy cannot reasonably be questioned."
Fed. R. Evid. 201(b). Accordingly, the Court grants defendants' request, but only as to those
documents that are necessary to the disposition of the present motion. It does not take judicial
notice of disputed facts included in these public records. *Khoja*, 899 F.3d at 999 (citing *Lee*, 250
F.3d at 689).

   Additionally, the parties have filed objections to each other's evidence and argument. Dkt.
Nos. 376-2, 384 (defendants); Dkt. No. 377 (Mr. Ramachandran). Defendants object to certain
portions of a declaration (Dkt. No. 371) and exhibits (Dkt. Nos. 371-1, 371-2, 372, 373, 375) that
Mr. Ramachandran filed in support of his opposition, *see* Dkt. No. 376-2, and most of a

1  supplemental submission (Dkt. No. 383) that Mr. Ramachandran filed regarding the California
2  Supreme Court's denial of his petition for review, *see* Dkt. No. 384.  Many of defendants'
3  objections are well taken; however, because the objectionable material has no bearing on the
4  present motion, the Court declines to strike any of Mr. Ramachandran's evidence or arguments.
5  Mr. Ramachandran objects to the contents of defendants' reply brief.  Dkt. No. 377.  These
6  objections are not well-taken, and the Court declines to strike any portion of defendants' reply
7  brief; however, the Court finds it unnecessary to rely on the contested evidence or argument in
8  defendants' reply.

### B.     Claim Preclusion / Res Judicata

Under the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to a state court judgment as would be given that judgment under the law of the state in which the judgment was rendered.  *Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1230 (9th Cir. 2014) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)).  Thus, California claim preclusion law governs whether the final judgment in Mr. Ramachandran's state court action bars his First Amendment retaliation claim in this case.  *See Migra*, 465 U.S. at 81-85; *Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986).

In California, claim preclusion, also referred to as res judicata, "prevents relitigation of the same cause of action in a second suit between the same parties." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015) (cleaned up).  It arises if the second suit involves: (1) the same cause of action; (2) between the same parties; (3) after a final judgment on the merits in the first suit.  *Id.* When parallel litigation is pending in different courts, the first case to reach final judgment is accorded preclusive effect, regardless of the order in which the cases were filed.  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006) (citing *Domestic & Foreign Petroleum Co. v. Long*, 4 Cal. 2d 547, 562 (1935)).

Defendants argue that the final judgment in Mr. Ramachandran's state court action precludes him from continuing to litigate the First Amendment retaliation claim in this case.  *See* Dkt. No. 368 at 11.  Mr. Ramachandran disagrees, arguing that the state court action and the First

Amendment retaliation claim in this case involve different causes of action. *See* Dkt. No. 374. He does not dispute that the cases involve the same parties or that there is a final judgment on the merits in the state court action.[3]

"California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (cleaned up). "[A] 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (2002). A primary right is "simply the plaintiff's right to be free from the particular injury suffered" and is distinct from "the *legal theory* on which liability for that injury is premised" or "the *remedy* sought." *Id.* (emphasis in original); *see also Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010) ("[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right."). Primary rights are "indivisible" and provide only "a single cause of action" and, as such, cannot be enforced multiple times in separate lawsuits. *Mycogen*, 28 Cal. 4th at 904.

Defendants argue that Mr. Ramachandran's First Amendment retaliation claim involves the same primary right as the claims he asserted in the state court action "because both sets of claims seek redress for alleged retaliation for Plaintiff's filing of this lawsuit [i.e., the federal action]." Dkt. No. 368 at 14. They observe that Mr. Ramachandran's complaints in both matters rely on many of the same factual allegations, including numerous references to "retaliation." *See id.* at 14-15.

Mr. Ramachandran acknowledges that both cases rest on substantially the same underlying facts. *See* Dkt. No. 374 at 2-5; Dkt. No. 387 (hearing). But, he contends that the First

---

[3] Mr. Ramachandran initially argued that the judgment in the state court action was not final, *see* Dkt. No. 374 at 2, however, while this motion was pending, the California Supreme Court denied his petition for review and he now concedes that the judgment is final, *see* Dkt. No. 383 at 2; Dkt. No. 387 (hearing).

7

1  Amendment retaliation claim and the claims in the state court action concern "two, very distinct
2  'harms.'" *Id.* at 5.  According to Mr. Ramachandran, the primary right implicated by his First
3  Amendment retaliation claim is the "right to be free from interference in retaliation for engaging
4  in the protected activity of petitioning the government for redress of grievances," *id.* at 3, while his
5  state court action "is focused on" several provisions of the California Constitution, *id.* at 4.
6  Specifically, he observes that the state court complaint did not invoke his right to petition the
7  government for redress of grievances under the First Amendment of the U.S. Constitution, but
8  instead invokes his rights under Article I, sections 1 (inalienable rights), 2 (freedom of speech and
9  press), and 7 (due process) of the California Constitution.  *Id.* at 4 (citing Cal. Const. Art. I §§, 1,
10  2, 7).
11        Mr. Ramachandran's arguments do not persuade.  While he attempts to frame his claims as
12  concerning separate rights and duties, in both cases, the conduct complained of is the same:
13  defendants' reliance on false evidence to obtain a warrant for the inspection of Mr.
14  Ramachandran's property, fabrication of building code violations, and subsequent prosecution of
15  Mr. Ramachandran for removing a notice of those code violations—all in retaliation for filing this
16  federal action.  *Compare* Dkt. No. 199 at 4-6, 14-19 (describing the factual allegations underlying
17  Mr. Ramachandran's retaliation claim) *with* Dkt. No. 368-1 at ECF 87-97 (state court complaint
18  ¶¶ 72-84, 95-96).  Both the First Amendment retaliation claim and the claims in the state court
19  action concern "the same actions by the same group of officials at the same time that resulted in
20  the same harm"; therefore, they present the same cause of action.  *Gonzales*, 739 F.3d at 1234.
21  Mr. Ramachandran's reliance on the fact that he has pled violations of different constitutional
22  rights is misplaced, as the state court action "merely present[s] a new legal theory upon which [he]
23  seeks recovery."  *Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 851
24  (9th Cir. 1986); *see also Boeken*, 48 Cal. 4th at 797 ("The cause of action is the right to obtain
25  redress for a harm suffered, regardless of specific remedy sought or the legal theory . . .
26  advanced.").
27        California courts and federal courts have considered similar attempts to frame different
28  legal claims as separate causes of action when the harms in question are the same.  In *Boeken v.*

*Phillip Morris USA, Inc.*, the California Supreme Court confronted the question of whether a plaintiff's common law loss of consortium and statutory wrongful death claims involved same cause of action for purposes of res judicata. 48 Cal. 4th at 798-99. The court rejected the plaintiff's contention that the two claims involved different harms because they concerned the loss of companionship and affection of a spouse "during the lifetime" and "after the death," respectively. *Id.* at 799. The court held: "The *primary right* was the right not to be wrongfully deprived of spousal companionship and affection, and the *corresponding duty* was the duty not to wrongfully deprive a person of spousal companionship and affection. The breach was the conduct of defendant Philip Morris that wrongfully induced plaintiff's husband to smoke defendant's cigarettes." *Id.* at 798 (emphasis in original).

Similarly, in *Furnace v. Giurbino*, the Ninth Circuit concluded that a prisoner's claim that he had been classified as a gang member and placed in a secure housing unit in retaliation for First Amendment protected conduct was precluded by his earlier loss in a state court habeas proceeding, in which the prisoner had challenged the evidentiary basis for his confinement and argued that "it was done to 'intimidate and retaliate against'" him for filing an earlier suit in federal court. 838 F.3d 1019, 1022-23 (9th Cir. 2016). While the plaintiff attempted argue that "his earlier inadequate evidence/due process claim was 'procedural' while his [present] First Amendment and Equal Protection Clause arguments were 'inherently substantive,'" *id.* at 1024, the Ninth Circuit rejected this distinction, *see id.* at 1025. The court observed: "At heart, Furnace has always complained about the same alleged injury: his gang validation and SHU placement. He has come up with numerous legal theories as to why it was unlawful—lack of evidence, retaliation, and racial discrimination—but it does not change the primary right he seeks to vindicate."

Here, in both actions, Mr. Ramachandran asserts a primary right to be from retaliation for the protected activity of filing a federal action protesting defendants' conduct, in which the retaliation consisted of an improper property inspection, the fabrication of building code violations, and a subsequent improper prosecution. In both actions he seeks redress for the harm he suffered because of defendants' alleged breach of their duties not to retaliate against him for

9

engaging in that protected activity. The fact that Mr. Ramachandran relies on distinct legal theories in his state court action, some of which may require proof of elements he is not required to prove in support of his First Amendment retaliation claim, do not make his state court claims distinct "causes of action" under California law. *See, e.g.*, *Gonzales*, 739 F.3d at 1233-34 (prisoner's federal constitutional claims precluded by loss in state habeas corpus proceedings); *Clark*, 785 F.2d at 786-87 (plaintiff's federal constitutional claims against employer precluded by loss in state mandamus proceedings); *Takahashi*, 783 F.2d at 851 (plaintiff's federal constitutional claims against employer precluded by loss in state court breach of contract suit); *see also Kamali v. Hiddleson*, 857 F. App'x 397, 398 (9th Cir. 2021) (plaintiff's First Amendment retaliation claim precluded by loss in state court Unruh Act suit "for the same conduct"); *Carr v. Los Angeles Cnty. Dep't of Auditor-Controller*, 714 F. App'x 780, 781 (9th Cir. 2018) (plaintiff's federal employment discrimination action precluded by earlier state court suit because the "federal action [was] premised on the same injuries—the County's adverse employment actions—as [plaintiff's] California state court lawsuit").

At the hearing, Mr. Ramachandran raised an additional argument that was not included in his opposition. He identified specific paragraphs in his fourth amended complaint in this action that he claims demonstrate that the First Amendment retaliation claim is broader, and therefore distinct from, the claims in his state court action. *See* Dkt. No. 387 (citing Dkt. No. 153 ¶¶ 21, 22, 25, 31, 34, 43, 45, 47, 51-61, 63-65). However, other than paragraph 63, which describes the filing of this lawsuit, none of these allegations pertain to the First Amendment retaliation claim that remains for trial, and many of these allegations concern matters that *pre-date* the filing of this lawsuit, and which cannot logically form the basis for a retaliation claim. *See*, *e.g.*, Dkt. No. 153 ¶ 31 (discussing a letter sent by Mr. Ramachandran to City officials in May of 2014).

Mr. Ramachandran also suggested at the hearing that the Court's motion in limine rulings expressly acknowledge that the First Amendment retaliation claim encompasses matters beyond those defendants have identified as the "cause of action." Dkt. No. 387. Mr. Ramachandran is mistaken. In its order resolving the parties' motions in limine, the Court allowed Mr. Ramachandran to present "evidence that supports his contentions regarding [defendants'] alleged

10

retaliatory motive that pre-dates February 25, 2016." The order makes clear that this evidence would be admissible only to support the existence of the defendants' *motivation* to commit the retaliatory acts at issue—i.e., the events of August and September 2018—and *not* as separate instances of retaliation. Dkt. No. 304 at 5 ("[S]uch evidence must be limited to the named defendants' motive and the retaliatory conduct at issue and may not include evidence of other people's motives and other conduct that is not at issue.").[4]

Accordingly, because defendants have shown that the state court action involves the same cause of action, between the same parties, and terminated in a final judgment on the merits, the Court concludes that the judgment in the state court action precludes Mr. Ramachandran from continuing to litigate his First Amendment retaliation claim in this case by operation of the doctrine of claim preclusion or res judicata.

### C. Fraud

Mr. Ramachandran argues that the Court should not afford the judgment in the state court action preclusive effect because defendants committed fraud in those proceedings. Dkt. No. 374 at 2. His thesis appears to be that "the records upon which [the state court judgment] is based were illegitimate," and he contends that defendants have knowingly relied on this improper evidence. *Id.*; *see also* Dkt. No. 371 ¶ 4.

However, as Mr. Ramachandran's counsel conceded at the hearing, Dkt. No. 387, this Court lacks authority to entertain what amounts to a collateral attack on the judgment of the state court. In any event, Mr. Ramachandran's allegations of "fraud," which should have been addressed to the state court in the first instance, do not undermine the finality of the state court's

---

[4] Also at the hearing, Mr. Ramachandran asked the Court to consider two cases not cited in his opposition: *Ringgold-Lockhart v. County. of Los Angeles*, 761 F.3d 1057 (9th Cir. 2014) and *Hindin v. Rust*, 118 Cal. App. 4th 1247 (2004). Neither case supports his position. *Ringgold-Lockhart* mentions the importance of the First Amendment right to petition in the context of a motion to declare a party a vexatious litigant, but it otherwise has no bearing on the issues raised in defendants' motion. 761 F.3d at 1061. *Hindin* is consistent with the authority described above regarding the "primary right" in question, and appears to support defendants' position, rather that Mr. Ramachandran's. *See* 118 Cal. App. 4th at 1257-58 ("[T]he attorney appellants' malicious prosecution action sought to vindicate a single primary right—the right to be free from defending against a lawsuit initiated with malice and without probable cause. Although State Farm allegedly breached that right in two ways, it nevertheless remained a single right.").

11

judgment for purposes of claim preclusion or res judicata. "After the time for seeking a new trial has expired and any appeals have been exhausted, a final judgment may not be directly attacked and set aside on the ground that evidence has been suppressed, concealed, or falsified." *Cedars-Sinai Med. Ctr. v. Superior Ct.*, 18 Cal. 4th 1, 10 (1998); *see also Hudson v. Foster*, 68 Cal. App. 5th 640, 664-65 (2021) ("'The public policy underlying the principle of res judicata that there must be an end to litigation requires that the issues involved in a case be set at rest by a final judgment, even though a party has persuaded the court or the jury by false allegations supported by perjured testimony.'") (quoting *Jorgensen v. Jorgensen*, 32 Cal. 2d 13, 18 (1948)).

Accordingly, the Court rejects Mr. Ramachandran's contention that fraud before the state court prevents this Court from affording the state court judgment preclusive effect.

## IV. CONCLUSION

For the reasons described above, the Court grants defendants' motion for judgment on the pleadings.

Judgment shall be entered in favor of defendants in accordance with this order.

**IT IS SO ORDERED.**

Dated: June 6, 2024

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge