UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SATISH RAMACHANDRAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF LOS ALTOS, et al.,<br><br>  Defendants. | Case No. 18-cv-01223-VKD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM, OR AMENDMENT OF, JUDGMENT**<br><br>Re: Dkt. No. 395 |

On June 6, 2024, the Court granted a motion for judgment on the pleadings filed by defendants the City of Los Altos ("City"), Kirk Ballard, and Chris Jordan, concluding that a final judgment against plaintiff Satish Ramachandran in a state court action bars his First Amendment retaliation claim in this case under the doctrine of claim preclusion or res judicata. Dkt. No. 391. The Court subsequently entered judgment in favor of defendants. Dkt. No. 392. On July 5, 2024, Mr. Ramachandran filed a motion to alter, or obtain relief from, this judgment, under Rules 59 and 60 of the Federal Rules of Civil Procedure, as well as several requests for judicial notice.[1] Dkt. No. 395. Defendants oppose this motion. Dkt. No. 399. The Court finds this motion suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court denies Mr. Ramachandran's motion for relief from the judgment or amendment of the judgment. The Court also denies Mr. Ramachandran's requests for judicial notice.

---

[1] Mr. Ramachandran's motion, his accompanying declaration, and the exhibits attached to his declaration comprise 3,350 pages. His requests for judicial notice and errata attach more than 2,000 additional pages. Dkt. Nos. 396, 397, 398, 401.

## I. BACKGROUND

The pertinent facts of this case have been described in detail in prior orders and the Court will not recount them here. *See e.g.*, Dkt. Nos. 82, 199, 336, 391.

Mr. Ramachandran asserts three grounds for relief from, or amendment of, the judgment: First, he argues under Rule 60(b)(1) that this Court's June 6, 2024 order contains a mistake of law in its application of claim preclusion based on the state court decision in *Ramachandran v. City of Los Altos*, No. 21CV391414 (Santa Clara Super. Ct). Second, he argues under Rule 60(b)(2) that new evidence discovered after the filing of his opposition to defendants' motion for judgment on the pleadings must be considered. Third, he argues under Rules 59(e), 60(b)(3), and 60(d)(3) that defendants have engaged in fraud.[2]

## II. LEGAL STANDARD

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Such a motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). This remedy may be appropriate where "(1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016).

Similarly, under Rule 60(b), "a party [may] seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). This is an "extraordinary remedy that works against the interest of finality and should be applied only in exceptional circumstances." *Clements v. T-Mobile USA, Inc,* No. 5:22-cv-07512-EJD, 2024 WL 2060866, at *2 (N.D. Cal. May 8, 2024) (citation omitted); *see also Stevens v. ITT Sys., Inc.*, 868 F.2d 1040, 1041 n.1 (9th Cir. 1989). "Motions for relief from judgment pursuant to Federal Rule of Civil

---

[2] Mr. Ramachandran also cites Rule 59(e) for the proposition that altering or amending a judgment is appropriate when the decision was "manifestly unjust." Dkt. No. 395 at 23-24. Beyond this bare statement of the rule, he does not argue that the June 6, 2024 order was unjust.

Procedure 60(b) are committed to the sound discretion of the trial judge." *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994) (citation omitted).

Rule 60(d) provides that a court may also "set aside judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Courts should "exercise the power to vacate judgments for fraud on the court 'with restraint and discretion,' and only when the fraud is established 'by clear and convincing evidence.'" *United States v. Est. of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (internal citations omitted). Demonstrating fraud on the court under Rule 60(d) requires a party to show "an intentional, material misrepresentation" and "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167-68 (9th Cir. 2017) (internal quotations omitted). "The relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it 'harmed the integrity of the judicial process.'" *Id.* at 1168 (quoting *Est. of Stonehill*, 660 F.3d at 444).

## III. DISCUSSION

### A. Mistake

Mr. Ramachandran's principal argument is that the Court erred in applying claim preclusion because the parties in this action are not "the same" as the parties in the state court action. Dkt. No. 395 at 22. Specifically, he argues that there were two additional defendants in the state action, James and Pamela Jacobs ("the Jacobses"), and that these additional parties did not share the same duties toward Mr. Ramachandran nor were capable of inflicting the same harms upon him as the other defendants in the state court action.[3] *Id.*; Dkt. No. 400 at 7. Defendants argue that the fact that the state court action included the Jacobses in addition to defendants does not alter the claim preclusion analysis. Dkt. No. 399 at 4.

The Court agrees with defendants that no mistake has been made. As explained in the June 6, 2024 order, Kirk Ballard, Chris Jordan, and the City obtained a final judgment in their favor in the state court action after the state court granted their anti-SLAPP motion. *See* Dkt. No. 391 at 3-5. These same parties are defendants in this action, and the Court relied on the judgment in their

---

[3] Mr. Ramachandran did not make this argument in his opposition to defendants' motion for judgment on the pleadings. *See* Dkt. No. 374.

1  favor in the state court action as the basis for its determination that claim preclusion bars Mr.
2  Ramachandran's continued litigation of his retaliation claim against them in this action.  *See id.* at
3  7-11.  Mr. Ramachandran cites no authority for the proposition that the existence of additional
4  parties in the state court action prevents application of claim preclusion here, and his argument is
5  contrary to established law.  *See, e.g.,* 18A Charles Alan Wright & Arthur R. Miller, *Federal*
6  *Practice and Procedure,* Jurisdiction § 4449 (3d ed.) ("Identification of a present party as a party
7  to a prior action ordinarily makes the rules of preclusion applicable. . . .  The bare fact that other
8  parties were involved in the prior action and are not involved in the later action does not oust
9  preclusion as to parties participating in both actions.").

10  Mr. Ramachandran has not shown that the judgment should be altered, amended, or set
11  aside due to any mistake.

12  **B.   New Evidence**

13  Mr. Ramachandran's entire argument regarding purportedly new evidence consists of a
14  single sentence:  "[Paragraphs] 396-408 of Plaintiff's Declaration reveal harms, discrete and
15  insular injuries which Plaintiff continued to suffer, after the May 7, 2024 filing of Plaintiff's
16  Opposition to the Motion for Judgment on the Pleadings."  Dkt. No. 395 at 23.  The cited
17  paragraphs of Mr. Ramachandran's declaration refer to:  (1) an alleged trespass by the Jacobses onto
18  Mr. Ramachandran's property in May 2024, his subsequent efforts to obtain a restraining order against
19  them, and the opening of a criminal case against them; (2) City Attorney Jolie Houston's denial of Mr.
20  Ramachandran's FOIA request in May 2024; (3) the fact that judgment on the pleadings was entered
21  against him in this action; and (4) the Jacobses purported coordination with the City in describing Mr.
22  Ramachandran's property as having a "2-unit residence" and "detached accessory dwelling structure."
23  Dkt. No. 395-1 ¶¶ 396-408.  Defendants observe that this purported evidence has nothing to do with
24  the Court's decision on Mr. Ramachandran's First Amendment retaliation claim.  Dkt. No. 399 at 5.

25  The Court agrees with defendants that Mr. Ramachandran has utterly failed to show that
26  any of this purported new evidence bears on the issue of claim preclusion, let alone that the
27  evidence is of "such magnitude that production of it earlier would have been likely to change the
28  disposition of the case."  *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir.

4

2003).

Mr. Ramachandran has not shown that the judgment should be set aside so that newly discovered evidence may be considered.

### C. Fraud

Mr. Ramachandran appears to contend that this Court's judgment as well as the judgment of the state court were obtained by fraud committed by defendants and/or their counsel. *See* Dkt. No. 399 at 6; Dkt. No. 400 at 10-12. However, Mr. Ramachandran's arguments on this point are conclusory and at times incoherent. *See, e.g.*, Dkt. No. 395 at 24 ("This threshold [of clear and convincing evidence of fraud] has been achieved. The filing of altered, excised records, oral misrepresentations in open Court to judicial officers, including this Court [sentence incomplete]"), 25 ("City, Ballard, and Jordan represented, orally and via document filings, things which were the opposite of the truth . . . ."), 27 ("City and counsel consistently manipulated evidence, including orally, in open court, with impunity."). Defendants argue that no fraud has occurred, nor has Mr. Ramachandran identified any conduct that could remotely be considered fraud. Dkt. No. 399 at 6-7.

To the extent Mr. Ramachandran argues that the judgment in the state court action should not be given preclusive effect in this action because the state court judgment was obtained by fraud, the Court has already considered and rejected this argument. *See* Dkt. No. 391 at 11-12. Where a party merely reiterates arguments previously heard, a Rule 60(b) motion is properly denied. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001); *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995).

To the extent Mr. Ramachandran contends that the judgment in this action was obtained by fraud, he has identified no evidence—let alone "clear and convincing" evidence—of any such fraud. "[R]elief for fraud on the court is available only where the fraud was not known at the time of . . . entry of judgment." *Sierra Pac. Indus., Inc.*, 862 F.3d at 1168; *see also id.* at 1169 (under Rule 60(d), "a finding of fraud on the court is reserved for material, intentional misrepresentations that could not have been discovered earlier, *even through due diligence.*") (emphasis added). In addition, "the moving party must prove by clear and convincing evidence that the verdict was

5

1    obtained through fraud, misrepresentation, or other misconduct and the conduct complained of
2    prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*,
3    362 F.3d 1254, 1260 (9th Cir. 2004) (citation omitted).  Under Rule 60(d), "the relevant
4    misrepresentations must go 'to the central issue in the case' and must 'affect the outcome of the
5    case.'" *Sierra Pac. Indus., Inc.*, 862 F.3d at 1168 (internal citations omitted).

6    　　　While Mr. Ramachandran points to many allegedly fraudulent representations by the City,
7    most of these alleged misrepresentations pre-date defendants' motion for judgment on the
8    pleadings by many months, and thus he had ample opportunity to bring them to the Court's
9    attention in opposing defendants' motion.  *See e.g.*, Dkt. No. 395-1 ¶ 4 ("Evidence obtained in
10   *December of 2022*, *April of 2023*, *November of 2023*, *February of 2024*, and June of 2024[4] shows
11   that the parties withheld, concealed, or otherwise spoliated records of their communications and/or
12   adopted measures to leave no electronic trace of them") (emphasis added); ¶ 12 (stating "[i]t was
13   only after November 13, 2023 that [Mr. Ramachandran] first obtained the particularities of the
14   tampered spoliated records . . . ."); ¶ 107 (describing evidence of "close concert" between the City
15   and the Jacobses obtained during a 2020 deposition); Dkt. No. 400-1 ¶ 13 (reiterating that the
16   contested records were filed with the court "[o]n November, 13, 2023").  More importantly, Mr.
17   Ramachandran fails to explain how the allegedly fraudulent representations have any bearing on
18   the issue of claim preclusion.  The Court's judgment in this case was based on judicially
19   noticeable records of the state court proceedings and the application of the legal doctrine of claim
20   preclusion to his First Amendment retaliation claim.  The Court did not rely on any other matters,
21   and none of the purported misrepresentations could have affected the outcome of the decision.
22   　　　Mr. Ramachandran has not shown that the judgment should be set aside due to fraud of any
23   kind.

24   　　　**D.　　Request for Judicial Notice**
25   　　　Mr. Ramachandran filed three requests for judicial notice in in connection with his motion,
26   attaching more than 2,000 pages of exhibits.  *See* Dkt. No. 396 (469 pages of exhibits), Dkt. No.

---

[4] The relevance of the alleged June 2024 evidence is discussed *supra* section III (B).

1   398 (226 pages of exhibits), Dkt. No. 401 (1,532 pages of exhibits).  In addition, he filed 3,199
2   pages of exhibits attached to his initial declaration, *see* Dkt Nos. 395-1, 395-2, 395-3, 395-4, and
3   another 713 pages of exhibits as errata, *see* Dkt. No. 397.[5]  Of these filings, only Dkt. No. 398 and
4   Dkt. No. 401 contain actual requests for judicial notice; his first filing under the event, "Request
5   for Judicial Notice," contains only a series of exhibits and no request.  Dkt. No. 396.

6   Under Federal Rule of Evidence 201, a "court may judicially notice a fact that is not
7   subject to reasonable dispute."  Fed. R. Evid. 201(b).  "A fact is 'not subject to reasonable dispute'
8   if it is 'generally known,' or 'can be accurately and readily determined from sources whose
9   accuracy cannot reasonably be questioned.'"  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988,
10  999 (9th Cir. 2018).  Thus, "matters of public record" are appropriate for judicial notice, but
11  disputed facts contained therein are not.  *Id.*  However, where a document is "unnecessary" or
12  irrelevant to a court's decision, the court need not take judicial notice.  *See West v. City & Cnty. of*
13  *San Francisco*, No. 21-cv-02370-EMC, 2022 WL 1556415, at *3 n.1 (N.D. Cal. May 17, 2022);
14  *see also Dimercurio v. Equilon Enterprises LLC*, No. 19-cv-04029-JSC, 2020 WL 227262, at *3
15  (N.D. Cal. Jan. 15, 2020) (declining to take notice of documents that were "not relevant to the
16  instant motion"); *Synopsys, Inc. v. InnoGrit, Corp.*, No. 19-cv-02082-LHK, 2019 WL 4848387, at
17  *6 (N.D. Cal. Oct. 1, 2019) ("The Court may deny a request to take judicial notice of facts that are
18  irrelevant to the instant motion.").

---

[5] Mr. Ramachandran explains the exhibits attached to his initial declaration as follows:

> The Declaration cites exhibits from four sets: a) FRCP 26(a) trial exhibits that the parties exchanged in January of 2022 in the 18-cv-1223 action. They are marked Plaintiff's Exhibits, Defendants' Exhibits; b) the Omnibus Request for Judicial Notices ("ORJN") that City Defendants filed on January 16, 2024 per the Court's directions in the 23-cv-2928 matter; c) RJNs filed concurrently with Plaintiff's FRCP 60 motion and this declaration. They are marked "RJN". They are not included in the ORJN and FRCP 26(a) sets. d) other exhibits material to the declaration and Plaintiff's FRCP 60 motion. They are marked "Ex". They are not included in the previous sets.

Dkt. No. 395-1 at 13 n.1.  It is not clear why Mr. Ramachandran seeks judicial notice as to some exhibits and not others.

1    Mr. Ramachandran does not explain why the documents attached to his requests are
2    appropriate for judicial notice. The Court has conducted its own review and determines that most
3    of these documents are either excerpts of existing rules of ethics and procedure or are public
4    filings in a state or federal court. *See* Dkt Nos. 398, 401. Although it is unnecessary for the Court
5    to take judicial notice of applicable rules, documents that are "matters of public record," such as
6    court filings, are eligible for judicial notice. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th
7    Cir. 2012) (documents on file in federal or state courts are matters of public record). However,
8    none of these documents appear to be relevant to the issues presented in Mr. Ramachandran's
9    motion—i.e., whether there is some mistake of law, new material facts, or new evidence of fraud
10   bearing on the Court's application of claim preclusion in its prior order.

11   Thus, while these documents may be judicially noticeable, the Court does not take judicial
12   notice of documents that are irrelevant to its decision. The requests for judicial notice are denied.

### IV.   CONCLUSION

For the reasons set forth above, the Court denies Mr. Ramachandran's motion to alter, amend, or set aside the June 6, 2024 judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure. The Court also denies Mr. Ramachandran's requests for judicial notice. Dkt. Nos. 396, 398, 401. The motion hearing set for August 20, 2024 at 10:00 a.m. is hereby vacated.

**IT IS SO ORDERED.**

Dated: August 1, 2024

Virginia K. DeMarchi
United States Magistrate Judge