1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8     SATISH RAMACHANDRAN,                    Case No.  18-cv-01223-VKD

          Plaintiff,
9
                                              **ORDER RE DEFENDANTS' MOTIONS
      v.                                      FOR SANCTIONS AND ATTORNEYS'
10                                            FEES**

11    CITY OF LOS ALTOS, et al.,              Re: Dkt. No. 408, 410

          Defendants.
12

13

14           Defendants the City of Los Altos ("City"), Kirk Ballard, and Chris Jordan move for

15    sanctions and for an award of attorneys' fees under Rule 11 of the Federal Rules of Civil

16    Procedure against plaintiff Satish Ramachandran and his counsel.  Dkt. Nos. 408, 410.  Mr.

17    Ramachandran and his counsel oppose these motions.  Dkt. Nos. 412, 414.

18           For the reasons explained below, the Court denies defendants' motion for Rule 11

19    sanctions and their motion for an award of attorneys' fees.

20    **I.      BACKGROUND**

21           The pertinent facts of this case have been described in detail in prior orders and the Court

22    will not recount them here.  *See e.g.*, Dkt. Nos. 82, 199, 336, 391.

23           As relates to the present motion, on June 6, 2024, the Court granted defendants' motion for

24    judgment on the pleadings, concluding that Mr. Ramachandran's First Amendment retaliation

25    claim was barred by the doctrine of claim preclusion due to a final judgment in a similar state

26    court matter.  Dkt. No. 391.  The Court entered judgment the same day.  Dkt. No. 392.

27           On July 5, 2024, Mr. Ramachandran filed a motion to alter, or obtain relief from, the

28    judgment ("Motion to Alter Judgment") under Rules 59 and 60 of the Federal Rules of Civil

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Procedure.  Dkt. No. 395.  On July 19, 2024, defendants filed an opposition to the Motion to Alter

2    Judgment.  Dkt. No. 399.  In their opposition, defendants advised that they had served Mr.

3    Ramachandran with a motion for Rule 11 sanctions on July 18, 2024, and that they intended to file

4    the motion after expiration of the 21-day safe harbor period on August 8, 2024.  *Id.* at 1 n.2.

5    Defendants did not seek relief from the briefing schedule for Mr. Ramachandran's Motion to Alter

6    Judgment, or ask the Court to defer ruling on the motion.  Instead, they asked the Court to deny

7    the Motion to Alter Judgment "without further briefing or argument."  *Id.* at 7.

8            On July 26, 2024, Mr. Ramachandran filed a reply in support of the Motion to Alter

9    Judgment.  Dkt. No. 400.  On August 1, 2024, the Court denied the Motion to Alter Judgment

10   without a hearing.  Dkt. No. 402.  Shortly thereafter, defendants filed an administrative motion

11   seeking relief from Civil Local Rule 7-8(d) and permission to file their Rule 11 motion more than

12   14 days after entry of judgment.  Dkt. No. 403 at 2-3.  In the administrative motion, defendants

13   observed:

> The Motion for Sanctions served on Plaintiff requests that Plaintiff
> withdraw his Motion to Alter. If Plaintiff withdraws his Motion to
> Alter (and he still can do that), Defendants will not be able to file
> their Motion for Sanctions under Rule 11. However, Plaintiff
> recently filed a reply brief to his Motion and it appears unlikely that
> he will withdraw the Motion. Even if he does withdraw the Motion,
> the Court granting this request for leave will not allow Defendants to
> circumvent the 21-day safe harbor period in Rule 11.

19   Dkt. No. 403 at 3 n.2.  Mr. Ramachandran filed no opposition to defendants' administrative

20   motion, and on August 6, 2024, the Court granted the motion as unopposed.  Dkt. No. 404.

21           Defendants filed a motion for Rule 11 sanctions and a separate motion for an award of

22   attorneys' fees on August 16, 2024.  Dkt. Nos. 408, 410.  Following briefing, the Court heard oral

23   argument on both motions on October 1, 2024.  Dkt. No. 418.  Mr. Ramachandran and his counsel

24   opposed the Rule 11 motion, arguing that Mr. Ramachandran's Motion to Alter Judgment was

25   brought in good faith and was neither frivolous nor harassing.  *Id.*  They objected to defendants'

26   request for attorneys' fees, but did not contest the amount of attorneys' fees sought nor any other

27   aspect of defendants' motions.  *Id.*

28

1    **II.    LEGAL STANDARD**

2        Rule 11 governs the filings of pleadings, motions, and other papers with the Court.  Rule

3    11(b) requires that an attorney who presents a pleading, motion or other paper certify that to the

4    best of that attorney's knowledge, information, and belief, formed after a reasonable inquiry:

5            (1) it is not being presented for any improper purpose, such as to
                 harass or to cause unnecessary delay or needless increase in the
6                cost of litigation;

7            (2) the claims, defenses, and other legal contentions therein are
                 warranted by existing law or by a nonfrivolous argument for the
8                extension, modification, or reversal of existing law or the
9                establishment of new law[.]

10   Fed. R. Civ. P. 11(b).  Rule 11(c) permits a court to sanction a party and/or its attorney, "[i]f, after

11   notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been

12   violated."  Fed. R. Civ. P. 11(c)(1).  "A sanction imposed under this rule must be limited to what

13   suffices to deter repetition of the conduct or comparable conduct by others similarly situated."

14   Fed. R. Civ. P. 11(c)(4).  If sanctions are imposed based on a motion and are "warranted for

15   effective deterrence," a court may order the payment to the moving party of "part or all of the

16   reasonable attorney's fees and other expenses directly resulting from the violation," in addition to

17   other monetary or nonmonetary remedies.  *Id.*

18       "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."

19   *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).  It "is not

20   intended to permit sanctions simply because the court decides that the lawyer made the wrong

21   decision."  *Khan v. Park Capital Sec., LLC*, No. 03-cv-00574 RS, 2004 WL 1753385, at *6 (N.D.

22   Cal. Aug. 5, 2004) (citing *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536

23   (9th Cir. 1986)).  Rather, sanctions are reserved for "the rare and exceptional case where the action

24   is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper

25   purpose."  *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344.

26   **III.    DISCUSSION**

27       **A.    Motion for Rule 11 Sanctions**

28       Defendants argue that Rule 11 sanctions are warranted because the Motion to Alter

United States District Court
Northern District of California

1    Judgment filed by Mr. Ramachandran was (1) "legally frivolous" and (2) only filed for the

2    purposes of harassment and increasing legal fees.  Dkt. No. 408 at 2.  They maintain that

3    attorneys' fees are the only appropriate sanction for deterrence of future behavior of this type,

4    arguing that a recent fine imposed against Mr. Ramachandran by Judge van Keulen in a separate

5    matter for similar conduct has had no impact.[1]  *Id.* at 2-3.  Mr. Ramachandran counters that the

6    Motion to Alter Judgment was neither frivolous nor harassing but necessary to correct mistakes of

7    counsel and to bring the Court's attention to so-called "fraud on the court."  Dkt. No. 412 at 5-6.

8         The Court agrees with defendants that Mr. Ramachandran's Motion to Alter Judgment was

9    frivolous and was filed for an improper purpose.  As explained in the Court's order denying the

10   Motion to Alter Judgment, Mr. Ramachandran's motion relied on meritless arguments that were

11   "contrary to established law," invoked "new" facts whose relevance he "utterly failed to show,"

12   and repeated arguments previously rejected by the Court.  Dkt. No. 402 at 4-5.  His motion was

13   accompanied by thousands of pages of irrelevant exhibits, imposing an unnecessary burden of

14   review on both the Court and opposing counsel.  *Id.* at 6-7.

15        However, the Court finds that Rule 11 sanctions are not available here because the

16   procedural requirements of Rule 11 have not been met.  *Cooter & Gell v. Hartmarx Corp.*, 496

17   U.S. 384, 393 (1990), *partially superseded by statute as stated in de la Fuente v. DCI*

18   *Telecommunications, Inc*., 259 F. Supp. 2d 250, 257 (S.D.N.Y. 2003).  Sanctions authorized by

19   Rule 11 are intended "to deter baseless filings in district court and thus . . . streamline the

20   administration and procedure of the federal courts."  *Id.*  They are not intended as a vehicle for

21   compensation of the other party nor as a form of retroactive punishment.  *See* Fed. R. Civ. P. 11(b)

22   and (c) advisory committee's note to 1993 amendment.  As part of achieving the goal of

23   deterrence, Rule 11 requires the moving party to *serve* the proposed motion for sanctions on the

24   opposing party at least 21 days before *filing* the motion with the court.  Fed. R. Civ. P. 11(c)(2).

25

26   _____

[1] On July 9, 2024, Judge van Keulen granted a motion for Rule 11 sanctions finding Mr.
27   Ramachandran's pleadings in a separate action were frivolous and harassing.  *See Ramachandran*
     *v. City of Los Altos*, No. 23-cv-02928-SVK, Dkt. No. 104 at 12.  Judge van Keulen imposed a fine
28   of $10,000, payable to the court.  *Id.* at 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Within this "safe harbor" period, if a party withdraws or corrects the "offending paper," the

2    motion for sanctions cannot be filed with the court.  *Id.*  The 21-day period is mandatory.

3    *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1152 (9th Cir. 2002); *Barber v.*

4    *Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("An award of sanctions cannot be upheld" if the

5    opposing party "was not given the opportunity to respond to [the sanctions] motion by

6    withdrawing his claim."); *Bridgewater v. Hayes Valley Ltd. P'ship*, No. 10-cv-05436 SBA, 2012

7    WL 2426325, at *2 (N.D. Cal. June 26, 2012) ("Within the Ninth Circuit, the safe harbor

8    provision is strictly enforced.").

9         Here, defendants served their Rule 11 motion on Mr. Ramachandran on July 18, 2024,

10   challenging the Motion to Alter Judgment.  After receiving this motion, Mr. Ramachandran did

11   not withdraw his Motion to Alter Judgment and, indeed, filed a reply in support of it.  Dkt. No.

12   400.  On August 1, 2024—14 days after service of the Rule 11 motion and before expiration of the

13   21-day safe harbor period—the Court issued its order denying the Motion to Alter Judgment.  Dkt.

14   No. 402.  Although defendants complied with the 21-day safe harbor period by waiting until

15   August 16, 2024—29 days after service—before filing their Rule 11 motion, as a practical matter,

16   the Court's earlier order eliminated Mr. Ramachandran's opportunity to withdraw or correct the

17   challenged motion before the end of the 21-day safe harbor period.  Consistent with the language

18   of the Rule, its purpose, and the guidance provided by the Advisory Committee, the Court

19   concludes that defendants' motion cannot be granted in these circumstances.  *See Caruso v.*

20   *Solorio*, No. 15-cv-0780-AWI-EPG, 2022 WL 1639951, at *6 (E.D. Cal. May 24, 2022), *report*

21   *and recommendation adopted*, No. 15-cv-00780-AWI-EPG (PC), 2022 WL 2672300 (E.D. Cal.

22   July 11, 2022) ("The Court's denial of Plaintiff's motion for reconsideration effectively cut-off the

23   safe harbor period because Plaintiff's counsel could not 'withdraw or appropriately correct' the

24   motion once it was denied."); *Hamilton v. Yavapai Cmty. Coll. Dist.*, No. 12-cv-08193-PCT-GMS,

25   2018 WL 6696906, at *2 (D. Ariz. Dec. 20, 2018) ("[T]he Court finds that Rule 11 does not allow

26   for sanctions in this context, where a court has resolved the underlying motion before a party has

27   had the benefit of the full 21-day safe harbor."); *see also* Wright & Miller, Procedural Aspects of

28   Rule 11 Motions—The Safe Harbor Provision, 5A Fed. Prac. & Proc. Civ. § 1337.2 (4th ed.)

United States District Court
Northern District of California

1   ("Even if a motion for Rule 11 sanctions is served before the disposition of the claim, the motion

2   will be rejected if the court disposes of the offending contention before twenty-one days have

3   passed since the time the papers invoking the sanction provision were served, because the party

4   has not been afforded the full twenty-one days to withdraw the challenged document."); *Huggins*

5   *v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1346 (11th Cir. 2022) ("[I]f the court eliminates

6   the opportunity to withdraw or correct the challenged filing by ruling on it before the safe harbor

7   period expires . . . the sanctions motion cannot be filed."); *see also Retail Flooring Dealers of*

8   *Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 n.8 (9th Cir. 2003) ("Even though Retail

9   Flooring's complaint was dismissed without prejudice, arguably giving Retail Flooring an

10   opportunity to correct or withdraw its complaint, leave to amend was granted for only 10 days and

11   Beaulieu served its motion for sanctions after the 10 day period had elapsed. Retail Flooring did

12   not have a chance to correct or withdraw its complaint, for Rule 11's safe harbor purposes, once

13   the 10 day period elapsed.").[2]

14       The Ninth Circuit's decision in *Truesdell* does not permit or support a contrary conclusion.

15   In that case, the defendant served a Rule 11 motion challenging the plaintiff's complaint, but

16   before the 21-day safe harbor period expired, the district court dismissed the complaint with leave

17   to amend. *Truesdell*, 293 F.3d at 1151.  The defendant filed its Rule 11 motion 27 days after

18   service and while the plaintiff still had an opportunity to amend her complaint.  *Id.* The plaintiff

19   did not amend, and the district court ultimately dismissed her complaint with prejudice.  *Id.*  In

20   considering whether the district court abused its discretion in granting the defendant's motion for

21   Rule 11 sanctions, the Ninth Circuit found no violation of the mandatory safe harbor period:

22
23           Both technically and practically, Plaintiff's counsel had the full 21–
             day period that the Rule and our precedents require.  As a technical
24           matter, the moving party complied with the Rule's 21–day provision
             by waiting 27 days to file its motion.  As a practical matter,
25           Plaintiff's counsel had the full safe-harbor period in which to
             withdraw the complaint because the district court's decision on the
26

27   _____

     [2] Mr. Ramachandran did not raise this objection to defendants' motion.  However, as the rule is
28   mandatory, the Court independently considers whether defendants' request for Rule 11 sanctions
     complies with the requirements of the Rule. *See Hohu v. Hatch*, 940 F. Supp. 2d 1161, 1177 n.7
     (N.D. Cal. 2013).

United States District Court
Northern District of California

20th day dismissed the complaint *with leave to amend.*

\*\*\*

In other words, even after the district court's decision, the safe-harbor period was still running. Plaintiff's counsel had more than the full 21–day opportunity that Rule 11 affords him to withdraw, amend, or disclaim the filing. For example, counsel could have amended the complaint to cure the Rule 11 defects. . . . Counsel could have affirmatively withdrawn the complaint or formally disclaimed any intention of filing an amended complaint, while making clear that he was taking advantage of the safe-harbor period. The mandatory safe-harbor period still was available. Counsel simply elected not to take advantage of it.

*Id*. at 1152-53 (citations omitted). These circumstances distinguish defendants' Rule 11 motion from the motion at issue in *Truesdell*.

It makes no difference that defendants obtained leave to file their Rule 11 motion. Dkt. No. 403. Defendants' administrative motion for leave sought relief from Civil Local Rule 7-8(d) which requires: "[u]nless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court." *Id.* at 2-3. The administrative motion did not address the Court's decision on Mr. Ramachandran's Motion to Alter Judgment or the impact of that order on the safe harbor period. Likewise, the Court's order granting defendants' administrative motion as unopposed did not relieve defendants of the procedural requirements of Rule 11, including the mandatory 21-day safe harbor period.

In sum, the effect of the Court's August 1, 2024 order denying Mr. Ramachandran's Motion to Alter Judgment was to cut short the safe harbor period in which Mr. Ramachandran could have withdrawn or corrected his motion in order to avoid sanctions. While there is no indication that Mr. Ramachandran had any intention of withdrawing that motion during the time remaining in the safe harbor period, the Court nevertheless lacks authority to grant defendants' motion for Rule 11 sanctions in these circumstances. The motion for sanctions is denied.

**B.    Motion for Attorneys' Fees**

Given the procedural bar to the award of sanctions, the Court also denies defendants' motion for an award of attorneys' fees. The Court notes, however, that Mr. Ramachandran offered no challenge the amount of attorneys' fees requested, $36,270. He also did not dispute that

1    attorneys' fees would be an appropriate form of sanction.

2    **IV.    CONCLUSION**

3            For the reasons explained above, the Court denies defendants' motion for sanctions and

4    motion for an award of attorneys' fees.

5            **IT IS SO ORDERED.**

6    Dated: January 3, 2025

7

8                                                          Virginia K. DeMarchi
9                                                          United States Magistrate Judge

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28